# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12153 (KBO) |
| In re:<br><br>BD BAYOU STEEL INVESTMENT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12154 (KBO) |
| In re:<br><br>BD LAPLACE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12155 (KBO) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (the "**Debtors**")[1] hereby move (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Order**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"); Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), directing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only. In support of the Motion, the Debtors rely upon the *Declaration of Alton Davis, President and Chief Operating Officer of Bayou Steel BD Holdings, L.L.C., in Support of Chapter 11*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

70560509.5

*Petitions and First Day Motions*, filed contemporaneously herewith (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Debtors consent to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

4. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

**RELIEF REQUESTED**

5.      By this Motion, the Debtors seek entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only. Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect most, if not all, of the Debtors jointly. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases for procedural purposes only.

6.      The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for all of these Chapter 11 Cases under the case of Bayou Steel BD Holdings, LLC. In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each Chapter 11 Case (except that of Bayou Steel BD Holdings, L.L.C.) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Bayou Steel BD Holdings, L.L.C., and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Bayou Steel BD Holdings, L.L.C., Case No. 19-12153 (KBO), should be consulted for all matters affecting this case."

7.      The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |

3

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana, 70068.

## BASIS FOR RELIEF

8. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Local Rule 1015-1 further provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in [the] Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Each Debtor is a wholly-owned or majority-owned direct or indirect subsidiary of Bayou Steel BD Holdings, L.L.C. The Debtors, therefore, are "affiliates" within the meaning of Bankruptcy Code section 101(2) and, accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

9. Joint administration of these Chapter 11 Cases will ease the administrative burden on this Court and all parties in interest. Joint administration of these Chapter 11 Cases will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

10. Courts in this district routinely order joint administration of related chapter 11 cases for procedural purposes. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

## NOTICE

11. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (c) counsel to Bank of America, N.A., Vinson & Elkins LLP,

2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander and Bradley R. Foxman, and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins; (d) counsel to Black Diamond Commercial Finance, LLC; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

12.     No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) directing the joint administration of these Chapter 11 Cases and consolidating them for procedural purposes only pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1; and (ii) granting such other and further relief as the Court deems appropriate.

Dated:  October 1, 2019
        Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Stephen J. Astringer (Del. Bar No. 6375)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
sastringer@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

5

70560509.5