IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

**BAYOU STEEL BD HOLDINGS, L.L.C.,** *et al.*,

Debtors.

Chapter 11
Case No. 19-12153 (KBO)
(Jointly Administered)

**MOTION TO SHORTEN NOTICE REGARDING THE
MOTION OF WARN ACT CLAIMANTS TO TRANSFER VENUE OF THREE
AFFILIATED CHAPTER 11 BANKRUPTCY CASES TO THE UNITED STATES
BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

By this Motion, Troy Fleming, Jarrod Nabor, and Davarian Ursin (collectively, "WARN Act Claimants" or "Movants"), hereby submit this motion ("Motion") seeking the entry of an order, pursuant to Sections 102 and 105 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended the "Bankruptcy Code"), Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order substantially in the form attached hereto as Exhibit A, shortening the notice and objection periods for the Motion of WARN Act Claimants to Transfer Venue of Three Affiliated Chapter 11 Bankruptcy Cases to the United States Bankruptcy Court for the Eastern District of Louisiana filed contemporaneously herewith (the "Venue Transfer Motion"). In support of this Motion, the Movants aver as follows:

**JURISDICTION AND LEGAL PREDICATES**

1.  The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Amended

1

Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.	Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.[1]

3.	Pursuant to Local Rule 9013(f), Movants consent to entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.	The statutory and legal predicates for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006(c), and Local Rule 9006-1(e).

## BACKGROUND

5.	The relevant factual background and procedural background are set forth in the Venue Transfer Motion.[2]  The facts contained in the Venue Transfer Motion are incorporated by reference as if set forth herein.

## RELIEF REQUESTED

6.	By this Motion, the Movants respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing Movants to give notice of the Venue Transfer Motion on shortened notice and limiting notice, and scheduling a hearing on the Motion for the next available time on the Court's calendar, prior to the scheduled hearing on November 5, 2019.

---

[1] Movants maintain that venue would also be proper in, and that venue should be transferred to, the United States Bankruptcy Court for the Eastern District of Louisiana because the violations alleged by Movants occurred in that district, and Debtors transact business in that district.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Venue Transfer Motion.

## BASIS FOR THE RELIEF REQUESTED

7. Section 105(a) of the Bankruptcy Code permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code 11 U.S.C. $ 105(a).

8. Pursuant to Bankruptcy Rule 101a(a)(1):

If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 101a(a)(1).

9. Pursuant to Bankruptcy Rule 9006, the Court may shorten the notice periods set forth in the Bankruptcy Rules "for cause shown." Fed. R. Bankr. P. 9006. Local Rule 9006-1(e) similarly provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-l(e).

10. Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."

11. Further, Local Rule 9006-1(e) provides that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

1479101v.1

12. Good cause exists to hear this venue transfer motion on shortened notice because transfer would minimize the costs and expenses of administration of this case in a district over 1,200 miles away from the Debtors and their creditors' locations.

13. Additionally, Movants should be given the opportunity to have the Transfer Venue Motion heard prior to the next scheduled hearing on November 5, 2019, as many costs and expenses will be incurred prior to that time.

14. Movants have prepared and filed their Motion as quickly as possible. Movants respectfully submit that little or no prejudice will arise from granting this Motion to shorten notice. Movants submit that interested parties are not prejudiced by scheduling on the earliest available date.

15. For the reasons set forth in this Motion, the Movants believe there are exigencies justifying a shortened notice for the Venue Transfer Motion.

## **NOTICE**

16. Notice of this Motion is being given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties included on Debtors' consolidated list of thirty (30) largest unsecured creditors; (c) counsel to the Bank of America, N.A., Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander and Bradley R. Foxman, and Richards Layton & Finger, P.A., One Rodney Square, 920 King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins; (d) counsel to Black Diamond Commercial Finance, LLC, Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, Delaware 19899-2323, Attn: Seth A. Niederman and Winston & Strawn LLP, 35 West Wacker Drive, Chicago, IL 60601, Attn: Daniel J. McGuire; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) all parties entitled to notice pursuant

to Local Rule 9013-(m).  The Movants submit that, under the circumstances, no other or further notice is required.

## **CONCLUSION**

**WHEREFORE**, the Movants respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A (i) granting the relief requested herein; (ii) shortening the notice and objection periods for the Venue Transfer Motion, and allowing the Venue Transfer Motion to be presented and considered at a hearing before this Court prior to the scheduled hearing on November 5, 2019; and (ii) granting such other and further relief that is just and equitable.

Dated: October 10, 2019

Respectfully submitted,

By:  */s/ James G. McMillan, III*
James G. McMillan, III (Bar No. 3979)
HALLORAN FARKAS + KITTILA LLP
5803 Kennett Pike, Suite C
Wilmington, Delaware 19807
Telephone: (302) 257-2103
Facsimile: (302) 257-2019
jm@hfk.law

Brent B. Barriere (La. Bar. No. 2848)
    *pro hac vice*
Jason W. Burge (La. Bar No. 30420)
    *pro hac vice*
Kathryn J. Johnson (La. Bar No. 36513)
    *pro hac vice*
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-2520
bbarriere@fishmanhaygood.com
jburge@fishmanhaygood.com
kjohnson@fishmanhaygood.com

1479101v.1

Hugh P. Lambert, T.A. (La. Bar No. 7933)
   *pro hac vice*
Cayce C. Peterson, Esq. (La. Bar No. 32217)
   *pro hac vice*
THE LAMBERT FIRM, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@thelambertfirm.com
cpeterson@thelambertfirm.com

Randal L. Gaines, Esq. (La. Bar No. 17576)
   *pro hac vice pending*
7 Turnberry Drive
LaPlace, Louisiana 70068
Telephone: (225) 647-3383
Facsimile: (985) 652-3299
attyrandal@gmail.com

*Attorneys for Movants*