**<u>Exhibit A</u>**

Proposed Bid Procedures Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. _____** |

**ORDER (I) APPROVING BID PROCEDURES IN CONNECTION WITH THE POTENTIAL SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) SCHEDULING AN AUCTION AND A SALE HEARING, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) AUTHORIZING THE DEBTORS TO ENTER INTO A STALKING HORSE AGREEMENT, (V) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing and approving the Bid Procedures attached hereto as <u>Exhibit 1</u> (the "**Bid Procedures**") in connection with the sale (the "**Sale**") of substantially all of the Debtors' assets (the "**Assets**"), (ii) scheduling an auction and hearing to consider the Sale of the Assets, (iii) approving the form and manner of notice thereof, (iv) authorizing the Debtors to enter into a Stalking Horse Agreement (as defined below), (v) approving procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale (collectively, the "**Contracts**"), and (vi) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

[2]  Capitalized terms used as defined terms herein but not otherwise defined shall have the meanings ascribed to them in the Motion or the Bid Procedures, as applicable. In the event there is a conflict between this Order and the Motion, this Order shall control and govern.

this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor,

**THE COURT FINDS THAT**

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

C.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors have confirmed their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by this Court in connection with the Motion, to the extent it is later determined this Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

D.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The bases for the relief requested in the Motion are sections 105, 363, 365, 503, and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rules 2002-1, 6004-1, and 9013-1(m).

F.      Notice of the Motion has been given to: (a) the U.S. Trustee; (b) counsel to the Prepetition Agent; (c) counsel to the Subordinated Term Loan Agent; (d) counsel to the Committee; (e) counsel to the Stalking Horse Bidder, if any; (f) all other parties who have expressed a written interest in the Assets; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; (i) all state and local taxing authorities with an interest in the Assets; (j) the Attorney General for the State of Delaware; (k) the Securities and Exchange Commission; (l) all other governmental agencies with an interest in the Sale and transactions proposed thereunder; (m) all parties known or reasonably believed to have asserted an Interest in the Assets; (n) the Contract Counterparties; (o) the Debtors' insurance carriers; (p) all parties entitled to notice pursuant to Local Rule 9013-1(m); and (r) any party that has requested notice pursuant to Bankruptcy Rule 2002.

G.      Good and sufficient notice of the Motion, including the relief sought therein, and the Hearing was sufficient under the circumstances, and such notice complied with all applicable requirements under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice need be provided. A reasonable opportunity to object or be heard regarding the relief provided in this Order has been afforded to all parties in interest.

H.      The Debtors have articulated good and sufficient reasons for this Court to (i) approve the Bid Procedures, (ii) schedule the bid deadlines and the Auction and the Sale Hearing, (iii) approve the form and manner of notice of the Auction and Sale Hearing, (iv)

approve procedures for the assumption and assignment of the Contracts, including notice of the proposed cure amounts, (v) authorize the Debtors to enter into a Stalking Horse Agreement, in the exercise of their reasonable business judgment. The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

I.      The Bid Procedures attached hereto as <u>Exhibit 1</u> are reasonable, appropriate and represent the best method for maximizing value for the benefit of the Debtors, their estates, and their creditors. The Bid Procedures were negotiated at arm's length, in good faith, and without collusion. The Bid Procedures balance the Debtors' interests in emerging expeditiously from the Chapter 11 Cases while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtors, their estates, their creditors, and other parties in interest. The Bid Procedures comply with the requirements of Local Rule 6004-1(c).

J.      The Debtors have demonstrated compelling and sound business justifications for authorization to enter into a Stalking Horse Agreement.

K.      The notice, substantially in the form attached hereto as <u>Exhibit 2</u>, provided by the Debtors regarding the Sale of the Assets by Auction and Sale Hearing (the "**Sale Notice**"), is reasonably calculated to provide interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time, and place of the Auction (if one is held), (ii) the Bid Procedures and certain dates and deadlines related thereto, (iii) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing, (iv) reasonably specific identification of the assets for sale, (v) instructions for promptly obtaining a copy of the Stalking Horse Agreement, if any, (vi) a description of the Sale as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching with the same validity and priority to the sale

4

proceeds, and (vii) notice of the proposed assumption and assignment of Contracts to the Successful Bidder (as defined in the Bid Procedures) and the right, procedures, and deadlines for objecting thereto. No other or further notice of the Sale shall be required.

L.      The Motion, this Order, and the Assignment Procedures (as defined below) set forth herein are appropriate and reasonably calculated to provide counterparties to any Contracts to be assumed by the Debtors and assigned to the Successful Bidder with proper notice of the intended assumption and assignment of their Contracts, the procedures in connection therewith, and any cure amounts relating thereto.

M.      Neither the filing of the Motion, entry of this Order, the solicitation of bids or the conducting of the Auction in accordance with the Bid Procedures nor any other actions taken by the Debtors in accordance therewith shall constitute a sale of the Acquired Assets, which sale will only take place, if at all, following the Sale Hearing.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      All objections, statements, and reservations of rights with respect to the relief requested in the Motion with respect to the Bid Procedures that have not been withdrawn, waived, or settled, as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled and denied on the merits with prejudice.

**I.      The Bid Procedures**

3.      The Bid Procedures, attached hereto as <u>Exhibit 1</u>, are hereby approved in their entirety and fully incorporated into this Order. The Bid Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale and any party desiring to submit a higher or better offer for the Assets must comply with the terms of the Bid Procedures and this

Order. The Bid Procedures shall also govern the terms on which the Debtors will proceed with the Auction and/or Sale.

4.       The following dates and deadlines regarding competitive bidding are hereby established (subject to modification in accordance with the Bid Procedures):

     a.       **November 13, 2019 at 4:00 p.m.:** Debtors to send Cure and Possible Assumption and Assignment Notices to All Contract Counterparties and Notice of the Sale

     b.       **November 27, 2019 at 4:00 p.m.:** Cure Objection Deadline

     c.       **December 4, 2019 at 4:00 p.m.:** Deadline to submit Bid to be considered for the Auction

     d.       **December 10, 2019 at 10:00 a.m.:** Proposed date of Auction

     e.       **December 10, 2019 at 4:00 p.m.:** Debtors to file notice of Successful Bidder and Contract Assignment Notices

     f.       **December 5, 2019 at 4:00 p.m.:** Deadline to file and serve objections to relief requested at Sale Hearing (except for any objection that arises at the Auction)

     g.       **December 11, 2019 at _____ a.m./p.m.:** Proposed date of Sale Hearing

## II.    <u>Entry into Stalking Horse Agreement</u>

5.       In the event that the Debtors enter into a Stalking Horse Agreement on or prior to November 22, 2019 (the "**Stalking Horse Deadline**") the Debtors shall file with the Court and serve on Motion Notice Parties a Stalking Horse Notice.  If the Stalking Horse Agreement satisfies the following conditions, (a) the Break-Up Fee does not exceed three percent (3%) of the aggregate cash purchase price; (b) the Expense Reimbursement does not exceed $250,000; and (c) the Consultation Parties have provided their affirmative consent to the stalking horse designation, the Debtors may submit an order under certification of counsel approving the designation of the Stalking Horse Purchaser and Stalking Horse Agreement as a stalking horse without the need for further hearing, which order shall include findings consistent with those

6

originally proposed in the form of order annexed to the Motion.  If the Stalking Horse Agreement does not satisfy each of the conditions (a) through (c) in the prior sentence, the Court shall hold a hearing to consider approval of the designation of the Stalking Horse Purchaser and Stalking Horse Agreement as a stalking horse to be held on, or as soon as the Court is available after, November 22, 2019 with objections due at 4:00 p.m. the day prior to such hearing.

## III.    The Auction

6.      As further described in the Bid Procedures, if a Qualified Bid, is received by the Bid Deadline, the Debtors will conduct the Auction at **10:00 a.m. (prevailing Eastern Time) on December 10, 2019**, at the offices of the Debtors' counsel, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, or such later time on such day or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids, if a Qualified Bid is timely received. The Debtors are authorized, subject to the terms of this Order and the Bid Procedures, to take actions reasonably necessary to conduct and implement the Auction.

7.      If the Debtors do not receive a Qualified Bid (other than a Stalking Horse Agreement): (a) the Debtors may cancel the Auction, (b) a Stalking Horse Agreement may be deemed by the Debtors to be the Successful Bid for the Acquired Assets, and (c) the Debtors shall be authorized to seek approval of the Stalking Horse Agreement as the Successful Bid at the Sale Hearing.

8.      Only Qualified Bidders will be entitled to make any Bids at the Auction.

9.      The Debtors and their professionals shall direct and preside over the Auction and the Auction shall be transcribed or videotaped.

