**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 74** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO MOTION OF THE DEBTORS
TO SHORTEN NOTICE FOR THE HEARING ON THE MOTION OF
DEBTORS FOR ENTRY OF AN ORDER APPROVING BID PROCEDURES
IN CONNECTION WITH THE POTENTIAL SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS AND GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its proposed undersigned counsel, hereby submits this objection (the "Objection") to the *Motion of Debtors to Shorten Notice for the Hearing on the Motion of Debtors for Entry of an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Substantially all of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter into a Stalking Horse Agreement, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief* (the "Motion").[2] In support of this Objection, the Committee respectfully states as follows:

---

[1] The Debtors in these cases are: Bayou Steel BD Holdings, L.L.C.; BD Bayou Steel Investment, LLC; and BD LaPlace, LLC.

[2] Docket No. 74. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Debtors for Entry of an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Substantially All of the Debtors Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter Into a Stalking Horse Agreement, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief* (the "Bid Procedures Motion").

**BACKGROUND**

**I.     Procedural Background**

      1.      On October 1, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to conduct limited operation and manage such businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

      2.      On October 10, 2019, the Office of the United States Trustee for Region 3 appointed a five member Committee consisting of: (i) Tokia Caribon GE LLC; (ii) Tri Coastal Trading, L.L.C.; (iii) Louisiana Scrap Metal Recycling of Baton Rouge, Inc.; (iv) American State Equipment Co., Inc.; and (v) United Steelworkers.[3] The Committee selected Kelley Drye & Warren LLP as its lead counsel and Cole Schotz P.C. as its Delaware counsel.

**II.    Relevant Background**

      3.      After idling their operations and terminating 300 employees, the Debtors filed bankruptcy to sell off finished inventory to satisfy a portion of their prepetition secured debt and pursue a sale of their largely idled operations "to a strategic or financial buyer that will hopefully re-start operations."[4]

      4.      On October 11, one day following the Committee's formation, the Debtors filed the Bid Procedures Motion seeking to establish procedures to govern a 60-day sale process, including a: (i) December 4 Bid Deadline; (ii) December 5 Sale Objection Deadline; (iii) December 11 Sale Hearing; and (v) December 31 Sale Closing Deadline.[5]

---

[3]    Docket No. 67.

[4]    *See Declaration of Alton Davis, President and Chief Operating Officer of Bayou Steel BD Holdings, L.L.C., in Support of Debtors' Chapter 11 Petitions and First Day Motions*, ¶ 30.

[5]    Bid Procedures Motion, ¶ 16.

5. The Debtors also propose a November 22 deadline by which the Debtors may enter into a stalking horse agreement.[6] To the extent a stalking horse bidder is identified prior to the November 22 deadline, the Debtors are requesting preapproval of Bid Protections, so long as the Break-Up Fee does not exceed 3% of the of the cash purchase price and the Expense Reimbursement does not exceed $250,000.[7]

6. The Debtors seek approval of the Bid Procedures Motion on shortened notice, with a proposed hearing on October 22 and objections due by October 18.[8] The Debtors assert that consideration of the Bid Procedures Motion on shortened notice is necessary "in order to formalize the sale process that has already been started and provide court supervision of the process."[9]

**OBJECTION**

7. At this early stage, the Committee's primary goal in these cases is to safeguard the rights of unsecured creditors and maximize the value of the Debtors' estates. While the Committee supports implementation of a going-concern sale process designed to maximize value for all stakeholders, the Debtors are unnecessarily seeking to jam through Bid Procedures, including a truncated sale timeline and preapproval of Bid Protections, before the Committee has the opportunity to get up-to-speed and properly assess the proposed sale process.

8. The Committee was formed less than one week ago. To date, the Committee has hired counsel and has had initial discussions with the Debtors regarding the events that precipitated the bankruptcy filing and their perceived path for these cases. The Committee

---

[6]     *Id.* ¶ 11.

[7]     *Id.* ¶ 13.

[8]     Motion, ¶ 6.

[9]     *Id.* ¶ 9.

hopes to work cooperatively with the Debtors and other parties-in-interest to help foster a successful sale process that maximizes the value of the estates for all stakeholders. Given the infancy of the sale process, however, and the fact that the Committee has only just been formed, the Debtors' request to have the Bid Procedures Motion considered on shortened notice should be denied.

9. The Debtors admit that no marketing of their assets was done prepetition. Unlike a typical section 363 asset sale, therefore, there is no foundation by which the Committee can assess the reasonableness of the Bid Procedures, including the proposed sale timeline. While the Committee has had initial discussions with the Debtors, the Committee and the Debtors are still negotiating the terms of a confidentiality agreement. The Committee, therefore, does not yet have access to sufficient information to assess the proposed sale process. Further, the Committee is in the process of retaining a financial advisory firm to assist in the evaluation of the reasonableness of a 60-day timeline proposed for the sale of an idled steel manufacturing company.

10. The Committee is also concerned that the proposed cash collateral budget will be insufficient to fund a proper sale process. The Committee submits that deferring consideration of the Bid Procedures to the November 5 hearing, at which the Court will also consider final approval of cash collateral, is appropriate to ensure the estates have sufficient funding to implement the Debtors' sale strategy.

11. Moreover, based upon the Debtors' own proposed timeline, there is no apparent need to have the Bid Procedures Motion considered on shortened notice. The Debtors do not yet have a stalking horse bidder. This is not, therefore, a circumstance where the Debtors are seeking to have a stalking horse bid approved as soon as possible to provide a level of certainty to the market. There is nothing preventing the Debtors from continuing to market their assets prior to the Court's approval of the Bid Procedures. Indeed, the Debtors have already begun to do so.

4

12. The Committee submits that consideration of the Bid Procedures Motion at the November 5 hearing is more appropriate given the facts and circumstances of these cases. Assuming the timeline is ultimately approved as proposed, the Debtors would still have nearly two and one-half weeks to identify a stalking horse bidder prior to the November 22 deadline. Further, the Bid Deadline would still be more than 4 weeks away. This timeline appropriately balances the Debtors' desire to cement sale procedures with the Committee's need for a measured timeframe to assure itself that the proposed sale process, including the contemplated timeline, is in the best interests of these estates.

WHEREFORE, the Committee respectfully requests that the Court (a) deny the Motion, (b) schedule the hearing on the Bid Procedures Motion for November 5, 2019, and (c) grant such other and further relief as is just and proper.

Dated:  October 15, 2019
        Wilmington, Delaware

    COLE SCHOTZ P.C.

    /s/
    G. David Dean (No. 6403)
    Patrick J. Reilley (No. 4451)
    Katherine M. Devanney (No. 6356)
    500 Delaware Avenue, Suite 1410
    Wilmington, DE 19801
    Telephone: (302) 652-3131
    Facsimile: (302) 652-3117
    ddean@coleschotz.com
    preilley@coleschotz.com
    kdevanney@coleschotz.com

    and

    KELLEY DRYE & WARREN LLP
    Jason R. Adams
    Lauren S. Schlussel
    101 Park Avenue
    New York, New York 10178
    Telephone: (212) 808-7800
    Facsimile: (212) 808-7897
    Email: jadams@kelleydrye.com
           lschlussel@kelleydrye.com

    *Proposed Counsel to the Official Committee of Unsecured Creditors of Bayou Steel BD Holdings, L.L.C., et al.*

40000/0601-17965791v1