IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 (I) APPROVING THE STIPULATION BETWEEN THE DEBTORS AND AMERICAN STATE EQUIPMENT CO., INC. AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (i) approving the stipulation (the "**Stipulation**")[2] by and between the Debtors and American State Equipment Co., Inc. ("**ASE**," and together with the Debtors, the "**Parties**") which is annexed to the Proposed Order as Exhibit 1; and (ii) granting related relief set forth herein, including rejecting the Equipment Lease (as defined below) *nunc pro tunc* to the Petition Date. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1.   The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

4. On October 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in the Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases. An Official Committee of Unsecured Creditors (the "**Committee**") was appointed on October 10, 2019.

5. Prior to the Petition Date, ASE leased certain equipment to the Debtors pursuant to that certain equipment lease dated September 14, 2017 (the "**Equipment Lease**"). The Equipment Lease consisted of leases for five (5) pieces of equipment as detailed in Exhibit 1 to the Stipulation (collectively, the "**Equipment**").

6. As of the Petition Date, the Debtors owed approximately $592,682.58 under the Equipment Lease.

7. Leading up to the Petition Date, the Debtors had ceased use of the Equipment, and since the Petition Date, the Debtors have determined that the Equipment is no longer useful in their ongoing business, and as such, the Debtors wish to reject the Equipment Lease *nunc pro tunc* to the Petition Date and allow ASE to recover the Equipment.

8. The Parties have engaged in arms-length, good faith negotiations where they reached a stipulation with respect to the Equipment Lease, as set forth more fully in the Stipulation attached as Exhibit 1 to the Proposed Order.

## Relief Requested

9. By this Motion, the Debtors respectfully request entry of the Order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, (a) approving the Stipulation and (b) granting related relief, including rejection of the Equipment Lease *nunc pro tunc* to the Petition Date.

## Basis for Relief

**I.     The Stipulation satisfies the requirements of Bankruptcy Rule 9019.**

10. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides:

> On motion of the trustee, after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

11. Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting

Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Additionally, the Third Circuit has recognized that "'[i]n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). Courts in this District also have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See, e.g.*, *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

12. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 424-25. The court need not be convinced that the settlement is the best possible compromise in order to approve it. *In re Coram Healthcare Corp.*, 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing *In re Jasmine, Ltd.*, 258 B.R. 119 (D.N.J. 2000)); *see also In re Coram Healthcare Corp.*, 315 B.R. at 330.

13. The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393.

14. The Debtors respectfully submit that the Stipulation satisfies the requirements of Bankruptcy Rule 9019.  Under the Stipulation the Debtors do not continue to accrue potential obligations in connection with the Equipment Lease, and ASE is prevented from seeking potential postpetition administrative and other claims, on equipment that the Debtors no longer use. In exchange for the return of the Equipment, ASE has agreed, pursuant to the terms of the Stipulation, to waive any payments due under the Equipment Lease on and after September 25, 2019, including any claims for rejection damages pursuant to section 365 of the Bankruptcy Code.[3]  These terms in the Stipulation benefit the Debtors and their estates by freeing up any funds that may otherwise have been used to pay such claims.  Further, the Debtors are not aware of any claim against ASE that they would be foregoing by entering into the Stipulation.  Rather, the Stipulation avoids the Debtors having to attribute funds toward potential postpetition administrative claims or litigating rejection damages claims against ASE.

15. Moreover, the Debtors' entry into the Stipulation is in the best interests of the Debtors' creditors and other parties in interest.  ASE owns the Equipment under the Equipment Lease and thus, the return of ASE's property does not affect the interests of the Debtors' other creditors.  In addition, ASE's waiver of postpetition payments, as described above, under the

---

[3] ASE reserves the right to assert additional claims on an unsecured basis resulting from any damage, maintenance, repairs, or other claims relating to the condition of the Equipment (the "**Condition of the Equipment Claim**").  The Debtors reserve the right to object to any Condition of the Equipment Claim.

70829619.2

Equipment Lease allows the Debtors' estates to avoid potential postpetition administrative and other claims that would negatively affect recovery to the Debtors' creditors.

II.     **Rejection of the Equipment Lease reflects a sound exercise of the Debtors' business judgment and should be authorized.**

16.     Section 365(a) of the Bankruptcy Code provides that a debtor may, with court approval, assume or reject an executory contract or unexpired lease.  11 U.S.C. § 365(a).  In determining whether to approve a debtor's request to assume or reject an executory contract or unexpired lease, courts generally defer to the debtor's business judgment.  *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

17.     Courts generally will not second guess a debtor's business judgment concerning rejection of an executory contract or unexpired lease.  *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal quotations omitted)).  The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  *N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513.  Further, "[s]ection 365 enables the [debtor] to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not."  *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar.*

6

*Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

18. Under the circumstances, rejection of the Equipment Lease is an appropriate exercise of the Debtors' business judgment that will reduce financial burdens on the Debtors' estates. As previously stated, the Debtors ceased use of the Equipment prior to the Petition Date and believe that the Equipment no longer serves a use for the Debtors' ongoing business. Accordingly, the Equipment no longer provides a benefit to the Debtors or their estates. For these reasons, the Court should authorize the Debtors to reject the Equipment Lease.

19. Moreover, the Court should authorize rejection of the Equipment Lease *nunc pro tunc* to Petition Date because the Debtors stated unequivocally their intention to reject the Equipment Lease by filing this Motion. Courts in this district and elsewhere recognize that *nunc pro tunc* rejection is appropriate where the balance of the equities favors such relief. *See SCS Co. v. Peter J. Schmitt Co.*, No. 94-125-RRM, 1995 U.S. Dist. LEXIS 22163, at *5 (D. Del. May 15, 1995) (noting that a bankruptcy court has authority to select a retroactive date for the effective date of a lease's rejection); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered).

20. The balance of equities favors the relief requested herein. Without a retroactive date of rejection, ASE may attempt to assert administrative and other claims pursuant to the terms of the Equipment Lease. As stated above, the Debtors no longer have a need for the

Equipment provided under the Equipment Lease, and maintaining the Equipment Lease would cause an unnecessary burden on the Debtors and their estates. Therefore, the Debtors respectfully submit that it is fair and equitable for the Court to order that the Equipment Lease be rejected retroactively as of Petition Date in accordance with the terms of the Stipulation.

21. For the foregoing reasons, the Debtors respectfully request entry of the Proposed Order approving the Stipulation, which, in the Debtors' business judgment, is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

## Notice

22. The Debtors have provided notice of this Motion to: (a) the U.S Trustee for the District of Delaware; (b) counsel to ASE; (c) counsel to the Committee; (d) counsel to the Prepetition Agent; (e) counsel to the Subordinated Term Loan Agent; and (f) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

23. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: Wilmington, Delaware  
October 15, 2019

**POLSINELLI PC**

*/s/ Shanti M. Katona*  
Christopher A. Ward (Del. Bar No. 3877)  
Shanti M Katona (Del. Bar No. 5352)  
Stephen J. Astringer (Del. Bar No. 6375)  
222 Delaware Avenue, Suite 1101  
Wilmington, Delaware 19801  
Telephone: (302) 252-0920  
Facsimile: (302) 252-0921  
cward@polsinelli.com  
skatona@polsinelli.com  
sastringer@polsinelli.com  

*Proposed Counsel to the Debtors and Debtors in Possession*