**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>Objection Deadline: October 29, 2019 at 4:00 p.m. (ET)<br>Hearing Date: November 5, 2019 at 1:00 p.m. (ET) |

**APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY
AND RETAIN POLSINELLI PC AS COUNSEL TO THE DEBTORS
*NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby file this application (the "**Application**"), pursuant to sections 327(a), 328(a), 329, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 2014(a) and 2016(a) of Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"); and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order, substantially in the form of Exhibit A attached hereto (the "**Proposed Order**"), authorizing the employment and retention of Polsinelli PC ("**Polsinelli**") as counsel to the Debtors. In support of this Application, the Debtors rely upon and incorporate by reference the *Declaration of Christopher A. Ward in Support of the Application of Debtors to Employ and Retain Polsinelli PC as Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Ward Declaration**"), attached hereto as Exhibit B; the *Declaration of Alton Davis, President and Chief Operating Officer of Bayou Steel BD Holdings,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana, 70068.

70669266.5

*L.L.C., in Support of the Application of Debtors to Employ and Retain Polsinelli PC as Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Davis Declaration**"), attached hereto as Exhibit C; and respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Debtors consent to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 328, 330, and 331; Bankruptcy Rules 2014 and 2016; and Local Rule 2014-1.

## BACKGROUND

3. On October 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Alton Davis, President and Chief Operating Officer of Bayou Steel BD Holdings, L.L.C., in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**") [Docket. No. 14] and is fully incorporated herein by reference.

4. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has

been requested in the Chapter 11 Cases, but the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors on October 10, 2019 [Docket No. 67].

## RELIEF REQUESTED

5. By this Application, the Debtors seek to employ and retain Polsinelli *nunc pro tunc* to the Petition Date to represent the Debtors as their counsel in connection with the Chapter 11 Cases. Accordingly, the Debtors respectfully request entry of an order pursuant to Bankruptcy Code section 327(a), substantially in the form attached hereto as Exhibit A, authorizing the Debtors to employ and retain Polsinelli as counsel in the Chapter 11 Cases.

## BASIS FOR RELIEF

6. Polsinelli began providing restructuring advice to the Debtors on September 23, 2019 when the Debtors formally retained Polsinelli as bankruptcy and restructuring counsel. Accordingly, the Debtors seek to retain Polsinelli as their counsel because of Polsinelli's extensive general legal experience and knowledge, and in particular, its recognized expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge in practicing before this Court, its proximity to this Court, and its ability to respond quickly to emergency hearings and other matters in this Court. Further, Polsinelli's appearance before this Court for the applications, motions, and other matters in the Chapter 11 Cases will be efficient and cost-effective for the Debtors' estates. The Debtors believe that Polsinelli is both well-qualified and uniquely able to represent them in the Chapter 11 Cases in a most efficient and timely manner given its prior experience both with the Debtors and with this Court.

7. Polsinelli has extensive experience in other chapter 11 bankruptcy debtor cases in the District of Delaware including, among others, recent engagements as: debtors' counsel in Orchids Paper Products Company, debtors' co-counsel to United Sporting Goods and its

affiliates, debtors' counsel in EBH Topco, LLC; debtor's counsel in Jet Midwest Group, LLC; debtor's counsel in PhaseRx, Inc.; debtor's counsel Ensequence, Inc.; debtors' counsel in The Original Soupman, Inc.; co-counsel in CIBER, Inc.; and Delaware and conflicts counsel in California Proton Treatment Center, LLC.

8. It is the carefully considered view of the Debtors that, considering the circumstances of the Chapter 11 Cases as detailed in the First Day Declaration and the various interests involved, including that the Chapter 11 Cases are pending in Delaware, that representation of the Debtors by Polsinelli is necessary, advisable, and in the best interests of the Debtors and their estates.

9. Polsinelli's services are necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession. Subject to Court approval, the professional services that Polsinelli will be required to render, shall include (but shall not be limited to):

a. taking all necessary action to protect and preserve the estates of the Debtors, including the negotiation of claims and disputes in which the Debtors are involved, the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, and the adjudication of claims filed against the Debtors' estates;

b. reviewing all pleadings filed in the Chapter 11 Cases;

c. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business;

d. preparing on behalf of the Debtors, as debtors in possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtors' estates;

e. appearing in court and protecting the interests of the Debtors before this Court;

f. assisting with any disposition of the Debtors' assets, by sale or otherwise;

g. taking all necessary or appropriate actions in connection with any plan of reorganization and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

      h.      performing all other legal services in connection with the Chapter 11 Cases as may reasonably be required.

