## **EXHIBIT A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. \_\_\_\_** |

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF POLSINELLI PC AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application (the "**Application**")[2] of the Debtors for entry of an order authorizing the retention and employment of Polsinelli PC ("**Polsinelli**") as counsel to the Debtors *nunc pro tunc* to the Petition Date (the "**Petition Date**"), as more fully described in the Application; and upon the declaration of Christopher A. Ward, a shareholder of Polsinelli, attached to the Application as <u>Exhibit B</u> (the "**Ward Declaration**") and upon the declaration of Alton Davis attached to the Application as Exhibit C (the "**Davis Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Ward Declaration that Polsinelli is "disinterested" as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required under Bankruptcy Code section 327(a), and that Polsinelli represents no interest adverse to the Debtors' estates; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana, 70068.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors

consent to entry of a final order under Article III of the United States Constitution; and venue of

the Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and it appearing that proper and adequate notice of the Application has been given and

that no other or further notice is necessary; and upon the record herein; after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is GRANTED, as set forth herein.

2.      Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(a) and 2016,

and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ Polsinelli as

counsel in the Chapter 11 Cases in accordance with Polsinelli's hourly rates and disbursement

policies *nunc pro tunc* to the Petition Date.

3.      Polsinelli is authorized to render the professional services described in the

Application and the Ward Declaration.

4.      Polsinelli shall be compensated in accordance with the procedures set forth in

Bankruptcy Code sections 328, 330, and 331, and applicable Bankruptcy Rules, and Local Rules,

and such other procedures as may be fixed by order of the Court. Polsinelli also intends to make

a reasonable effort to comply with the U.S. Trustee's requests for information and additional

disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11*

*Cases Effective as of November 1, 2013*, both in connection with this Application and the interim

and final fee applications to be filed by Polsinelli in these Chapter 11Cases.

5.     Notwithstanding anything to the contrary in the Application, Polsinelli will not seek reimbursement of expenses for office supplies, any secretarial charges, or other overtime charges.

6.     Polsinelli shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Polsinelli to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Polsinelli shall neither share fees with existing or future contract attorneys who advise the Debtors nor enter into fee sharing arrangements with such contract attorneys.

7.     Prior to any increases in Polsinelli's rates for any individual employed by Polsinelli and providing services in the Chapter 11 Cases, Polsinelli shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the United States Trustee, and any statutorily appointed committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

8.     Polsinelli shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

9.     Notwithstanding anything to the contrary in the Application, the Ward Declaration, the terms of any engagement letter, or this Order, Polsinelli shall not seek reimbursement of any fees or costs of its counsel arising from the prosecution or defense of any of Polsinelli's fee

applications in these Chapter 11 Cases, except as and to the extent otherwise permitted under applicable law and the decisions of this Court.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.