## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: November 13, 2019 at 4:00 p.m. (ET)** |
| | **Hearing Date: December 11, 2019 at 10:30 a.m. (ET)** |

## MOTION OF THE DEBTORS TO RETAIN SHARED MANAGEMENT RESOURCES, LTD. AND DESIGNATE CHARLES S. DEUTCHMAN AS CHIEF RESTRUCTURING OFFICER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b), *NUNC PRO TUNC* TO OCTOBER 19, 2019

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order, substantially in the form of Exhibit A attached hereto (the "**Proposed Order**"), authorizing the retention of Shared Management Resources, Ltd. ("**SMR**") and the designation of Charles S. Deutchman ("**Deutchman**") as Chief Restructuring Officer (the "**CRO**"), *nunc pro tunc* to October 19, 2019. In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Charles S. Deutchman in Support of the Motion of the Debtors to Retain Shared Management Resources, Ltd. and Designate Charles S. Deutchman as Chief Restructuring Officer Pursuant To 11 U.S.C. §§ 105(a) and 363(b), Nunc Pro Tunc To October 19, 2019* (the "**Deutchman Declaration**"), attached hereto as Exhibit B, the *Declaration of Alton Davis, President and Chief Operating Officer of Bayou Steel BD Holdings, L.L.C., in Support of Chapter 11 Petitions and First Day*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana, 70068.

*Pleadings* (the "**First Day Declaration**") [Docket. No. 14]. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Debtors consent to entry of a final order under Article III of the United States Constitution.

2.      Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 363(b).

## BACKGROUND

4.      On October 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

5.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

6.      On October 3, 2019, the Court entered an order authorizing the joint administration of the Chapter 11 Cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Docket No. 33].

70928706.3

7.      On October 10, 2019, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**") [Docket No. 67].

8.      The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

9.      No trustee, examiner or committee has been appointed in these Chapter 11 Cases.

10.     On or about September 30, 2019, before the Petition Date, the Debtors' former chief executive officer resigned, effective immediately, leaving a void in the senior leadership team necessary to assist the Debtors through the bankruptcy and restructuring process.

11.     In consideration of the size and complexity of the Debtors' business, as well as the exigencies of the circumstances, the Debtors determined that the services of an experienced chief restructuring officer will substantially enhance their attempts to maximize the value of their estates.

12.     Accordingly, on or about October 18, 2019, the Debtors' independent board of directors (the "**Independent Board**") held a meeting to evaluate four (4) potential independent third-party candidates to serve as a CRO to assist the Debtors through the chapter 11 bankruptcy and restructuring process.

13.     The Independent Board decided to retain SMR and selected SMR's managing director, Deutchman, to act as the Debtors' CRO. SMR agreed to its retention and designated Deutchman to serve as CRO, pursuant to the terms and conditions set forth in the engagement letter dated October 19, 2019 (the "**Engagement Letter**") attached hereto as Exhibit C.

14.     Through the leadership of Deutchman and the guidance of the other independent professionals, the Debtors are prepared both to proceed with the Chapter 11 Cases in a cost-efficient manner and to effect a sale of substantially all of their assets as quickly as possible.

15.     The Debtors believe that the immediate retention of an independent chief restructuring officer is critical to these Chapter 11 Cases to provide the Debtors with independent direction and oversight and to fill the leadership and management void left by the former chief executive officer.

<u>**RELIEF REQUESTED**</u>

16.     By this Motion, the Debtors request entry of the Proposed Order, authorizing the retention of SMR and the designation of Deutchman as the CRO, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, *nunc pro tunc* to October 19, 2019.

17.     Subject to Court approval, Deutchman will serve as the CRO to assist the Debtors with their reorganization efforts and these Chapter 11 Cases, as further described below.

