**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 150** |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN SHARED MANAGEMENT RESOURCES, LTD. AND DESIGNATE CHARLES S. DEUTCHMAN AS CHIEF RESTRUCTURING OFFICER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b),** *NUNC PRO TUNC* **TO OCTOBER 19, 2019**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for authority to retain Shared Management Resources, Ltd. ("**SMR**") and designate Charles S. Deutchman ("**Deutchman**") as Chief Restructuring Officer (the "**CRO**"), *nunc pro tunc* to October 19, 2019 pursuant to the terms and conditions set forth in Deutchman Declaration attached to the Motion as Exhibit B and the Engagement Latter attached to the Motion as Exhibit C, all as more fully described in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana, 70068.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED, to the extent set forth herein.

2. Pursuant to Bankruptcy Code sections 105(a) and 363(b), the Debtors are authorized to retain SMR and to designate Deutchman as CRO, *nunc pro tunc* to October 19, 2019 subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Motion or any Exhibits related thereto to the contrary:

    (a) SMR and its affiliates shall not act in any other capacity (for example, and without limitation, as claims agent/claims administrator or investor/acquirer) in connection with the Chapter 11 Cases.

    (b) In the event the Debtors seek to have SMR personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

    (c) No principal, employee, or independent contractor of SMR and its affiliates shall serve as a director of the Debtors during the pendency of the Chapter 11 Cases.

    (d) Deutchman shall file with the Court, and provide notice to the Office of the United States Trustee ("**U.S. Trustee**"), counsel to the Prepetition Agent, counsel to Subordinated Term Loan Lender, and proposed counsel to the Official Committee of Unsecured Creditors, reports of compensation earned and expenses incurred on a monthly basis for the preceding month. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain

      detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/2 hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

(e)    The CRO shall be entitled to indemnification on the same terms as the Debtors' other directors and officers under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers policies.

(f)    For a period of three (3) years after the conclusion of the engagement, neither SMR nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors.

(g)    SMR shall disclose any and all facts that may have a bearing on whether SMR, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation..

3.    Further, notwithstanding any provision to the contrary in the Engagement Letter, the Debtors shall only indemnify Deutchman in his capacity as CRO on the same terms as provided to the Debtors' other officers and directors under the Debtors' bylaws and applicable state law and pursuant to insurance coverage carried by the Debtors. There will be no other indemnification of SMR or any of its affiliates or Deutchman.

4.    In connection with SMR's engagement, the Debtors have agreed to retain, as soon as reasonably practicable, and subject to the Court's approval, a liquidator of the Debtors' inventory who shall be reasonably acceptable to the Debtors and Bank of America, N.A. and shall receive commission-based compensation. The terms of such liquidator's engagement shall be reasonably acceptable to the Debtors and Bank of America, N.A., and shall require such liquidator to work with the Debtors' existing management in the liquidation of inventory.

5.	To the extent inconsistencies exist between the terms of the Engagement Letter, the Motion, and this Order, the terms of this Order shall govern.

6.	This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and the Engagement Letter.

Dated: December 2nd, 2019  
Wilmington, Delaware

*Ka B. O*  
KAREN B. OWENS  
UNITED STATES BANKRUPTCY JUDGE

71266130.2