IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: December 19, 2019 at 10:00 am (ET)**<br>**Objection Deadline: December 13, 2019 at 4:00 pm (ET)** |

**RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

The Official Committee of Unsecured Creditors (the "Committee") of Bayou Steel BD Holdings, L.L.C., *et al.*, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this reservation of rights with respect to the *Motion of Debtors for Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* (the "Motion").[2]  In support of this reservation of rights, the Committee respectfully states as follows:

**RESERVATION OF RIGHTS**

1. The Committee remains supportive of the sale process implemented at the outset of these cases, and the Debtors' efforts to maximize the value of their estates.  At this juncture, however, the Committee is not yet in a position to fully assess the terms of any such sale and its impact on the Debtors' various stakeholders, including unsecured creditors.

---

[1] The Debtors in these chapter 11 cases are: Bayou Steel BD Holdings, L.L.C.; BD Bayou Steel Investment, L.L.C.; and BD LaPlace, LLC.

[2] Docket No. 73.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2.     As this Court is aware, there was no prepetition marketing of the Debtors' assets. Although the bid procedures authorized the Debtors to enter into a stalking horse agreement by no later than November 27, no stalking horse bids were received. The Committee, therefore, was unable to assess the terms of a contemplated sale prior to yesterday's bid deadline.

3.     The bid procedures further require any sale objections to be filed by today. The Debtors agreed, in consultation with the Committee and the lenders, to extend the bid deadline for certain prospective bidders through today. The Debtors shared copies of the bids received to date with the Committee yesterday evening, which include both going-concern and liquidation bids for various portions of the Debtors' assets, some of which are overlapping. The Committee has not had an opportunity to fully analyze such bids in advance of today's objection deadline.

4.     The Debtors did file a form sale order on December 9 and included a form purchase agreement in their data room. The Committee has reviewed these documents and does not have any gating issues or concerns. In the absence of a stalking horse bid, however, the Committee did not have any transparency regarding specific provisions that a prospective purchaser might want. Without this transparency, the Committee has not yet been able to analyze and address any specific concerns.

5.     There is similarly no transparency regarding modifications that may be sought by the Debtors' prepetition lenders. Although the form sale order does not contemplate the use of the sale proceeds, the Committee expects that the ABL lenders and/or Black Diamond will seek the immediate pay down of their debt following the sale closing. The Debtors, however, have not articulated an exit strategy or a viable path following the sale closing. Indeed, the order approving the Debtors' use of cash collateral is limited to the ABL lenders and is set to terminate on December 20. While the Committee understands that the Debtors are working on an extended budget, such budget has not yet been agreed to by the lenders or shared with the Committee.

6.  Finally, the Committee is currently investigating the liens and claims of Black Diamond, including whether there are any estate causes of action against Black Diamond in its capacity as equity owner of the Debtors. The Committee must have an opportunity to ensure any such claims are properly preserved for the benefit of the Debtors' estates.

7.  In light of the foregoing, the Committee reserves all of its rights with respect to the sale process. The Committee is undertaking its analysis with respect to these issues and intends to work with the Debtors and lenders to address any concerns that may arise in advance of the sale hearing.

Dated: December 13, 2019
Wilmington, Delaware

                          COLE SCHOTZ P.C.

                          *DRAFT*
                          G. David Dean (No. 6403)
                          Patrick J. Reilley (No. 4451)
                          Katherine M. Devanney (No. 6356)
                          500 Delaware Avenue, Suite 1410
                          Wilmington, DE 19801
                          Telephone: (302) 652-3131
                          Facsimile: (302) 652-3117
                          ddean@coleschotz.com
                          preilley@coleschotz.com
                          kdevanney@coleschotz.com

                          and

                          KELLEY DRYE & WARREN LLP
                          James S. Carr (admitted *pro hac vice*)
                          Jason R. Adams (admitted *pro hac vice*)
                          Lauren S. Schlussel (admitted *pro hac vice*)
                          101 Park Avenue
                          New York, New York 10178
                          Telephone: (212) 808-7800
                          Facsimile: (212) 808-7897
                          Email: jcarr@kelleydrye.com
                                       jadams@kelleydrye.com
                                       lschlussel@kelleydrye.com

                          *Counsel to the Official Committee of Unsecured Creditors of Bayou Steel BD Holdings, L.L.C., et al.*