**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>Re:   Docket Nos. 406, 422, 426, 431, 432, 433, 438, 442, 445, 446 and 448 |

**OMNIBUS LIMITED OBJECTION TO MOTION FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE EXPENSE, MONTHLY FEE**
**APPLICATIONS AND INTERIM AND FINAL FEE APPLICATIONS**

Entergy Louisiana, LLC ("Entergy Louisiana") submits this omnibus objection (this "Objection") to the following motions and applications which seek allowance and payment of administrative expenses (collectively, the "Motions and Applications") and, in support of the Objection respectfully states as follows below:

1. Second Monthly Fee Application of Polsinelli PC for Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from November 1, 2019 through November 30, 2019 [Docket No. 406];

2. Motion of Traxys North America LLC for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9) [Docket No. 422]

3. Third Monthly Fee Application of Polsinelli PC for Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from December 1, 2019 through December 31, 2019 [Docket No. 426];

4. Second Monthly Fee Application of Alvarez & Marsal North America, LLC for Payment of Compensation and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from December 1, 2019 through December 31, 2019 [Docket No. 431];

5. Third Monthly Fee Application of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of Bayou Steel BD Holdings, L.L.C., *et al.*, for the Period from December 1, 2019 through and including December 31, 2019 [Docket No. 432];

6. Third Monthly Fee Application of Cole Schotz P.C., Delaware Co-Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019 [Docket No. 433];

7. First Interim Fee Application of Polsinelli PC for Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from October 1, 2019 through December 31, 2019 [Docket No. 442];

8. First Interim Fee Application of Alvarez & Marsal North America, LLC for Payment of Compensation and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from October 18, 2019 through December 31, 2019 [Docket No. 444];

9. First Interim Fee Application of Kelley Drye & Warren LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of Bayou Steel BD Holdings, L.L.C., *et al.*, for the Period from October 10, 2019 through and including December 31, 2019 [Docket No. 445];

10. First Interim Fee Application of Cole Schotz P.C., Delaware Co-Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from October 10, 2019 through December 31, 2019 [Docket No. 446]; and

11. First and Final Fee Application of Candlewood Partners, LLC as Investment Banker for the Debtors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from October 1, 2019 through January 31, 2020 [Docket No. 448].

## Background

1. On October 1, 2019 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

2. According to the Debtors, since December 28, 2019, the Debtors have had no remaining employees and have not been operating in any capacity other than collecting receivables. [Docket No. 449, at ¶ 13].

3. The sale of substantially all of the Debtors' assets closed on January 31, 2020. [Docket No. 447].

4. Entergy Louisiana provided electric utilities to the Debtors through January 31, 2020. The Debtors have made no payments to Entergy Louisiana for utilities provided since the Petition Date, except for four payments totaling approximately $255.[1] The Debtors owe Entergy Louisiana approximately $761,826 on post-petition invoices that have been submitted to the Debtors. Plus, the Debtors owe Entergy Louisiana an additional approximately $250,000 that has not been invoices for utilities provided through the end of January 2020.[2]

5. The Official Committee of Unsecured Creditors and Black Diamond Commercial Finance, L.L.C. have moved the Court for entry of orders converting the Debtors' Chapter 11 Cases to Chapter 7 Cases. [Docket Nos. 417, 419]. Both motions represent that the Debtors are insolvent. Hearings are set for February 13, 2020.

6. On December 23, 2019, at the hearing to approve the sale of its assets, the Debtors themselves represented that they would be administratively insolvent by more than $4 million after the sale closing, with expenses continuing to accrue. No one has offered to fund the shortfall in the Debtors' ability to pay administrative expenses.

## **Limited Objection**

7. Entergy Louisiana does not object to the amounts sought in the Motions and Applications. However, because the Debtors' estates appear to be insolvent, Entergy Louisiana objects to any further payments being made to any administrative expense creditor until all such creditors' claims have been determined, the assets available to satisfy them are known and a ratable distribution can be made.[3]

---

[1] In November, 2019, the Debtors provided Entergy Louisiana a $125,000 cash deposit as adequate assurance of payment pursuant to Bankruptcy Code Section 366.

[2] Entergy Louisiana is also owed approximately $1.6 million for utilities provided prior to the Petition Date and approximately $1 million in damages caused by the rejection of its executory contract with the Debtors.

[3] Entergy Louisiana reserves the right to seek disgorgement of administrative expenses previously paid.

3

82386471v.1

**Argument**

8.  Bankruptcy Code Section 503 provides that an entity can request payment of an administrative expense, which may be allowed after notice and a hearing. "Section 503, however, does not address the question of when a claim for administrative expense is to be paid." *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002). "The determination of the timing of payment of administrative expenses is a matter within the discretion of the bankruptcy court." *Id*.; *see also In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." 323 B.R. at 143.

> In making this determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets. Distributions to administrative claimants are generally disallowed prior to confirmation if there is a showing that the bankruptcy estate may not be able to pay all of the administrative expenses in full. Courts will also consider the particular needs of each administrative claimant and the length and expense of the case's administration. To qualify for exceptional immediate payment, a creditor must show that there is a necessity to pay and not merely that the Debtor has the ability to pay.

*In re Global Home Products, LLC*, 06-10340, 2006 WL 3791955, *3 (Bankr. D. Del. Dec. 21, 2006) (internal quotation marks and citations omitted) (*citing In re HQ Global Holdings, Inc., supra*).

9.  None of the Motions and Application presents any facts showing that delay in payment will cause hardship. Further, except for Traxys North America LLC and Candlewood Partners, LLC, it appears the Debtors have made partial payment to the movers and applicants of the administrative expenses incurred by them. On the other hand, allowing immediate payment to the movers and applicants will unduly prejudice Entergy Louisiana. Its post-petition invoices remain almost entirely unpaid, and it is still determining its final charges. Further, allowing immediate payment will also unduly prejudice any other administrative expense claimants who have not yet

filed requests for allowance. Entergy Louisiana respectfully submits that further payments of administrative expenses should be deferred until all administrative expense creditors' claims have been determined, the assets available to satisfy them are known and a ratable distribution can be made.

WHEREFORE, Entergy respectfully requests that this Court enter orders on the Motions and Applications: (i) deferring payment of any administrative expenses that the Court may determine should be allowed until all such administrative expenses have been determined, the assets available to satisfy them are known and a ratable distribution can be made; and (ii) granting such further relief as is appropriate.

DATED: February 3, 2020	WOMBLE BOND DICKINSON (US) LLP

*/s/ Kevin J. Mangan*
Kevin J. Mangan (DE Bar No. 3810)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4361
Facsimile: (302) 252-4330
Email: kevin.mangan@wbd-us.com

and

LOCKE LORD LLP

Alan H. Katz
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Telephone: (212) 415-8509
Facsimile: (212) 812-8380

Attorneys for Entergy Louisiana, LLC