**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*, ) | Case No. 19-12153 (KBO) |
| ) | (Jointly Administered) |
| Debtors. ) | **Related to ECF Nos. 406, 422, 426, 432, 433, 438, 442, 445, 446, 448 and 454** |

**WESTCHESTER FIRE INSURANCE COMPANY'S JOINDER TO THE LIMITED OBJECTION OF ENERGY LOUISIANA, LLC'S TO VARIOUS MOTIONS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE MONTHLY FEE APPLICATIONS AND INTERIM AND FINAL FEE APPLICATIONS**

Westchester Fire Insurance Company, for itself and its affiliated sureties (collectively, the "**Surety**"), by and through its counsel, hereby submits this joinder (the "**Joinder**") to Energy Louisiana, LLC's ("**Energy**") Limited Objection (the "**Limited Objection**") [Docket No. 454] to the following motions and applications which seek allowance and payment of administrative expenses (collectively, the "**Motions and Applications**"):

1. Second Monthly Fee Application of Polsinelli PC for Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from November 1, 2019 through November 30, 2019 [Docket No. 406];

2. Motion of Traxys North America LLC for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9) [Docket No. 422];

3. Third Monthly Fee Application of Polsinelli PC for Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from December 1, 2019 through December 31, 2019 [Docket No. 426];

4. Second Monthly Fee Application of Alvarez & Marsal North America, LLC for Payment of Compensation and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from December 1, 2019 through December 31, 2019 [Docket No. 431];

5. Third Monthly Fee Application of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of Bayou Steel BD Holdings,

      L.L.C., *et al*., for the Period from December 1, 2019 through and including December 31, 2019 [Docket No. 432];

6. Third Monthly Fee Application of Cole Schotz P.C., Delaware Co-Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from Deember 1, 2019 through December 31, 2019 [Docket No. 433];

7. First Interim Fee Application of Polsinelli PC for Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from October 1, 2019 through December 31, 2019 [Docket No. 442];

8. First Interim Fee Application of Alvarez & Marsal North America, LLC for Payment of Compensation and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from October 18, 2019 through December 31, 2019 [Docket No. 444];

9. First Interim Fee Application of Kelley Drye & Warren LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of Bayou Steel BD Holdings, L.L.C., *et al.*, for the Period from October 10, 2019 through and including December 31, 2019 [Docket No. 445];

10. First Interim Fee application of Cole Schotz P.C., Delaware Co-Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from October r10, 2019 through December 31, 2019 [Docket No. 446]; and

11. First and Final Fee Application of Candlewood Partners, LLC as Investment Banker for the Debtors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from October 1, 2019 through January 31, 2020 [Docket No. 448].

      The Surety provided bonds on the debtors' and debtors'-in-possession obligations to Energy, and in that capacity, the Surety joins in the Limited Objection by way of this Joinder.

## BACKGROUND

      1.      On October 1, 2019, Bayou Steel BD Holdings, L.L.C. ("**Holding**s") and two of its affiliates, BD Bayou Steel Investments, L.L.C. ("**Investments**") and BD LaPlace, LLC, ("**LaPlace**") commenced these voluntary cases under Chapter 11 of the Bankruptcy Code by

filing petitions with this Court (Holdings, Investments and LaPlace shall be collectively referred to as "**Debtors**").

2.  In connection with one or more of the Debtors' business operations, the Surety, before October 1, 2019, issued and/or executed a surety bond on behalf of one or more of the Debtors and/or their non-debtor affiliates, as principal(s), bearing bond number K09340142, in the penal sum amount of $2,000,000.00, and in favor of Entergy Louisiana, LLC (the "**Bond**").

3.  The Bond is a form of security for the payment of certain energy- and/or utility-related charges.

4.  In connection with the issuance and/or execution of the Bond, on or about August 29, 2016, Holdings and LaPlace, as indemnitors, executed and delivered a General Agreement of Indemnity (as amended or supplemented, the "**Indemnity Agreement**"), in favor of the Surety, as an indemnitee.

5.  The Indemnity Agreement provides, in relevant part, that Holdings and LaPlace are jointly and severally obligated to, among other things:

> indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the SURETY in any action or proceeding between the INDEMNITORS and the SURETY, or between the SURETY and any third party, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim . . . .

Indemnity Agreement ¶ 2. Therefore, the Indemnity Agreement creates, among other rights, a contractual right of indemnification in favor of the Surety.

6.  Further, the Indemnity Agreement provides that Holdings and LaPlace shall, among other things:

> pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship

3

until the INDEMNITORS shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond.

Indemnity Agreement ¶ 1.

7.  As security for suretyship, Holdings and/or LaPlace caused Bank of America, N.A., to issue an irrevocable standby letter of credit in the amount of $500,000.00, for the benefit of the Surety ("**Letter of Credit**").

## JOINDER TO LIMITED OBJECTION

8.  The Surety does not object to the amounts sought in the Motions and Applications. However, because the Debtors' estates appear to be insolvent, the Surety joins in the Limited Objection to any further payments being made to any administrative expense creditor until all such creditors' claims have been determined, the assets available to satisfy them are known and a ratable distribution can be made.[1]

## ARGUMENT

9.  The Surety adopts the legal arguments of the Limited Objection [Docket No. 454] as if stated in full, herein.

## RESERVATIONS OF RIGHTS

10. The submission of this Joinder by the Surety is not intended as, and shall not be construed as: (a) the Surety's admission of any liability, or waiver of any defenses, or limitation of any rights of the Surety with respect to the Bond or any claims against any of the Bond, or in connection with any indemnity agreement in favor of the Surety, including the Indemnity Agreement; (b) the Surety's waiver or release of any right to exoneration it may have against anyone with respect to any of the Bond; (c) the Surety's waiver or release of its right to be

---

[1] The Surety reserves the right to seek disgorgement of administrative expenses previously paid.

subrogated to the rights of one or more of the parties paid in connection with any of the Bond; (d) an election of remedy; or (e) consent to the determination of any of the Debtors' liability to the Surety by any particular court, including, without limitation, the Court.

11.    The Surety expressly reserves, and does not waive, any and all of its rights, remedies, claims, defenses, limitations, and/or exclusions in connection with its and any of the Debtors' or its affiliates' rights and/or obligations under the Indemnity Agreement, the Bond, applicable law, or otherwise. The Surety further reserves all rights to assert any and all such rights, remedies, claims, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, any of its rights to have any non-core matter relating to the interpretation of its case, contractual rights, and the Debtors' contractual obligations adjudicated by the United States District Court).

12.    The Surety further reserves all of its rights to raise any issues contained in this objection and any other related issues in any procedurally appropriate contested matter and/or adversary proceeding, including, without limitation: (a) objections to confirmation of any plan; or (b) a separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief.

## CONCLUSION

**WHEREFORE**, the Surety asks the Court to sustain this objection, including by granting the relief that the Surety is requesting in this objection, and to grant such other and further relief that is just and proper.

Dated:   February 4, 2019
           Wilmington, Delaware

           Respectfully submitted,

           **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

           */s/ Gary D. Bressler*
           Gary D. Bressler (No. 5544)
           300 Delaware Avenue, Suite 770
           Wilmington, Delaware 19801
           Tel.:    (302) 300-4510
           Fax:    (302) 654-4031
           Email:  gbressler@mdmc-law.com

           – and –

           Michael R. Morano
           1300 Mount Kemble Avenue
           P.O. Box 2075
           Morristown, New Jersey 07962
           Tel.:    (973) 425-4174
           Fax:    (973) 425-0161
           Email:  mmorano@mdmc-law.com

           *Counsel to Westchester Fire Insurance Company*