# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, L.L.C., ) | |
| et al., ) | Case No. 19-12153 (KBO) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Re: Docket No. 469** |
| ) | |

## AGREED ORDER GRANTING MOTION OF JAMES AND SHELLEY DARBY FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE

Upon consideration of the Motion of James and Shelley Darby for Relief From the Automatic Stay (the "<u>Motion</u>")[1]; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been provided pursuant to Local Bankruptcy Rule 4001-1; and it appearing that no other or further notice being required; and upon consideration of any response timely filed with respect to the Motion; and after due deliberation and sufficient cause therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as hereinafter set forth.

2. The automatic stay is hereby modified for the sole and limited purpose of permitting James and Shelley Darby (the "<u>Movants</u>") to continue the prosecution of their claims against the Debtors in the Lawsuit (including any subsequent appeals taken by any of the parties thereto) or to initiate claims against any applicable insurers as part of the Lawsuit, for the sole purpose of

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

determining the liability of the defendants to the Lawsuit and/or compensatory damages due to Movants.

3. The sole and exclusive right and remedy of Movants regarding the enforcement of any of the claims asserted against the Debtors in the Lawsuit (including any judgment obtained against the Debtors, the Debtors' estates and/or any trustee by Movants therein) shall be limited to (1) recovery or payment from any available insurance proceeds or coverage available from any insurer of the Debtors (the "Insurance Proceeds"); and (2) liquidation of Movants' claims against the Debtors.

4. The provisions of Section 362 of the Bankruptcy Code prohibiting execution, enforcement, or collection of any judgment which may be obtained in the Lawsuit against any and all assets or property of the Debtors' estates shall remain in full force and effect, and neither Movants nor any of their agents, servants, attorneys, employees or other representatives shall ever attempt to cause any action whatsoever to be taken to collect any portion of any such judgment from the assets or properties of the Debtors' estates other than from any applicable insurance proceeds, pending further order of this Court. The Movants agree that any claims filed or scheduled against the Debtors' estates in connection with the Lawsuit are deemed disallowed and may be reflected as such on the official claims register, and the Movants shall not file any claims against the Debtors' estates. The Movants waive all rights to receive a distribution from the Chapter 7 Trustee and the Debtors' estates.

5. Neither the Debtors' estates nor the Chapter 7 Trustee for the Debtors' estates shall have any obligation to participate in, or defend against, the Lawsuit.

6. In the event that Movants obtain a judgment against the Debtors in connection with the Lawsuit, Movants are authorized to take any necessary actions to collect such judgment from the Debtors' insurance carrier(s) only.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

*Ka B. O—*

Dated: April 8th, 2020
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE