IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 448, 528, 530, 531, 532, 533 and 564** |

## OMNIBUS ORDER AWARDING FINAL ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES OF VARIOUS PROFESSIONALS

Upon consideration of the final applications of professionals retained by the above-captioned chapter 11 debtors and debtors in possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (together with the Debtors, the "**Professionals**") identified on the attached Exhibit A for allowance of final compensation and reimbursement of expenses for the periods set forth on Exhibit A (collectively, the "**Final Fee Applications**"); and it appearing to the Court that all of the requirements of sections 327, 328, 330, 331 and 503(b) of title 11 of the United States Code, as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, have been satisfied; and it further appearing that the expenses incurred were reasonable and necessary; and that notices of the Final Fee Applications and corresponding supplements to such Final Fee Applications were appropriate; and after due deliberation and sufficient good cause appearing therefore; it is hereby:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

73226362.4

ORDERED, that the Final Fee Applications are hereby APPROVED in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals are granted allowance of compensation in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals are granted reimbursement of expenses in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals shall be authorized and directed to remit, or cause to be remitted, payment from amounts being held by such Professionals, less any and all amounts previously paid any such Professional on account of such fees and expenses, in accordance with paragraphs 47 and 48 of the *Agreed Final Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 241] (the "**Cash Collateral Order**"); and it is further

ORDERED, that in the event such amounts being held by such Professionals are insufficient to satisfy the allowed amount of fees and expenses awarded to each such Professional in accordance with this Order, Sale Proceeds (as defined in the *Order (I) Approving the Sale of Substantially All of the Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests Under the Asset Purchase Agreement, (II) Authorizing the Assumption and Assignment of Contracts and Leases, and (III) Granting Related Relief* [Docket No. 371]) or other funds that may constitute cash collateral may not be disbursed or used to pay any of the fees and expenses approved by this Order absent further order of this Court; and it is further

ORDERED, that notwithstanding anything to the contrary herein, only the cash collateral carved-out for the payment of respective Professionals pursuant to the Cash Collateral Order may be used for payment of the fees and expenses approved under this Order and no separate or

additional payments from funds or proceeds that may constitute property of the estates shall be disbursed or used to pay any of the fees and expenses approved by this Order; and it is further

ORDERED, that this Order shall be deemed a separate order for each of the Professionals, and the appeal of any order with respect to any of the Professionals shall have no effect on the authorized fees and expenses of any of the other Professionals; and it is further

ORDERED, that the remaining funds as set forth on <u>Exhibit A</u> held by a Professional after the payment of each respective Professionals' fees and expenses in accordance with this Order shall be remitted to the Chapter 7 Trustee, George L. Miller ("**Trustee**"), pursuant to wire instructions provided by the Trustee.

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*[Signature: Ka B. O___]*

**Dated: June 29th, 2020**  **KAREN B. OWENS**
**Wilmington, Delaware**  **UNITED STATES BANKRUPTCY JUDGE**

73226362.4