IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | * | |
| **BAYOU STEEL BD HOLDINGS, L.L.C., et al.,** | * | Case No. 19-12153 (KBO) |
| Debtors. | * | Chapter 7 |
| | * | (Jointly Administered) |
| | * | Hearing Date: August 10, 2020 at 1:00 p.m. |
| | * | |
| | * | Related Motion (Doc. 587) |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**RESPONSE AND OBJECTION OF STEEL OF AMERICA TRADING CORP. TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING ISSUANCE OF SUBPOENAS FOR PRODUCTION OF DOCUMENTS AND DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 (DOC. 587)**

Steel of America Trading Corp. ("Steel of America") responds and objects to the Trustee's Motion for an Order Authorizing the Issuance of Subpoenas for the Production of Documents and Discovery from Steel of America Trading Corp. pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 (Doc. 587) (the "Motion"). The court should deny the Motion in part because it is overbroad and burdensome, because it seeks production of documents for the first six months of 2019, because the requested manner of production will cause Steel of America to unnecessarily incur significant expense, because the deposition request is unnecessarily onerous and because it seeks to reserve the Trustee's right to request unlimited additional discovery and/or examination in connection with this matter.

**BACKGROUND**

1.  Before and after the Debtors' bankruptcy filing, Steel of America bought steel products from the Debtors.

2. The Trustee apparently believes that Steel of America is indebted to the bankruptcy estate for purchases by Steel of America of steel products from the Debtors and is seeking documents from Steel of America to prove that such debt exists. No such debt exists.

3. On June 8, 2020, William A. Homony, the Trustee's court-appointed accountant, asked Steel of America to "provide an accounting of its relationship with Bayou Steel from July 1, 2019 through present."

4. On June 9, 2020, Mr. Homony demanded that Steel of America produce "supporting documentation for all transactions between Bayou Steel and Steel of America, including but not limited to invoices, purchase orders, wire remittances, check copies and credit memos for the period of time between July 1, 2019 and present."

5. On June 19, 2020, Steel of America sent Mr. Homony an "A/P Bayou, Invoice Inquiry and payments printout" in response to Mr. Homony's June 8, 2020 request. The printout showed a zero balance on the account.

6. On July 12, 2020 (a Sunday), Peter Keane, counsel to the Trustee, provided advance notice to Steel of America "that if you continue to refuse to provide the requested documents and no agreement is reached by the end of day Monday, July 13, 2020, we will proceed with filing the motion and scheduling it for a hearing."

7. The Trustee filed the Motion on July 14, 2020, one business day after counsel's e-mail.

8. Inexplicably, the Motion seeks production of documents from January 1, 2019 to June 30, 2019, which the Trustee had not previously requested from Steel of America.

**ARGUMENT**

9. At great time and expense, Steel of America has assembled all of the Trustee's requested documents for the period from July 1, 2019 to the present.

10. The production of additional documents covering the first six months of 2019 is unnecessary and burdensome for the following reasons:

    A. The Trustee has articulated no basis for requesting such additional documents, especially considering that the Trustee did not request such documents initially.

    B. As reflected in the documents that Steel of America is producing to the Trustee, the Debtors acknowledged that, as of October 22, 2019, there were only two outstanding invoices by the Debtors to Steel of America. Steel of America has in fact paid those two invoices.

    C. The additional document request appears to be a punitive response to Steel of America's initial unwillingness to expend substantial resources to provide documents to the Trustee.

    D. Steel of America is a small company with four employees. It is burdensome and time consuming to produce the additional documents.

11. Steel of America will produce the requested documents for the period from July 1, 2019 to the present on or before August 3, 2020.

12. Steel of America also objects to the manner of production demanded by the Trustee. Steel of America would have to engage a third party vendor, at great expense in terms of both vendor time and legal time, to produce the documents in the manner demanded by the Trustee.

13. Federal Rule of Civil Procedure 45(d)(2)(B)(ii) provides that an order compelling production pursuant to a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance". Steel of America is neither a party

nor a party's officer. Steel of America will produce the requested documents for the period from July 1, 2019 to the present in the manner demanded by the Trustee as long as the Trustee pays to Steel of America all expense incurred by Steel of America for third party vendor and legal services required to produce the documents in the manner demanded by the Trustee.

14. Steel of America also objects to the oral examination requested by the Trustee. Steel of America should be given thirty days' notice of any such deposition and any such deposition should take place at Steel of America's counsel's office in Baltimore, Maryland or by Zoom or other virtual means.

15. The Motion improperly reserves the Trustee's right to request additional discovery and/or examination in connection with this matter. The Trustee does not have an unlimited right to additional discovery from Steel of America.

WHEREFORE, Steel of America requests that the Court:

A. Grant the Motion in part and deny the Motion in part;

B. Only permit a subpoena to issue for production of documents for the period from July 1, 2019 to the present;

C. Only require such document production subject to advance payment by the Trustee of Steel of America's expenses for third party vendor and legal services required to produce the documents in the manner demanded by the Trustee;

D. Only permit the deposition of Steel of America upon thirty days' notice to counsel to Steel of America and only at Steel of America's counsel's office in Baltimore, Maryland (i.e., at Gordon Feinblatt LLC) or by Zoom or other virtual means; and

E. Deny the Trustee's reservation of right to request additional discovery and/or

examination in connection with this matter.

Dated: July 28, 2020.

| | |
|---|---|
| */s/ Lisa Bittle Tancredi* | */s/ David S. Musgrave* |
| Lisa Bittle Tancredi (Bar No. 4657) | David S. Musgrave (*Motion to Admit Pro Hac Vice Pending*) |
| Gebhardt & Smith LLP | Gordon Feinblatt LLC |
| 1000 N. West Street, Suite 1200 | 233 East Redwood Street |
| Wilmington, Delaware 19801 | Baltimore, Maryland 21202 |
| Phone No. (302) 295-5028 | Phone No. (410) 576-4194 |
| Fax No. (443) 957-1920 | Fax No. (410) 576-4196 |
| ltancredi@gebsmith.com | dmusgrave@gfrlaw.com |

*Attorneys for Steel of America Trading Corp.*

## CERTIFICATE OF SERVICE

I certify that on July 28, 2020, I served a copy of the foregoing response upon the following, by electronic mail:

Pachulski Stang Ziehl & Jones LLP
919 North Market Street
17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (courier 19801)
Attn:   Bradford J. Sandler, Esquire (bsandler@pszjlaw.com);
         Colin R. Robinson, Esquire (crobinson@pszjlaw.com); and
         Peter J. Keane, Esquire (pkeane@pszjlaw.com)

and

Office of the United States Trustee
J. Caleb Boggs Federal Building
844 North King Street, Suite 2207, Lock Box 35
Wilmington, Delaware  19801
Attn:  Linda J. Casey, Esquire (linda.casey@usdoj.gov)

*/s/ Lisa Bittle Tancredi*
Lisa Bittle Tancredi

8069035.1 57173/144716 07/27/2020