10.     Each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands, and accepts the Bid Procedures, and (c) has consented to the core

jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale, or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

11.     To the fullest extent permissible under Bankruptcy Code section 363(k), the Prepetition Lenders and Subordinated Term Loan Lenders may credit bid (a "**Credit Bid**"), as a Qualified Bid or subsequent Bid, in their sole and absolute discretion, any portion and up to the entire amount of obligations owing under the Prepetition Claim Documents and the Prepetition Term Loan Documents (as defined in the Interim Cash Collateral Order), in the full amount of such obligations outstanding as of the date of the Auction on the Assets constituting Collateral (as defined in the Interim Cash Collateral Order). In the event the amount of the Credit Bid exceeds the total amount of the highest bids for the Assets subject to the Credit Bid, such Credit Bid will be deemed the highest and best bid and such Credit Bid will be accepted by the Debtors and be presented for approval to the Court.

12.     In the event of a competing Qualified Bid, all Qualified Bidders will be entitled, but not obligated, to submit Overbids.

13.     The Debtors may (i) determine, in consultation with the Committee, which Qualified Bid or combination of Qualified Bids is the highest or otherwise best offer; (ii) reject at any time before the entry of the Sale Order any Bid that, in the discretion of the Debtors, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Bid Procedures, or (c) contrary to the best interest of the Debtors, their estates, their creditors, interest holders, or other parties in interest; and (iii) at or before the conclusion of the Auction may impose such other terms and conditions upon

70690192.5

Qualified Bidders as the Debtors determine, in consultation with the Committee, to be in the best interest of the Debtors' estates.

14.     No person or entity, other than a Stalking Horse Bidder, shall be entitled to any expense reimbursement, breakup fee, topping or termination fee, or other similar fee or payment, and, by submitting a Bid, such person or entity is deemed to have waived its right to request or file with this Court any request for expense reimbursement or any other fee of any nature in connection with the Auction and the Sale, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

**IV.     Assumption and Assignment Notices & Procedures**

15.     The procedures set forth below regarding the assumption and assignment of the executory contracts proposed to be assumed by the Debtors pursuant to Bankruptcy Code section 365(b) and assigned to the Stalking Horse Bidder (or other Successful Bidder, if any) pursuant to Bankruptcy Code section 365(f)  in connection with the Sale (the "**Assignment Procedures**") are hereby approved to the extent set forth herein. These Assignment Procedures shall govern the assumption and assignment of all of the Contracts to be assumed and assigned in connection with the Sale, subject to the payments necessary to cure any defaults arising under any such Contracts.

16.     On or prior to **November 13, 2019**, the Debtors shall serve via overnight delivery on all non-Debtor counterparties (each a "**Contract Counterparty**" and, collectively, the "**Contract Counterparties**") to any Contract (the "**Cure and Possible Assumption and Assignment Notice Parties**") that may be assumed by the Debtors and assigned to a Stalking Horse Bidder or other Successful Bidder after the results of the Auction, which notice shall be substantially in the form attached hereto as Exhibit 3 (a "**Cure and Possible Assumption and Assignment Notice**"). The Cure and Possible Assumption and Assignment Notice shall inform each recipient of the timing and procedures relating to such assumption and assignment, and, to

9

the extent applicable, (i) the title of the executory contract or unexpired lease, as applicable, (ii) the name of the counterparty to the executory contract or unexpired lease, as applicable, (iii) the Debtors' good faith estimate of the cure amount (if any) required in connection with the executory contract or unexpired lease, as applicable, (iv) the identity of the Successor Bidder (as assignee, if applicable), and (v) the Contract Objection Deadline (as defined below). The presence of a Contract on the Cure and Possible Assumption and Assignment Notice does not constitute an admission that such Contract is an executory contract or unexpired lease, and the presence of a Contract on any notice shall not prevent the Debtors from subsequently withdrawing such request for assumption or rejecting such Contract any time before such Contract is actually assumed and assigned pursuant to the Sale Order.

17.    No later than **November 22, 2019**, the Debtors shall file with the Court and serve on the Cure and Possible Assumption and Assignment Notice Parties who are parties to a Contract to be assumed and assigned a further notice substantially in the form attached hereto as Exhibit 4 (the "**Assumption Notice**"), stating which Contracts may be assumed and assigned, including cure amounts, and providing such parties with the Successful Bidder's assurance of future performance.

18.    Although the Debtors intend to make a good faith effort to identify all Contracts that may be assumed and assigned in connection with a Sale, the Debtors may discover certain executory contracts and unexpired leases inadvertently omitted from the list of Contracts, or Successful Bidders may identity other executory contracts and/or unexpired leases that they desire to assume and assign in connection with the Sale. Accordingly, the Debtors reserve the right, but only in accordance with the Stalking Horse Agreement, or as otherwise agreed to by the Debtors and the Successful Bidder, at any time after the service of the Assumption Notice

and before the closing of a Sale, to (i) supplement the list of Contracts with previously omitted executory contracts, (ii) remove Contracts from the list of executory contracts and unexpired leases ultimately selected as Contracts that a Successful Bidder proposes to be assumed and assigned to it in connection with a Sale, and/or (iii) modify the previously stated cure amount associated with any Contract. In the event the Debtors exercise any of these reserved rights, the Debtors will promptly serve a supplemental notice of contract assumption (a "**Supplemental Assumption Notice**") on each of the counterparties to such Contracts and their counsel of record, if any; *provided*, *however*, the Debtors may not add an executory contract to the list of Contracts that has been previously rejected by the Debtors by order of the Court. Each Supplemental Assumption Notice will include the same information with respect to listed Contracts as was included in the Cure and Possible Assumption and Assignment Notice.

19.     Objections, if any, to the cure amount set forth on the Cure and Possible Assumption and Assignment Notice or the possible assignment of its executory contract or unexpired lease (each, a "**Contract Objection**") **<u>must</u>** (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed cure amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served on the following parties so as to be actually received on or before **November 27, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Contract Objection Deadline")**: (a) counsel for the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com) and Shanti Katona (skatona@polsinelli.com); (b) counsel to the Prepetition Agent, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900,

Dallas, Texas 75201-2975, Attn: William L. Wallander (bwallander@velaw.com) and Bradley R. Foxman (bfoxman@velaw.com), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (Collins@rlf.com); (c) counsel to Black Diamond Commercial Finance, LLC, Winston & Strawn LLP, 35 Wacker Dr., Chicago, Illinois 60601, Attn: Dan McGuire (dmcguire@winston.com) and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 300, Wilmington, Delaware 19899-2323, Attn: Seth Niederman (sniederman@foxrothschild.com); (d) counsel to the Official Committee of Unsecured Creditors for these the Chapter 11 Cases, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adam (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: G. David Dean (ddean@coleschotz.com) and Patrick J. Reilley (preilley@coleschotz.com); and (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey (linda.casey@usdoj.gov). If a Successful Bidder that is not a Stalking Horse Bidder prevails at the Auction, then the deadline to object to assumption and assignment solely with respect to the adequate assurance of future performance shall be extended to the date that is two (2) business days after the conclusion of the Auction, but any such objection must be received before the start of the Sale Hearing, *provided*, *however*, that the deadline to object to the proposed cure amount shall not be so extended.

20.     If a Contract Counterparty does not timely file and serve a Contract Objection, that party will be forever barred from objecting to (i) the Debtors' proposed cure amount, (ii) the assumption and assignment of that party's executory contract or unexpired lease (including the adequate assurance of future performance), (iii) the related relief requested in the Motion, and

(iv) the Sale. Such party shall be forever barred and estopped from objecting to the cure amount, the assumption and assignment of that party's executory contract or unexpired lease (including the adequate assurance of future performance), the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, a Stalking Horse Bidder or the Successful Bidder, as applicable, for purposes of Bankruptcy Code section 365(c)(1) and from asserting any additional cure or other amounts against the Debtors and the Stalking Horse Bidder or Successful Bidder, as applicable, with respect to such party's executory contract or unexpired lease.

21.     Where a Contract Counterparty to an Assigned Contract files a timely Contract Objection asserting a higher cure amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or objecting to the possible assignment of that Contract Counterparty's executory contract or unexpired lease, and the parties are unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section 365 (if any) or, as the case may be, the Debtors' ability to assign the executory contract or unexpired lease to the Successful Bidder will be determined at the Sale Hearing.