10. It is necessary that the Debtors employ attorneys to render the foregoing professional services. Polsinelli has stated its desire and willingness to act in the Chapter 11 Cases and render the necessary professional services as attorneys for the Debtors.

11. Prior to the Petition Date, and as set forth in more detail above, the Debtors retained Polsinelli to provide bankruptcy and restructuring advice, including assisting in the preparation of the requisite petitions, motions and corresponding exhibits in connection with the commencement of the Chapter 11 Cases, as well as providing advice regarding practice and procedure before this Court. The Debtors believe Polsinelli has the necessary background to represent the Debtors effectively and efficiently in the Chapter 11 Cases. In preparing for its representation of the Debtors in the Chapter 11 Cases, Polsinelli has become familiar with the Debtors' affairs and many of the potential issues which may arise in the Chapter 11 Cases.

12. By separate applications, the Debtors seek the approval of Candlewood Partners, LLC ("**Candlewood**") as their investment banker and financial advisor and Benesch, Friedlander, Coplan and Aronoff LLP ("**Benesch**") as counsel to their board of directors. The Debtors were authorized to retain Kurtzman Carson Consultants LLC ("**KCC**") as their noticing and claims agent, effective as of the Petition Date on October 1, 2019 [Docket No. 51]. The Debtors will also seek authority to employ certain ordinary course professionals. All such firms shall work under the direction of the Debtors' management and all firms engaged shall commit to minimizing duplication of services to reduce administrative costs to the estates.

13. Representation for the purposes delineated above is in accordance with Bankruptcy Code section 327(a). Bankruptcy Code section 327(a) provides for the appointment of counsel where the proposed counsel does not possess any interest materially adverse to the

debtor with regard to the matters that will be handled by counsel and where counsel are disinterested persons.

14. To the best of the Debtors' knowledge, and except as disclosed in this Application and in the Ward Declaration, Polsinelli does not hold or represent any interest or connection adverse to the Debtors, the estates, creditors, any other party in interest, or their respective attorneys or accountants. Polsinelli is a "disinterested person" as defined in the Bankruptcy Code.

15. Pursuant to Bankruptcy Code section 327(c), Polsinelli is not disqualified from acting as Debtors' counsel merely because it previously represented or currently represents the Debtors' creditors or other parties in interest in matters unrelated to the Debtors or the Chapter 11 Cases. To the extent that Polsinelli is determined to have a conflict with respect to a particular client or matter as it related to the Chapter 11 Cases, the Debtors will utilize separate conflicts counsel as necessary. In addition, to the extent necessary and appropriate, Polsinelli will implement an ethical wall, screening attorneys working on any such matters from interacting with attorneys working on the Chapter 11 Cases.

16. The Debtors understand that Polsinelli intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

17. With regard to the Chapter 11 Cases, prior to the Petition Date, the Debtors paid Polsinelli a retainer in the amount of $50,000 in September 2019 (the "**Retainer**"). All of Polsinelli's prepetition fees and expenses were applied against the Retainer immediately before the Petition Date, and Polsinelli wrote off a significant amount of fees and waives any claim that may have existed against the Debtors' estates as of the Petition Date. Pursuant to Bankruptcy

Code section 329, Bankruptcy Rule 2016, and Local Rule 2016-1, Polsinelli discloses that the Retainer was the only sum received in the 12 months preceding the Petition Date.

18. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to pay Polsinelli discounted hourly rates for services rendered. Polsinelli has advised the Debtors that Polsinelli's hourly rates for professionals that will be primarily responsible for this matter range from:

> Shareholders: $475 - $750
> Associates: $335 - $380
> Paraprofessionals: $275

19. All rates are discounted from the standard hourly rates charged by Polsinelli to other similarly situated clients and on similar matters. Notwithstanding, these hourly rates are subject to periodic adjustment to reflect economic and other conditions.

20. The Debtors also submit that such rates are reasonable and should be approved by this Court at this time, subject to a determination of the amounts to be paid to Polsinelli upon applications for allowance. Moreover, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to reimburse Polsinelli for its actual and necessary expenses.

## CONSENT TO JURISDICTION

21. Pursuant to Local Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

22. Notice of this Application will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Prepetition Agent; (c) counsel to the Subordinated Term

Loan Lender; (d) counsel to the Official Committee of Unsecured Creditors; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

23. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the proposed order substantially in the form attached hereto as Exhibit A granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: October 15, 2019  
      Wilmington, Delaware

*/s/ Alton Davis*  
Alton Davis  
President and Chief Operating Officer  
**Bayou Steel BD Holdings, L.L.C., et al.**