**A.      Retention of SMR and Designation of Deutchman as CRO**

18.     SMR has over twenty-eight years of experience providing specialized turnaround management and crisis intervention services. The creative and cost effective professional services offered by SMR are a hybrid of accounting, financial, management, and strategic planning. SMR has served complex and challenging companies in many roles, including as chief financial officer, chief operating officer, and chief executive officer. SMR has provided services to multi-national and middle market companies whose revenues range between of $10 million to $500 million and cover a wide range of industries.

19.     Deutchman is a turnaround professional with more than thirty-eight years of experience providing successful financial, operational, and strategic consulting to both public and privately held companies. Deutchman has performed turnaround consulting services and

expert witness services, as well as other financial advisory services for a wide range of well-known multi-national clients. He has held interim roles such as chief restructuring officer, chief financial officer, chief operating officer, financial adviser, and IPO adviser. Deutchman has provided professional services to a large number of distressed businesses including Trans Ohio Savings & Loan; Voice Tel Enterprises; Arkansas Electric Motors, Inc.; Encore Manufacturing, Inc.; Aerosol Systems, Inc.; Kinetico Engineered Systems, Inc.; Arhaus Furniture, Ltd.; Cross Roads Lincoln Mercury; Valley City Steel, Inc.; Labate Chrysler, Inc.; Advance Payroll Inc.; Wilson Mill Foods, Inc.; Mapleside Farms, Inc.; Maximum Fitness, Inc.; Ridge Manor Nursery, LLC.; 21st Homes, Inc.; Evergreen Builders, LLC; The Mailroom, Inc.; Odyssey Petroleum Corporation; Willowbend Nursery, Inc.; Alpha Star LTD.; M&S Distributing, Inc.; MKT, Inc.; APW – Cork; Grand Eagle Companies; Precision Rubber, Inc.; Champion Fitness, LTD.; International Total Services, Inc.; Vibron Manufacturing, Inc.; Hedwin Corporation; East West Copolymer, LLC; Mack Industries, Inc.; R. C. A. Rubber Company; Lion Brothers Company; PakLab, Inc.; ZH Filter, Inc.; Ceretel, Inc.; and C. H. Briggs Company.

20.     Since Deutchman's initial engagement by the Debtors, he has worked closely with the Debtors' management and other professionals in assisting with the requirements of operating the business, analyzing accounts receivable and payable, monitoring and managing collection efforts, exploring restructuring options, and complying with bankruptcy related reporting requirements. Consequently, the Debtors believe that SMR and Deutchman have developed significant relevant experience and expertise regarding the Debtors, their operations, and the unique circumstances of these Chapter 11 Cases.

21.     For these reasons, SMR and Deutchman are well qualified to deal effectively and efficiently with matters that may arise in the context of these Chapter 11 Cases. Accordingly, the

Debtors submit that the retention of SMR and the designation of Deutchman as CRO on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtors' estate, creditors, and all other parties in interest, and should be granted in all respects.

**B.      Scope of Services**

22.      Subject to approval by the Court, the Debtors propose to retain SMR and designate Deutchman as CRO on the terms and conditions set forth in the Engagement Letter,[2] except as otherwise explicitly set forth herein or in any order granting this Motion.

23.      On behalf of SMR, Deutchman will assist the Debtors in assisting with the requirements of operating the business, analyzing accounts receivable and payable, monitoring and managing collection efforts, complying with bankruptcy related reporting requirements, and exploring restructuring options including assistance through the Section 363 sales process. In addition, SMR and Deutchman will provide services in the following areas, with agreed upon changes as the project progresses:

(a)      Review historical financial information pertaining to the Debtors' assets, liabilities, cash flows and financial statements, with all such information to be timely provided by the Debtors;

(b)      Assist the Debtors with the preparation of the Schedules of Assets and Liabilities, Schedule of Executory Contracts, Statement of Financial Affairs, the monthly Operating Reports and all other reporting required by the United States Bankruptcy Court ("Court"), as well as assisting in such areas as testimony before the Court on matters that are within SMR's areas of expertise;

(c)      Work with the Board of Directors, senior management and other employees of the Debtors and their advisors to provide advice and assistance in support of the Section 363 sales process;

---

[2] The summaries of the Engagement Letter (and terms attached thereto) contained in this Motion are provided for purposes of convenience only. In the event of any inconsistency between the summaries contained herein and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter shall control unless otherwise set forth herein. Capitalized terms use but not otherwise defined herein shall have the meanings set forth in the Engagement Letter.