22.     The payment of the applicable cure amount by the Debtors or Stalking Horse Bidder (or other Successful Bidder), as applicable, shall (i) effect a cure of all defaults existing thereunder and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

**V.      Notice of the Sale Process**

23.     The Sale Notice, the Cure and Possible Assumption and Assignment Notice, and the Assumption Notice, in substantially the forms as annexed to this Order as Exhibit 2, Exhibit 3, and Exhibit 4, respectively, and the Bid Procedures Notice, in substantially the forms as annexed to the Motion as Exhibit C, respectively, are hereby approved.

24.     Within two (2) business days after the entry of this Order, the Debtors (or their agent) shall serve the Sale Notice by first-class mail upon: (a) the U.S. Trustee; (b)) counsel to the Prepetition Agent; (c) counsel to the Subordinated Term Loan Agent; (d) counsel to the Committee; (e) counsel to the Stalking Horse Bidder, if any; (f) all other parties who have expressed a written interest in the Assets; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; (i) all state and local taxing authorities with an interest in the Assets; (j) the Attorney General for the State of Delaware; (k) the Securities and Exchange Commission; (l) all other governmental agencies with an interest in the Sale and transactions proposed thereunder; (m) all parties known or reasonably believed to have asserted an Interest in the Assets; (n) the Contract Counterparties; (o) the Debtors' insurance carriers; (p) all parties entitled to notice pursuant to Local Rule 9013-1(m); and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002.

25.     As soon as practicable after the entry of this Order, the Debtors shall publish the Bid Procedures Notice in a newspaper in national circulation. In addition, as soon as reasonably practicable, but in no event later than three (3) business days after entry of this Order, the Debtors will also post the Sale Notice and this Bid Procedures on the website maintained by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, located at http://kccllc.net/bayousteel.

26.     Such publication notice as set forth in the preceding two sentences shall be deemed sufficient and proper notice of the Sale to any other interested parties whose identifies are unknown to the Debtors.

## VI.    **The Sale Hearing**

27.     The Sale Hearing will be conducted on **December 11, 2019 at [_____] a.m./p.m. (prevailing Eastern Time)**. The Debtors will seek entry of an order of the Court at the Sale

Hearing approving and authorizing the sale of the Assets to the Successful Bidder. Upon entry of this Order, the Debtors are authorized to perform any obligation intended to be performed prior to the Sale Hearing or entry of the Sale Order with respect thereto. The Sale Hearing may be adjourned from time to time without further notice other than such announcement being made in open court or a notice of adjournment filed on the Court's docket.

**VII.**    **Objections to the Sale**

28.    Objections, f any, to the relief requested in the Motion relating to the Sale (each, a "**Sale Objection**") must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Court, and (iv) be served so it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on December 5, 2019**, by (a) counsel for the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com) and Shanti Katona (skatona@polsinelli.com); (b) counsel to the Prepetition Agent, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander (bwallander@velaw.com) and Bradley R. Foxman (bfoxman@velaw.com), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (Collins@rlf.com); (c) counsel to Black Diamond Commercial Finance, LLC, Winston & Strawn LLP, 35 Wacker Dr., Chicago, Illinois 60601, Attn: Dan McGuire (dmcguire@winston.com) and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 300, Wilmington, Delaware 19899-2323, Attn: Seth Niederman (sniederman@foxrothschild.com); (d) counsel to the Official Committee of Unsecured Creditors for these the Chapter 11 Cases, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adam (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: G. David Dean

(ddean@coleschotz.com) and Patrick J. Reilley (preilley@coleschotz.com); and (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey (linda.casey@usdoj.gov).

29.    A party's failure to timely file a Sale Objection in accordance with this Order shall forever bar the assertion, at the applicable Sale Hearing or otherwise, of any objection to the relief requested in the Motion, or to the consummation of the Sale and the performance of the related transactions, including the transfer of the Assets to the applicable Successful Bidder(s), free and clear of all liens, claims, interests, and encumbrances pursuant to Bankruptcy Code section 363(f), and shall be deemed to be a "consent" for purposes of Bankruptcy Code section 363(f).

## VIII.    <u>Other Relief Granted</u>

30.    Nothing in this Order, the Stalking Horse Agreement, or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

31.    The requirements of Bankruptcy Rules 6004(h) and 6006(d) are waived.

32.    The Debtors are hereby authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

33.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

34.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

70690192.5

35.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1 to Bid Procedures Order</u>**

Bid Procedures

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |

## BID PROCEDURES

On October 1, 2019 (the "**Petition Date**"), Bayou Steel BD Holdings, L.L.C. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy code sections 1107(a) and 1108.

On October ●, 2019, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. ●] (the "**Bidding Procedures Order**"), which, among other things, authorized the Debtors to solicit bids and approved these procedures (collectively, the "**Bidding Procedures**") to be employed by the Debtors in connection with a sale of substantially all of their assets (collectively, the "**Assets**"), or components thereof, including but not limited to the Debtors' inventory, real property, plants, equipment, leases of nonresidential real property, other personal property and intellectual property or any other transaction to restructure one or more of the Debtors and its or their business. Any of the foregoing shall be referred to as a "**Transaction**," regardless of whether it takes the form of a sale or restructuring.

**ANY PARTY INTERESTED IN BIDDING ON THE ASSETS SHOULD CONTACT THE DEBTORS' INVESTMENT BANK, CANDLEWOOD PARTNERS, LLC: GRANT POLLACK (GYP@CANDLEWOODPARTNERS.COM) AND RISHI AGARWAL (RA@CANDLEWOODPARTNERS.COM).**

## SUMMARY OF IMPORTANT DATES

| | |
|---|---|
| Opening of Data Room | October 9, 2019 |
| Bidding Procedures Hearing | October 22, 2019 |
| Deadline to Serve Assumption Notice | November 13, 2019 |
| Stalking Horse Designation Deadline | November 22, 2019 |
| Bid Deadline | December 4, 2019 at 4:00 p.m. (ET) |
| Sale Objection Deadline | December 5, 2019 at 4:00 p.m. (ET) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

| Auction | December 10, 2019 at 10:00 a.m. (ET) |
|---|---|
| Sale Hearing | December 11, 2019 at _____ a.m./p.m.: |

## I.  Assets to be Sold

The Debtors are offering for sale all of the Assets. Potential Bidders (as defined below) may bid on all or any number or combination of the Assets. Potential Bidders may also submit a Restructuring Term Sheet (as defined below) that provides for the reorganization of one or more of the Debtors.

## II.  Participation Requirements

Any person or entity that wishes to participate in the bidding process for the Assets (each, a "**Potential Bidder**") must first become a "**Qualifying Bidder.**" To become a Qualifying Bidder (and thus being able to conduct due diligence and gain access to the Debtors' confidential electronic data room concerning the Assets (the "**Data Room**")), a Potential Bidder must submit to the Debtors and their advisors:

a.  documentation identifying the interested party, its principals, and the representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated Transaction;

b.  an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtors, which by its terms will inure to the benefit of the Successful Bidder(s);

c.  a statement and other factual support demonstrating to the Debtors' reasonable satisfaction that the interested party has a bona fide interest in consummating a Transaction; and

d.  sufficient information, as determined by the Debtors, to allow the Debtors to determine that the interested party (i) has, or can obtain, the financial wherewithal and any required internal corporate, legal or other authorizations to close a Transaction, including, but not limited to, current audited financial statements of the interested party (or such other form of financial disclosure acceptable to the Debtors in their discretion) and (ii) can provide adequate assurance of future performance under any executory contracts and unexpired leases to be assumed by the Debtors and assigned to such bidder, pursuant to Bankruptcy Code section 365, in connection with a Transaction.

Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtors, each of the Consultation Parties (as defined below), or their advisors regarding the ability of such Potential Bidder, as applicable, to consummate its contemplated Transaction.

Notwithstanding anything to the contrary herein, and for the avoidance of doubt, for all purposes under the Bidding Procedures: (i) any designated Stalking Horse Purchaser shall be

considered a Qualifying Bidder, and a Stalking Horse Agreement shall be considered a Qualifying Bid (as defined below); and (ii) in determining whether the Potential Bidders constitute Qualifying Bidders, the Debtors may, in consultation and with consent of the Consultation Parties, consider a combination of bids for the Assets.