6

(d)     Gain an understanding of the existing contractual arrangements and obligations with customers, advisors, consultants and suppliers;

(e)     Assist the Debtors with their cash management efforts necessary to comply with requirements of their lenders pursuant to their respective credit agreement(s) and cash collateral orders;

(f)     Assist the Debtors and counsel, as needed, with preparation for hearings, and provide testimony, during the pendency of any litigation or in support of the Section 363 sales process;

(g)     Manage the interface with all professionals associated with the bankruptcy and associated Section 363 sales process, including managing due diligence requests and process as requested by various constituents;

(h)     Work with senior management and other employees of the Debtors to assist in their preparation for the Section 341 hearing and support their testimony, if requested;

(i)     Assist with the transition of sold assets to the successful bidder and support for subsequent reporting of the sale and other asset dispositions; and

(j)     Assist with such other matters as may be requested that fall within SMR's expertise and that are mutually agreeable.

24.     These services are necessary to enable the Debtors to maximize the value of their estates and successfully complete restructuring.

## C.     SMR's and Deutchman's Disinterestedness

25.     To the best of the Debtors' knowledge, information, and belief, except as set forth in the Deutchman Declaration, SMR and Deutchman: (a) have no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; and (b) do not hold any interest adverse to the Debtors' estates.

26.     Although the Debtors submit that the retention of SMR and designation of Deutchman as CRO is not governed by Bankruptcy Code section 327, the Debtors attach the Deutchman Declaration, which discloses, among other things, any relationship that SMR, Deutchman, or any individual member of SMR has with the Debtors, their significant creditors,

or other significant parties in interest known to SMR. Based upon the Deutchman Declaration, the Debtors submit that SMR and Deutchman are "disinterested persons" as that term is defined by Bankruptcy Code section 101(14).

27.     In addition, as set forth in the Deutchman Declaration, if any new material facts or relationships are discovered or arise, SMR and Deutchman will provide the Court with a supplemental declaration.

**D.     Terms of Retention**

**i.     <u>Compensation</u>**

28.     In accordance with the terms of the Engagement Letter, the Debtors have agreed to pay SMR for its services a flat fee of $2,500.00 per day, plus travel time outside of normal workday hours, which shall be paid at the rate of $160.00 per hour. In addition, SMR will be reimbursed for all reasonable and necessary out-of-pocket expenses, including travel, meals, lodging, postage, telephone, document reproduction, and other direct expenses.

**ii.     <u>Indemnification</u>**

29.     In accordance with the terms of the Engagement Letter and as a material part of the consideration for which SMR and Deutchman have agreed to provide services, the Debtors have agreed to indemnify Deutchman for acting as an officer of the Debtors under the corporate bylaws and applicable state law and to the same extent as the most favorable indemnification the Debtors extend to their officers and directors and to cover Deutchman under the Debtors' director and officer liability policies. The rights to indemnification shall survive the termination of this Chapter 11 Case or any case into which it may be converted.

30.     The Debtors believe the indemnification provisions are reasonable terms and conditions of the retention of SMR and were, along with all terms of the Engagement Letter,

70928706.3

negotiated by the Debtors and SMR at arm's-length and in good faith. SMR and the Debtors believe that the indemnity provisions are comparable to those indemnification provisions generally obtained by firms of similar stature to SMR and for comparable engagements, both in and out of court. The Debtors respectfully submit that the indemnification provisions contained in the Engagement Letter, viewed in conjunction with the other terms of the retention of SMR, are reasonable and in the best interests of the Debtors, their estates, and the creditors in light of the fact that the Debtors require SMR's services to successfully reorganize.