## III.    **Stalking Horse Designation**

On or before November 22, 2019 (the "**Stalking Horse Deadline**"), the Debtors may, in consultation and with consent of the Consultation Parties, select a party to serve as a "**Stalking Horse Purchaser**" to acquire substantially all of the Debtors' Assets pursuant to a "**Stalking Horse Agreement**," without the need for further notice and hearing; provided, however, that any break-up fee (a "**Break-Up Fee**") shall be limited to an amount no greater than 3% of the cash portion of any Qualifying Bid, any expense reimbursement (an "**Expense Reimbursement**" and together with any associated Break-Up Fee, the "**Bid Protections**") shall be limited to an amount not to exceed $250,000. If the Debtors designate a Stalking Horse Purchaser and Stalking Horse Agreement, including any Bid Protections, in accordance with the proviso at the end of the prior sentence, they shall file a Stalking Horse Notice in accordance with the Bidding Procedures Order and submit an order approving the same under certification of counsel. The Debtors, however, reserve the right to file a Stalking Horse Notice, on or before the Stalking Horse Deadline, to designate a Stalking Horse Purchaser and Stalking Horse Agreement, including any Bid Protections, that do not meet the foregoing qualifications and seek a hearing before the Court on, or as soon as the Court is available after, November 22, 2019 to consider approval of the same.

## IV.    **Bankruptcy Court Jurisdiction**

Any Potential Bidders and Qualifying Bidders shall: (a) be deemed to have waived any right to a jury trial in connection with, and consented and submitted to the exclusive jurisdiction of the Court over, any actions or proceedings arising from or relating to the Bidding Procedures, the respective Transaction proposed by each such party, the Auction (as defined below) and the construction and enforcement of the contemplated Transaction documents of such parties; (b) bring any such action or proceeding in the Court; and (c) be deemed to have consented to the Court entering a final judgment determining any such action or proceeding and that such final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law.

## V.    **Form of Agreement**

As set forth below, Potential Bidders intending to submit bids must include with their bids:

   a.    If the Transaction is a sale, an asset purchase agreement (a "**Purchase Agreement**"). The Purchase Agreement shall be (i) if a Stalking Horse Purchaser has been designated for the applicable Assets, be upon substantially the same terms as, or terms more favorable to the Debtors and their estates than, the terms set forth in a Stalking Horse Agreement, if

applicable and include a redline marked against the Stalking Horse Agreement; and (ii) otherwise, in the form of the Purchase Agreement include in the Data Room and include a redline marked against the form Purchase Agreement; or

b.      If the Transaction is for a restructuring, a term sheet that reflects all of the material terms of a proposed restructuring including the consideration to be provided under the proposed restructuring to the Debtors' existing creditors and the sources and uses of any cash needed to fund the restructuring, including bridge financing for the Debtors' operations and administrative expenses from the date of the Auction to the anticipated effective date of the restructuring (a "**Restructuring Term Sheet**").

## VI.    <u>Due Diligence</u>

The Debtors will provide any Qualifying Bidder with reasonable access to the Data Room and any other additional information that the Debtors believe to be reasonable and appropriate under the circumstances. All additional due diligence requests shall be directed to: Candlewood Partners, LLC Grant Pollack (gyp@candlewoodpartners.com) and Rishi Agarwal (ra@candlewoodpartners.com).

The due diligence period shall extend through and including the Bid Deadline. The Debtors may, but shall not be obligated to, in their sole discretion, furnish any due diligence information after the Bid Deadline.

The Debtors reserve the right, in their reasonable discretion, to withhold or limit access to any due diligence information that the Debtors determine is business-sensitive or otherwise not appropriate for disclosure to a Qualifying Bidder. Notwithstanding any prepetition limitations, including, without limitation, any non-disclosure, confidentiality or similar provisions relating to any due diligence information, the Debtors and their estates shall be authorized to provide due diligence information to Qualifying Bidders provided that such Qualifying Bidders have delivered an executed confidentiality agreement in form and substance acceptable to the Debtors. The Debtors and their estates are not responsible for, and shall have no liability with respect to, any information obtained by, or provided to, any Qualifying Bidders in connection with the Bidding Procedures and a contemplated Transaction.

## VII.    <u>Bid Requirements</u>

Other than in the case of a bid submitted by the Stalking Horse Purchaser, to be deemed a "**Qualifying Bid**," a bid must be received from a Qualifying Bidder on or before the Bid Deadline and satisfy each of the following requirements, as determined by the Debtors in consultation with the Consultation Parties (each, a "**Bid Requirement**"):

a.      be in writing;

b.      fully disclose the identity of the Qualifying Bidder (and any other party participating in the bid) and provide the contact information of the specific person(s) whom the Debtors or their advisors should contact in the event

that the Debtors have any questions or wish to discuss the bid submitted by the Qualifying Bidder;

c.   set forth the purchase price to be paid by such Qualifying Bidder or the material terms of a Restructuring Term Sheet;

d.   if a bid includes a credit bid under Bankruptcy Code section 363(k), evidence of the amount of the claim, the Assets constituting the collateral securing the claim, and evidence of the grant, perfection, priority, and validity of the lien (the "**Secured Claim Documentation**");[2]

e.   in the case of a proposed purchase of the Assets, not propose payment in any form other than cash (except as otherwise expressly set forth in these Bidding Procedures and the Bidding Procedures Order);

f.   include an allocation of cash to each of the Assets proposed to be purchased;

g.   state the liabilities proposed to be paid or assumed by such Qualifying Bidder or, if in the form of a plan, the treatment of each class of claims or equity interest under the plan;

h.   specify the Assets that are included in the bid and, to the extent a Stalking Horse Purchaser is designated, state that such Qualifying Bidder offers to purchase the Assets, or a number or combination of the Assets, upon substantially the same terms as, or terms more favorable to the Debtors and their estates than, the terms set forth in the Stalking Horse Agreement, as applicable;

i.   state that such Qualifying Bidder's offer is formal, binding and unconditional and is irrevocable until two (2) business days after the closing of the sale of the Assets (as applicable to sales, only);

j.   state that such Qualifying Bidder is financially capable of consummating the Transaction contemplated by the bid and provide written evidence in support thereof (including evidence of bridge financing in the case of a restructuring proposal);

k.   contain such financial and other information to allow the Debtors to make a reasonable determination as to the Qualifying Bidder's financial and other capabilities to close the transactions contemplated by the proposal, including, without limitation, such financial and other information supporting the Qualifying Bidder's (or reorganized Debtors') ability to comply with the requirements of adequate assurance of future performance under Bankruptcy Code section 365(f)(2)(B) and, if

---

[2]   Parties intending to submit a credit bid are encouraged to provide their Secured Claim Documentation to the Debtors' counsel prior to the Bid Deadline to ensure that their Secured Claim Documentation is validated.

applicable, Bankruptcy Code section 365(b)(3), including the Qualifying Bidder's financial wherewithal and willingness to perform under any contracts and leases that are assumed and assigned to the Qualifying Bidder, in a form that allows the Debtors to serve, within one (1) business day after such receipt, such information on any counterparties to any contracts or leases being assumed and assigned (or assumed) in connection with the Transaction that have requested, in writing, such information;

l.      identify with particularity each and every executory contract and unexpired lease the assumption and assignment of which is a condition to close the contemplated transaction(s);

m.      specify whether the Qualifying Bidder intends to operate all or a portion of the Debtors' business as a going concern;

n.      if the Transaction contemplated by the proposal is a sale, a commitment to close the Transaction by December 31, 2019;

o.      not request or entitle such Qualifying Bidder to any break-up fee, termination fee, expense reimbursement or similar type of fee or payment;

p.      in the event that there is a Stalking Horse Purchaser, the aggregate consideration proposed by the Qualifying Bidder must equal or exceed the sum of the amount of (A) the purchase price under the Stalking Horse Agreement, (B) any Break-Up Fee, (C) any Expense Reimbursement, and (D) $250,000.

q.      not contain any contingencies of any kind, including, without limitation, contingencies related to financing, internal approval or due diligence;

r.      contain a written acknowledgement and representation that the Qualifying Bidder (i) has had an opportunity to conduct any and all due diligence regarding the Assets, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and other information in making its Qualifying Bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any documents or other information provided in connection with the Bidding Procedures and the proposed Transaction;

s.      sets forth (i) a statement or evidence that the Qualifying Bidder has made or will make in a timely manner all necessary filings under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, if applicable, and pay the fees associated with such filings and (ii) any regulatory and third-party approval required for the Qualifying Bidder to close the contemplated transactions, and the time period within which the Qualifying Bidder expects to receive such regulatory and third-party

approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than five (5) days following execution and delivery of such Qualifying Bidder's Purchase Agreement, those actions the bidder will take to ensure receipt of such approval(s) as promptly as possible); *provided* that a Qualifying Bidder agrees that its legal counsel will coordinate in good faith with Debtors' legal counsel to discuss and explain Qualifying Bidder's regulatory analysis, strategy, and timeline for securing all such approvals as soon as reasonably practicable; *provided*, *further* that the offer contains a covenant to cooperate with the Debtors to provide pertinent factual information regarding the bidder's operations reasonably required to analyze issues arising with respect to any applicable antitrust laws and other applicable regulatory requirements;

t.      provides for the Qualifying Bidder to serve as a backup bidder (the "**Back-Up Bidder**") if the Qualifying Bidder's bid is the next highest and best bid (the "**Back-Up Bid**") after the Successful Bid (as defined below);

u.      includes written evidence of authorization and approval from the Qualifying Bidder's board of directors (or comparable governing body) with respect to the submission, execution, and delivery of the subject term sheet;

v.      provides a good faith cash deposit (the "**Deposit**") in an amount equal to ten percent (10%) of the purchase price provided for in the proposal (or such additional amount as may be determined by the Debtors in their reasonable discretion and in consultation with the Consultation Parties) to be deposited, prior to the Bid Deadline, with an escrow agent selected by the Debtors (the "**Escrow Agent**") pursuant to the escrow agreement to be provided by the Debtors to the Qualifying Bidders (the "**Escrow Agreement**"); and

w.      provides for liquidated damages in the event of the Qualifying Bidder's breach of, or failure to perform under, the modified Purchase Agreement equal to the amount of the Deposit.