### iii.    Fees and Reporting

31.    If the Court approves the relief requested herein, SMR will be retained to provide the Debtors with the services set forth in this Motion and the Engagement Letter and Deutchman will be designated as the Debtors' CRO pursuant to Bankruptcy Code section 363. Because SMR is not being retained as a professional under Bankruptcy Code section 327, SMR will not be required to submit fee applications pursuant to Bankruptcy Code sections 330 and 331. Instead, SMR will file with the Court, with copies to counsel to the Prepetition Agent, counsel to the Subordinated Term Loan Lender, counsel to the Official Committee of Unsecured Creditors, and the U.S. Trustee, an activities and expense report for the previous month (the "**Monthly CRO Report**"). Such report shall include the activities performed by Deutchman for the prior month and itemize the expenses incurred for the relevant period.

32.    Given the numerous issues SMR may be required to address in the performance of its services, SMR's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtors submit that the fee arrangements set forth herein and in the Engagement Letter are reasonable.

## BASIS FOR RELIEF REQUESTED

33.     The Debtors seek approval of the retention of SMR pursuant to Bankruptcy Code section 363, *nunc pro tunc* to October 19, 2019. Section 363(b)(1) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1) (2017). Further, pursuant to Bankruptcy Code section 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* § 105(a).

34.     Under applicable case law in this and other circuits, if a debtor's proposed use of its assets pursuant to Bankruptcy Code section 363(b) represents a reasonable exercise of business judgment on the part of the debtor, such use should be approved. *See, e.g., Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct.").

35.     The retention of SMR is a sound exercise of the Debtors' business judgment. Deutchman has extensive experience as a senior officer and as an advisor for many troubled companies. The Debtors believe that SMR will provide services that benefit the Debtors' estates and creditors. In light of the foregoing, the Debtors believe that the retention of SMR is appropriate and in the best interests of the Debtors and their estates and creditors.

70928706.3

36.     The retention of interim corporate officers and other temporary employees is proper under Bankruptcy Code section 363. Courts in this District routinely authorize the retention of officers utilizing this provision of the Bankruptcy Code.

37.     Based upon the foregoing, the Debtors submit that the retention of SMR, and the designation of Deutchman as CRO on the terms set forth herein and in the Engagement Letter, is essential, appropriate, and in the best interests of the Debtors' estates, creditors, and other parties in interest and should be granted in these Chapter 11 Cases.

## NUNC PRO TUNC RELIEF REQUESTED

38.     The Third Circuit has identified the "time pressure to begin service" and the absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). The complexity and speed that have characterized these Chapter 11 Cases have necessitated that the Debtors and the Debtors' other professionals focus their immediate attention on time-sensitive matters and promptly devote substantial resources to these Chapter 11 Cases, pending submission and approval of this Motion. Upon information and belief, no party-in-interest would be prejudiced by the granting of the relief requested herein on a *nunc pro tunc* basis.

## NOTICE

1.     Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov); (b) counsel to the Prepetition Agent, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201-2975, Attn: William L. Wallander (bwallander@velaw.com) and Bradley R. Foxman (bfoxman@velaw.com), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware

19801, Attn: Mark D. Collins (collins@rlf.com); (c) counsel to the Subordinated Term Loan Lender, Winston & Strawn LLP, 35 Wacker Dr., Chicago, Illinois 60601, Attn: Dan McGuire (dmcguire@winston.com) and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 300, Wilmington, Delaware 19899-2323, Attn: Seth Niederman (sniederman@foxrothschild.com); (d) proposed counsel to the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adams (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com); and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

2.      The Debtors submit that, under the circumstances, no other or further notice is required.

## **NO PRIOR REQUEST**

3.      No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order attached as <u>Exhibit A</u> granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 30, 2019  
      Wilmington, Delaware

*/s/ Alton Davis*  
Alton Davis  
President and Chief Operating Officer  
**Bayou Steel BD Holdings, L.L.C., et al.**

70928706.3