The Debtors reserve the right, in consultation with the Consultation Parties, to negotiate with any Qualifying Bidder in advance of the Auction to cure any deficiencies in a bid that is not initially deemed a Qualifying Bid.

Each Qualifying Bidder submitting a bid shall be deemed to: (a) acknowledge and represent that it is bound by all of the terms and conditions of the Bidding Procedures; and (b) have waived the right to pursue a substantial contribution claim under Bankruptcy Code section 503 related in any way to the submission of its bid, the Bidding Procedures, and the Sale.

## VIII.    <u>Bid Deadline</u>

A Qualifying Bidder, other than any Stalking Horse Purchaser, that desires to make a bid shall deliver a written and electronic copy of its bid in both PDF and MS-WORD format to the

Notice Parties so as to be received on or before **December 4, 2019 at 4:00 p.m. (ET)** (the "**Bid Deadline**"); *provided* that the Debtors may extend the Bid Deadline without further order of the Court, subject to providing notice to the Consultation Parties. To the extent that the Bid Deadline is extended for all parties, the Debtors shall file a notice on the docket of these chapter 11 cases indicating the same. **Any party that does not submit a bid by the Bid Deadline (including as extended in accordance with the prior two sentences) will not be allowed to (a) submit any offer after the Bid Deadline, or (b) participate in the Auction.**

## IX.    Evaluation of Qualifying Bids

The Debtors will deliver by no later than 9:00 a.m. (ET) on the day following the Bid Deadline, copies of all bids from Qualifying Bidders to each of the Consultation Parties.

The Debtors, in consultation with the Consultation Parties, shall make a determination regarding whether a timely submitted bid from a Qualifying Bidder is a Qualifying Bid, and shall notify all Qualifying Bidders whether their bids have been determined to be a Qualifying Bid by no later than 4:00 p.m. (ET) on the day before the commencement of the Auction. In the event that a bid is determined not to be a Qualifying Bid, including with respect to any proposed credit bid amount, the Qualifying Bidder shall be notified by the Debtors and shall have until the commencement of the Auction to modify its bid to increase the purchase price or otherwise improve the terms of the Qualifying Bid for the Debtors and to provide additional Secured Claim Documentation; *provided* that any Qualifying Bid may be improved at the Auction as set forth herein.

Prior to commencing the Auction, the Debtors shall determine, in consultation with the Consultation Parties, which of the Qualifying Bids, at such time, is the highest or best bid for purposes of constituting the opening bid of the Auction (the "**Baseline Bid**" and the Qualifying Bidder submitting the Baseline Bid, the "**Baseline Bidder**"), and shall notify any Stalking Horse Purchaser and all Qualifying Bidders with Qualifying Bids of the Baseline Bid no later than the opening of the Auction.

## X.    No Qualifying Bids

If no timely Qualifying Bids other than any Stalking Horse Purchaser's Qualifying Bid are submitted on or before the Bid Deadline, the Debtors shall not hold an Auction and may request at the Sale Hearing that the Stalking Horse Purchaser (if any) be deemed the Successful Bidder (as defined herein) and that the Court approve the Stalking Horse Agreement (if any) and the transactions contemplated thereunder.

## XI.    Right to Credit Bid

Any Qualified Bidder who has a valid and perfected lien on any Assets of the Debtors' estates that is not subject to an objection by the commencement of the Auction (a "**Secured Creditor**") shall have the right to credit bid all or a portion of the value of such Secured Creditor's claim within the meaning of Bankruptcy Code section 363(k) and to the extent demonstrated by the Secured Claim Documentation; *provided* that a Secured Creditor shall have the right to credit bid its claim only with respect to the collateral by which such Secured Creditor is secured.

## XII.    <u>Auction</u>

If the Debtors timely receive one or more Qualifying Bids for any of the Assets (inclusive of any Stalking Horse Purchaser's Qualifying Bid), then the Debtors shall conduct an auction (the "**Auction**"). Following the Auction, the Debtors will determine, in consultation with the Consultation Parties, which Qualifying Bid is the highest or best bid for the Assets, which will be determined by considering, among other things, the following non-binding factors: (a) the terms of the Purchase Agreement or Restructuring Term Sheet requested by each bidder; (b) the extent to which such terms are likely to delay closing of the Sale, the cost to the Debtors and their estates of such modifications or delay, and any incremental financing being offered to accommodate any delay; (c) the total consideration to be received by the Debtors and their estates; (d) the Transaction structure and execution risk, including conditions to, timing of and certainty of closing, termination provisions, availability of financing and financial wherewithal to meet all commitments, and required governmental or other approval; (e) the net benefit to the Debtors' estates, taking into account any Break-Up Fee and any Expense Reimbursement provided for in any applicable Stalking Horse Agreement; (f) the impact on employees, trade creditors and lease and contract counterparties; and (g) any other factors the Debtors or the Consultation Parties may reasonably deem relevant.

The Auction shall be governed by the following procedures:

a.    the Auction shall commence on **December 10, 2019 at 10:00 a.m. (ET)** (the "**Auction Date**"), at Polsinelli PC, 222 Delaware Avenue, Suite 1100, Wilmington, Delaware 19801.

b.    only a Stalking Horse Purchaser and the other Qualifying Bidders with Qualifying Bids (collectively, the "**Auction Bidders**") shall be entitled to make any subsequent bids at the Auction;

c.    the Auction Bidders shall appear in person at the Auction, or through a duly authorized representative;

d.    only the Debtors, the Auction Bidders, the Consultation Parties, and the Debtors' creditors and equity holders, together with the professional advisors to each of the foregoing parties, may attend the Auction; provided that any creditors and equity holders desiring to attend the Auction must provide counsel for the Debtors one (1) business day's written notice of their intent to attend the Auction;

e.    the Debtors and their professional advisors shall direct and preside over the Auction, which shall be transcribed;

f.    the Auction Bidders shall confirm that they have not engaged in any collusion with respect to the Bidding Procedures, the Auction or the Sale;

g.    bidding shall commence at the amount of the Baseline Bid, and the Auction Bidders may submit successive bids in increments of $250,000 of the current highest and best bid (or Baseline Bid for the first round) (the

"**Bid Increment**"); *provided* that: (i) each such successive bid must be a Qualifying Bid; (ii) if the then-highest and best bid was made by any Stalking Horse Purchaser, such bid shall be deemed to include the sum of the amount of, if applicable, (A) any Break-Up Fee and (B) any Expense Reimbursement; (iii) any successive bid made by any Stalking Horse Purchaser shall only be required to equal the sum of the amount of (A) the Baseline Bid or the then-highest and best bid, as applicable, plus (B) the Bid Increment, less (C) the sum of the amount of, if applicable, (X) any Break-Up Fee and (Y) any Expense Reimbursement; and (iv) the Debtors shall retain the right to modify the bid increment requirements at the Auction; *provided*, *further*, that the Debtors, in consultation with the Consultation Parties, reserve the right to modify the Bid Increment during the course of the Auction and shall do so on the record at the Auction;

h.      the Auction may include individual negotiations with any of the Auction Bidders, but all bids shall be made on the record and in the presence of all of the Auction Bidders;

i.      all material terms of the bid that is deemed to be the highest and best bid for each round of bidding shall be fully disclosed to the Auction Bidders, and the Debtors shall use reasonable efforts to clarify any and all questions that the Auction Bidders may have regarding the Debtors' announcement of the then-current highest and best bid;

j.      the Debtors and their professional advisors, in consultation with the Consultation Parties, may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, the amount of time allotted to make subsequent bids) for conducting the Auction, provided that such rules are (i) not inconsistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any applicable order of the Court entered in connection with these chapter 11 cases, including, without limitation, the Bidding Procedures Order, and (ii) disclosed to the Auction Bidders;

k.      each Auction Bidder shall (i) be deemed to have waived any right to a jury trial in connection with, and consented and submitted to the exclusive jurisdiction of the Court over, any actions or proceedings arising from or relating the Bidding Procedures, the Sale, the Auction and the construction and enforcement of the contemplated transaction documents of the Auction Bidders, (ii) bring any such action or proceeding in the Court, and (iii) be deemed to have consented to the Court entering a final judgment determining any such action or proceeding and that such final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law;

l.    Auction Bidders shall have the right to make additional modifications to their respective Purchase Agreements or any Stalking Horse Agreement, as applicable, in conjunction with each Qualifying Bid submitted in each round of bidding during the Auction, provided that (i) any such modifications on an aggregate basis and viewed in whole, shall not, in the Debtors' discretion, in consultation with the Consultation Parties, be less favorable to the Debtors and their estates than the terms of the Auction Bidders' respective Purchase Agreements or any Stalking Horse Agreement, as applicable, and (ii) each Qualifying Bid shall constitute an irrevocable offer and shall be binding on the Auction Bidder submitting such bid until such party shall have submitted a subsequent Qualifying Bid at the Auction or the conclusion of the Sale Hearing, whichever occurs sooner, unless such bid is selected as the Successful Bid or the Back-Up Bid, which shall remain binding as provided for herein;

m.    the Debtors and the Consultation Parties shall have the right to request any additional financial information that will allow the Debtors and the Consultation Parties to make a reasonable determination as to an Auction Bidder's financial and other capabilities to consummate the transactions contemplated by their proposal or any Stalking Horse Agreement, as applicable, as may be amended during the Auction, and any further information that the Debtors may believe is reasonably necessary to clarify and evaluate any bid made by an Auction Bidder during the Auction;

n.    upon the conclusion of the Auction, the Debtors shall determine, in consultation with the Consultation Parties, and subject to Court approval, the offer or offers for the Assets that is or are the highest or best from among the Qualifying Bids submitted at the Auction, which may be a Stalking Horse Agreement (the "**Successful Bid**"). In making this decision, the Debtors shall consider, in consultation with the Consultation Parties, the amount of the purchase price, the likelihood of the bidder's ability to close a transaction and the timing thereof, the nature and impact of any variances from the form Purchase Agreement requested by each bidder, and the net benefit to the Debtors' estates and their creditor constituencies. The bidder submitting such Successful Bid, which may be the Stalking Horse Purchaser, shall become the "**Successful Bidder**," and shall have such rights and responsibilities of the purchaser as set forth in the subject Purchase Agreement, as applicable. The Debtors may, in their sole discretion, designate Back-Up Bids (and the corresponding Back-Up Bidders) to purchase the Assets in the event that the Successful Bidder does not close the Sale; and

o.    prior to the Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made.

**THE SUCCESSFUL BID AND ANY BACK-UP BIDS SHALL CONSTITUTE AN IRREVOCABLE OFFER AND BE BINDING ON THE SUCCESSFUL BIDDER AND THE BACK-UP BIDDER, RESPECTIVELY, FROM THE TIME THE BID IS SUBMITTED UNTIL TWO (2) BUSINESS DAYS AFTER THE SALE HAS CLOSED. EACH QUALIFYING BID THAT IS NOT THE SUCCESSFUL BID OR BACK-UP BID SHALL BE DEEMED WITHDRAWN AND TERMINATED AT THE CONCLUSION OF THE SALE HEARING. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, IF THE SUCCESSFUL BID IS IN THE FORM OF A RESTRUCTURING TERM SHEET, ANY BACK-UP BID SHALL REMAIN IRREVOCABLE AND BINDING ON THE BACK-UP BIDDER UNTIL TWO (2) BUSINESS DAY AFTER THE ENTRY OF AN ORDER CONFIRMING THE SUCCESSFUL BID IN THE FORM OF A RESTRUCTURING TERM SHEET AS THE SUCCESSFUL BID (OR SUCH FURTHER PERIOD SET FORTH IN ANY ORDER ENTERED AT THE SALE HEARING).**

**XIII.   Sale Hearing**

The Successful Bid and any Back-Up Bid (or if no Qualifying Bid other than that of any Stalking Horse Purchaser is received, then the Stalking Horse Agreement) will be subject to approval by the Court. The hearing to approve such Successful Bid and any Back-Up Bid (the "**Sale Hearing**") shall take place, subject to the Court's availability, on **December 11, 2019 at _____ a.m./p.m.** The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a hearing agenda or notice on the docket of the Debtors' chapter 11 cases. **For the avoidance of doubt, by no later than the time of announcement of the Baseline Bid for the Auction, the Debtors may determine, in consultation with the Consultation Parties, to withdraw the Assets or any subset thereof, from the Auction and sale process, and adjourn the Sale Hearing with respect to these Assets on the terms set forth herein.**

At the Sale Hearing, the Debtors will seek entry of an order that, among other things: (i) authorizes and approves the Sale to the Successful Bidder (and, if applicable the Back-Up Bidder), pursuant to the terms and conditions set forth in the applicable Stalking Horse Agreement or Purchase Agreement executed by the Successful Bidder (and, if applicable the Back-Up Bidder), and that the Assets being transferred in such transaction shall be transferred free and clear of all liens, claims and Encumbrances pursuant to Bankruptcy Code section 363(f); (ii) unless otherwise ordered by the Court, directing that all Encumbrances on the Assets that are sold shall attach to the cash proceeds generated from the sale of such Assets in the same order of priority as they existed prior to the consummation of such sale; (iii) finding that the Stalking Horse Purchaser or Successful Bidder, as applicable, is a good faith purchaser pursuant to Bankruptcy Code section 363(m); and (iv) as appropriate, exempting the Sale(s) and conveyance(s) of the Assets from any transfer tax, stamp tax or similar tax, or deposit under any applicable bulk sales statute. Notwithstanding anything in the foregoing to the contrary, if the Successful Bid is in the form of a Restructuring Term Sheet, the Debtors will seek authorization to proceed with the Transaction contemplated by such Restructuring Term Sheet, including all other relief necessary to proceed with implementation of such a Transaction.

## XIV.    Back-Up Bidder

Notwithstanding any of the foregoing, in the event that the Successful Bidder fails to close the Sale by December 31, 2019 (or such date as may be extended by the Debtors, in consultation with the Consultation Parties, and with the agreement of the Back-Up Bidder), the Back-Up Bid will be deemed to be the Successful Bid, the Back-Up Bidder will be deemed to be the Successful Bidder, and the Debtors will be authorized, but not directed, to close the Sale to the Back-Up Bidder subject to the terms of the Back-Up Bid without the need for further order of the Court and without the need for further notice to any interested parties, as soon as practicable, but not later than January 10, 2019.

## XV.    Return of Deposits

All Deposits shall be returned to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder no later than three (3) business days following the conclusion of the Sale Hearing. The deposit of the Successful Bidder or, if the Sale is closed with the Back-Up Bidder, the deposit of the Back-Up Bidder, shall be applied to the purchase price for the Sale. If the Successful Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then, subject to the terms of the Purchase Agreement or any Stalking Horse Agreement, as applicable, the Debtors and their estates shall be entitled to retain the Deposit of the Successful Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) as part of the damages resulting to the Debtors and their estates for such breach or failure to perform.

## XVI.    Notice and Consultation Parties

a.    The term "Notice Parties" as used in these Bidding Procedures shall mean: (i) counsel to the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com) and Shanti Katona (skatona@polsinelli.com); and (ii) investment banker to the Debtors, Candlewood Partners, LLC Grant Pollack (gyp@candlewoodpartners.com) and Rishi Agarwal (ra@candlewoodpartners.com).

b.    The term "Consultation Parties" as used in these Bidding Procedures shall mean: (i) counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (the "**Committee**"), Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adam (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: G. David Dean (ddean@coleschotz.com) and Patrick J. Reilley (preilley@coleschotz.com); (ii) counsel to the Prepetition Agent, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander (bwallander@velaw.com) and Bradley R. Foxman (bfoxman@velaw.com), and Richards, Layton & Finger, P.A.,

One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (Collins@rlf.com); and (iii) counsel to Black Diamond Commercial Finance, LLC, Winston & Strawn LLP, 35 Wacker Dr., Chicago, Illinois 60601, Attn: Dan McGuire (dmcguire@winston.com) and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 300, Wilmington, Delaware 19899-2323, Attn: Seth Niederman (sniederman@foxrothschild.com)

For the avoidance of doubt, any consultation rights provided to the Consultation Parties by these Bidding Procedures shall not limit the Debtors' discretion in any way and shall not include the right to veto any decision made by the Debtors in the exercise of their business judgment.

If a member of the Committee submits a Qualifying Bid, the Committee will continue to have consultation rights as set forth in these Bidding Procedures; *provided* that the Committee shall exclude such member from any discussions or deliberations regarding the sale of the Assets and shall not provide any information regarding the sale of the Assets to such member.

In the event that any Consultation Party (other than the Committee) or an affiliate of any of the foregoing submits a bid that is a Qualifying Bid, any obligation of the Debtors to consult with the bidding party established under these Bidding Procedures will be waived, discharged and released without further action; *provided* that the bidding party will have the same rights as any other Qualifying Bidder set forth above.

## XVII.  Reservation of Rights

Notwithstanding any of the foregoing, the Debtors and their estates reserve the right to, after consultation with the Consultation Parties, modify these Bidding Procedures at or prior to the Auction, including, without limitation, to extend the deadlines set forth herein, allow for bidding on only a portion of the Assets and not all of them, modify bidding increments, waive terms and conditions set forth herein with respect to any or all potential bidders (including, without limitation, the Bid Requirements), impose additional terms and conditions with respect to any or all Potential Bidders, adjourn or cancel the Auction at or prior to the Auction, and adjourn the Sale Hearing.

## **Exhibit 2 to Bid Procedures Order**

Sale Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | |
| | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |

## NOTICE OF BID PROCEDURES, AUCTION, HEARING, AND DEADLINES RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS

**PLEASE TAKE NOTICE** that on October 11, 2019, the above-captioned debtors and debtors in possession (the "**Debtors**") in the above-captioned case (the "**Bankruptcy Case**"), filed a *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter a Stalking Horse Agreement, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. ●] (the "**Bid Procedures and Sale Motion**").[2] The Debtors seeks to complete a sale (the "**Transaction**") of substantially all their assets (the "**Assets**") to a prevailing bidder or bidders (the "**Successful Bidder**") at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363 (the "**Auction**").

**PLEASE TAKE FURTHER NOTICE** that, on October ●, 2019, the Bankruptcy Court entered an order [Docket No. ●] (the "**Bid Procedures Order**") approving the Bid Procedures set forth in the Bid Procedures and Sale Motion (the "**Bid Procedures**"), which set the key dates and times related to the sale of the Debtors' Assets. **All interested bidders should carefully read the Bid Procedures**. To the extent there are any inconsistencies between the Bid Procedures and the summary description of its terms and conditions contained in this notice, the terms of the Bid Procedures shall control.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures, the Debtors must receive a Qualified Bid from interested bidders in writing, on or before **December 4, 2019 at 4:00 p.m. (prevailing Eastern Time)** or such later date as may be agreed to by the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

[2]  Capitalized terms not otherwise defined herein shall have the meanings set forth in the Bid Procedures and Sale Motion.

Debtors (the "**Bid Deadline**"). To be considered, Qualified Bids must be sent to the following at or before the Bid Deadline: (a) counsel for the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com) and Shanti Katona (skatona@polsinelli.com); (b) counsel to the Prepetition Agent, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander (bwallander@velaw.com) and Bradley R. Foxman (bfoxman@velaw.com), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (Collins@rlf.com); (c) counsel to Black Diamond Commercial Finance, LLC, Winston & Strawn LLP, 35 Wacker Dr., Chicago, Illinois 60601, Attn: Dan McGuire (dmcguire@winston.com); and (d) counsel to the Official Committee of Unsecured Creditors for these the Chapter 11 Cases, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adam (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: G. David Dean (ddean@coleschotz.com) and Patrick J. Reilley (preilley@coleschotz.com).

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, if the Debtors receive one or more Qualified Bids (other than the Stalking Horse Agreement) by the Bid Deadline, the Auction will be conducted on **December 10, 2019 at 10:00 a.m. (prevailing Eastern Time)** at Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, or at such other place, date and time as may be designated by the Debtors.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, the Debtors have designated certain Assigned Contracts that may be assumed or assumed and assigned to the Successful Bidder. By November 13, 2019, the Debtors shall send a notice to each counterparty to an Assigned Contract setting forth the Debtors' calculation of the cure amount, if any, that would be owing to such counterparty if the Debtors decided to assume or assume and assign such Assigned Contract, and alerting such nondebtor party that their contract may be assumed and assigned to the Successful Bidder (the "**Cure and Possible Assumption and Assignment Notice**").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, any counterparty that objects to the cure amount set forth in the Cure and Possible Assumption and Assignment Notice or the possible assignment of their Assigned Contract(s) must file with the Bankruptcy Court and serve an objection (a "**Cure or Assignment Objection**") so it is actually received on or before **4:00 p.m. prevailing Eastern Time on November 27, 2019**, by  (a) counsel for the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com) and Shanti Katona (skatona@polsinelli.com); (b) counsel to the Prepetition Agent, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander (bwallander@velaw.com) and Bradley R. Foxman (bfoxman@velaw.com), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (Collins@rlf.com); (c) counsel to Black Diamond Commercial Finance, LLC, Winston & Strawn LLP, 35 Wacker Dr., Chicago, Illinois 60601, Attn: Dan McGuire (dmcguire@winston.com) and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 300, Wilmington, Delaware 19899-2323, Attn: Seth Niederman

(sniederman@foxrothschild.com); (d) counsel to the Official Committee of Unsecured Creditors for these the Chapter 11 Cases, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adam (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: G. David Dean (ddean@coleschotz.com) and Patrick J. Reilley (preilley@coleschotz.com); (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey (linda.casey@usdoj.gov); and (f) the Clerk of the Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Where a counterparty to an Assigned Contract files a timely Cure or Assignment Objection asserting a higher cure amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or an objection to the possible assignment of that counterparty's Assigned Contract, and the parties are unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section 365 (if any) or, as the case may be, the Debtors' ability to assign the Assigned Contract to the Successful Bidder will be determined at the Sale Hearing (as defined below).

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Acquired Assets to the Successful Bidder (the "**Sale Hearing**") before the Honorable Karen B. Owens, U.S. Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, 6th Floor, Courtroom No. 2, on **December 11, 2019 at [_____] a.m./p.m. (prevailing Eastern Time)**, or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or on the agenda for such Sale Hearing. Objections to the sale of the Acquired Assets to the Successful Bidder must be filed and served so they are received no later than **4:00 p.m. (prevailing Eastern Time) on December 5, 2019**, by (a) counsel for the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com) and Shanti Katona (skatona@polsinelli.com); (b) counsel to the Prepetition Agent, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander (bwallander@velaw.com) and Bradley R. Foxman (bfoxman@velaw.com), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (Collins@rlf.com); (c) counsel to Black Diamond Commercial Finance, LLC, Winston & Strawn LLP, 35 Wacker Dr., Chicago, Illinois 60601, Attn: Dan McGuire (dmcguire@winston.com) and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 300, Wilmington, Delaware 19899-2323, Attn: Seth Niederman (sniederman@foxrothschild.com); (d) counsel to the Official Committee of Unsecured Creditors for these the Chapter 11 Cases, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adam (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: G. David Dean (ddean@coleschotz.com) and Patrick J. Reilley (preilley@coleschotz.com); (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey (linda.casey@usdoj.gov); and (f) the Clerk of the Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

3

**PLEASE TAKE FURTHER NOTICE** that the Debtors are seeking to waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d) in order for the Sale to close immediately upon entry of the Sale Order by this Court.

**PLEASE TAKE FURTHER NOTICE** that this notice is subject to the full terms and conditions of the Bid Procedures and Sale Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. A copy of the Bid Procedures and Sale Motion, the Bid Procedures and the Bid Procedures Order may be obtained (a) by contacting counsel for the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com) and Shanti Katona (skatona@polsinelli.com); (b) for free by accessing the website of the Debtors' noticing agent, Kurtzman Carson Consultants LLC, located at http://kccllc.net/bayousteel, or (c) for a fee via PACER at http://www.deb.uscourts.gov.

Dated:   October ●, 2019
       Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

_/s/_    _Draft_
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Stephen J. Astringer (Del. Bar No. 6375)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
sastringer@polsinelli.com

_Proposed Counsel to the Debtors and Debtors in Possession_

4

## **Exhibit 3 to Bid Procedures Order**

Cure and Possible Assumption and Assignment Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |

### NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING CURE AMOUNTS AND POSSIBLE ASSIGNMENT TO THE STALKING HORSE BIDDER OR SUCH OTHER SUCCESSFUL BIDDER AT AUCTION

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES MAY BE COUNTERPARTY TO ONE OR MORE EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES WITH THE DEBTORS.**
>
> **PARTIES RECEIVING THIS NOTICE SHOULD (1) READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS DESCRIBED HEREIN AND (2) LOCATE THEIR NAME AND CONTRACT AND/OR LEASE ON APPENDIX I HERETO**

**PLEASE TAKE NOTICE** that on October 11, 2019, the above-captioned debtors and debtors in possession (the "**Debtors**") in the above-captioned case (the "**Bankruptcy Case**"), filed a *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter a Stalking Horse Agreement, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. ●] (the "**Bid Procedures and Sale Motion**").[2]

**PLEASE TAKE FURTHER NOTICE** that, on October ●, 2019, the Bankruptcy Court entered an order [Docket No. ●] (the "**Bid Procedures Order**"), which (a) set key dates, times and procedures related to the Sale (the "**Sale**") of substantially of the Debtors' assets (the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

[2]  Capitalized terms not otherwise defined herein shall have the meanings set forth in the Bid Procedures and Sale Motion.

"**Assets**") pursuant to an auction (the "**Auction**") overseen by the Bankruptcy Court, which Auction is scheduled to occur on December 11, 2019, (b) authorized the Debtors to enter into a stalking horse asset purchase agreement (a "**Stalking Horse Agreement**"), (c) established certain procedures relating to the Debtors' assumption and assignment of executory contracts and unexpired leases in connection with the Sale, and (d) granted related relief.[3] Approval of the Sale to the Stalking Horse Bidder or such other "Successful Bidder" (as defined in the Bid Procedures Order) after the results of the Auction and the Debtors' assumption and assignment of any executory contracts and unexpired leases in connection therewith, is scheduled to take place at a hearing before the Bankruptcy Court at ● (prevailing Eastern Time) on December 11, 2019 (the "**Sale Hearing**"). The Sale Hearing may be adjourned by the Bankruptcy Court or the Debtors without further notice other than such adjournment announced in open court or a notice of adjournment filed on the Bankruptcy Court's docket.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bid Procedures Order, the Debtors may assume and assign the executory contract(s) and/or unexpired lease(s) to which you may be a counterparty to the Stalking Horse Bidder or such other Successful Bidder after the outcome of the Auction.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have conducted a review of their books and records and have determined the cure amount for unpaid monetary obligations under such contract or lease is set forth in the right hand column on <u>Appendix I</u> (the "**Cure Amount**"). If you object to (a) the proposed assumption or disagree with the proposed Cure Amount, or (b) object to the possible assignment of such executory contract(s) or unexpired lease(s) to the Stalking Horse Bidder, **<u>you must file an objection with the Bankruptcy Court no later than November 27, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline") and serve such objection on the following parties</u>**:

a. counsel for the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com) and Shanti Katona (skatona@polsinelli.com);

b. counsel to the Prepetition Agent, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander (bwallander@velaw.com) and Bradley R. Foxman (bfoxman@velaw.com), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (Collins@rlf.com);

c. counsel to Black Diamond Commercial Finance, LLC, Winston & Strawn LLP, 35 Wacker Dr., Chicago, Illinois 60601, Attn: Dan McGuire (dmcguire@winston.com) and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 300, Wilmington, Delaware 19899-2323, Attn: Seth Niederman (sniederman@foxrothschild.com);

---

[3] To the extent there are any inconsistencies between the Bid Procedures Order and the summary description of the terms and conditions contained in this Notice, the terms of the Bid Procedures Order shall control.

70690192.5

d.     counsel to the Official Committee of Unsecured Creditors for these the Chapter 11 Cases, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adam (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: G. David Dean (ddean@coleschotz.com) and Patrick J. Reilley (preilley@coleschotz.com)

e.     the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey (linda.casey@usdoj.gov); and

f.     the Clerk of the Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Cure Amount or the assignment of your Executory Contract(s) or Unexpired Lease(s) to the Successful Bidder is filed by the Objection Deadline, **you will be (a) forever barred from objecting to the Cure Amount or provision of adequate assurance of future performance and from asserting any additional cure or other amounts with respect to your contract(s) or lease(s), and the Debtors and the Stalking Horse Bidder or the Successful Bidder (as applicable) shall be entitled to rely solely upon the Cure Amount, (b) deemed to have consented to the assumption or assumption and assignment, and (c) forever barred and estopped from asserting or claiming defaults exist, that conditions to assignment must be satisfied under such contract(s) and/or lease(s) or that there is any objection or defense to the assumption and assignment of such contract(s) and/or lease(s).**

**PLEASE TAKE FURTHER NOTICE** that if you agree with the Cure Amount indicated on Appendix I and otherwise do not object to the Debtors' assumption or assumption and assignment of your contract(s) and/or lease(s), you need not take any further action.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the Bid Procedures, and the Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, are available: (a) upon request from the proposed counsel to the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward and Shanti Katona; (b) for free from the website of the Debtors' noticing agent, Kurtzman Carson Consultants LLC, located at http://kccllc.net/bayousteel, or (c) for a fee via PACER at http://www.deb.uscourts.gov.

Dated:    October ●, 2019
          Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

/s/       *Draft*

Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Stephen J. Astringer (Del. Bar No. 6375)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
sastringer@polsinelli.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

70690192.5

**Appendix I**

| [Counterparty Name] | [Contract/Lease] | [Cure Amount] | [Proposed Assignee (if any)] |
|---|---|---|---|

## **Exhibit 4 to Bid Procedures Order**

Assumption Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C.,<br>*et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |

## NOTICE OF PROPOSED ASSIGNMENT OF EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES MAY BE COUNTERPARTY TO ONE OR MORE EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES WITH THE DEBTORS.[2]**
>
> **PARTIES RECEIVING THIS NOTICE SHOULD (1) READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS DESCRIBED HEREIN AND (2) LOCATE THEIR NAME AND CONTRACT AND/OR LEASE ON SCHEDULE I HERETO**

**PLEASE TAKE NOTICE** that on October ●, 2019, the above-captioned debtors and debtors in possession (the "**Debtors**") filed for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and also filed a motion (the "**Sale Motion**")[3] to sell substantially all of their assets (the "**Assets**") free and clear of all liens, claims, encumbrances, and other interests (the "**Sale**") and assume and assign certain of their executory contracts and unexpired leases (collectively, the "**Contracts**") to the purchaser of the Assets.[4]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

[2] This Notice is being sent to counterparties to executory contracts and unexpired leases. This Notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

[3] *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter a Stalking Horse Agreement, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. ●].

[4] Capitalized terms used as defined terms but not defined herein shall have all the meanings ascribed to them in the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are soliciting offers for the purchase of the Assets of the Debtors consistent with the bid procedures (the "**Bid Procedures**") approved by the Court by the entry of an order on ●, 2019 (the "**Bid Procedures Order**").[5] The Bid Procedures include, among other things, procedures for the assumption and assignment of the Contracts (the "**Assumption Procedures**").

**PLEASE TAKE FURTHER NOTICE** that, accordingly, pursuant to the Assumption Procedures, and by this written notice, the Debtors hereby notify you that they have determined, in the exercise of their business judgment, the Contracts and any modifications thereto set forth on <u>Schedule 1</u> attached hereto (collectively, the "**Assigned Contracts**") may be assumed and assigned to the Successful Bidder, subject to the Successful Bidder's payment of the cure amount set forth on <u>Schedule 1</u>, or such other cure amounts as are agreed by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Successful Bidder has the right under certain circumstances to designate additional Contracts as Assigned Contracts or remove certain Contracts from the list of Assigned Contracts prior to closing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the Bid Procedures, and the Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, are available: (a) upon request from the proposed counsel to the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward and Shanti Katona, (b) for free from the website of the Debtors' noticing agent, Kurtzman Carson Consultants LLC, located at http://kccllc.net/bayousteel, or (c) for a fee via PACER at http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise provided by the Bid Procedures Order, the time for filing objections to (a) the cure amounts related to the Assigned Contracts, (b) the Debtors' ability to assume and assign the Assigned Contracts, and (c) adequate assurance of future performance of the Assigned Contract by the Successful Bidder has passed and no further notice or action is necessary with respect to such matters.

---

[5] *Order (I) Approving Bid Procedures in Connection with the Potential Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtors to Enter Into a Stalking Horse Agreement, (V) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. ●].

Dated:  October ●, 2019          Respectfully submitted,
       Wilmington, Delaware

**POLSINELLI PC**

*/s/       Draft*

Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Stephen J. Astringer (Del. Bar No. 6375)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
sastringer@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

70690192.5

## Schedule 1 to Assumption Notice

Assigned Contracts

| Counterparty | Description of Assigned Contracts or Leases | Cure Amount | Proposed Assignee |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |