**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |

**NOTICE OF DEADLINES TO FILE: (I) REQUESTS FOR PAYMENT OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ESTATES OF THE FOLLOWING CHAPTER 7 DEBTORS:**

| Debtor: | Case Number: |
|---|---|
| Bayou Steel BD Holdings, L.L.C. | 19-12153 (KBO) |
| BD Bayou Steel Investment, LLC | 19-12154 (KBO) |
| BD LaPlace, LLC | 19-12155 (KBO) |

**PLEASE TAKE NOTICE** that on October 1, 2019 (the "Petition Date"), Bayou Steel BD Holdings, L.L.C., BD Bayou Steel Investment, LLC, and BD LaPlace, LLC (collectively, the "Debtors") commenced their respective bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that pursuant to an Order entered on February 25, 2020 [Docket No. 496], the Court converted the Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code, effective as of February 25, 2020 (the "Conversion Date").

**PLEASE TAKE FURTHER NOTICE** that the Office of the United States Trustee for the District of Delaware has appointed George L. Miller as the Chapter 7 Trustee (the "Trustee") for the Debtors' estates (the "Estates").

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The Debtors' former location was: 138 Highway 3217, LaPlace, Louisiana 70068.

**PLEASE TAKE FURTHER NOTICE** that, on July 27, 2020, the Bankruptcy Court entered the *Order (I) Establishing the Deadline to File Requests for Payment of Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b), (II) Approving Form and Manner of Notice thereof and (III) Granting Related Relief* [Docket No. 594] (the "Chapter 11 Administrative Claim Bar Date Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Chapter 11 Administrative Claim Bar Date Order:

The deadline for all persons or entities (except as otherwise provided in the Chapter 11 Administrative Claim Bar Date Order and excepting Governmental Units) to assert any right to payment constituting an actual, necessary cost or expense of administering the Bankruptcy Cases or preserving the Estates under section 503(b) of the Bankruptcy Code (a "Chapter 11 Administrative Claim")[2] that arose during the period from and including October 1, 2019, through and including February 24, 2020 (the day before the Conversion Date) (the "Chapter 11 Administrative Claim Period") to file requests for payment pursuant to section 503 of the Bankruptcy Code (a "Request for Payment") shall be **September 10, 2020 at 5:00 p.m. (Prevailing Eastern Time) (the "Chapter 11 Administrative Claim Bar Date")**.

**You should consult an attorney if you have any questions, including whether to file a Request for Payment. If you have any questions with respect to this Notice, you may contact undersigned counsel for the Trustee.**

## A. WHO MUST FILE A REQUEST

**You MUST file a Request for Payment in accordance with the procedures approved by the Bankruptcy Court and set forth in this Notice in order to assert a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period, and it is not a claim described in Section II below.**

## II. WHO IS NOT REQUIRED TO FILE A REQUEST FOR PAYMENT

The following persons and entities are not required to file a Request for Payment:

a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. Governmental Units holding claims covered by section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code;[3]

[2] For purposes of the Chapter 11 Administrative Claim Bar Date, the defined term "Chapter 11 Administrative Claim" shall include any claims under section 503(b)(9) of the Bankruptcy Code.

[3] *See* Del. Bankr. L.R. 3002-1(a) ("Notwithstanding any provision of a plan of reorganization, any motion, notice or court order in a specific case, the government shall not be required to file any proof of claim or application for allowance for any claims covered by section 503(b)(1)(B), (C), or (D).").

c. the Pre-Petition Secured Parties as defined in the Agreed Final Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief (the "Final Cash Collateral Order") [Docket No. 241];

d. any person or entity that has already timely and properly filed a Request for Payment asserting a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors' Estates in a form and manner substantially similar to that proposed in the Motion;

e. any person or entity whose Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period has been allowed by order of the Bankruptcy Court entered on or before the Chapter 11 Administrative Claim Bar Date;

f. any person or entity holding an administrative expense claim that accrued or arose on or after the Conversion Date; [4] and

g. Chapter 11 estate professionals.

**You should not file a Request for Payment if you do not have a Chapter 11 Administrative Claim against any of the Debtors' Estates. Your receipt of this Notice does not mean that you have a Chapter 11 Administrative Claim (or any claim) or that the Trustee or the Bankruptcy Court believes that you have a Chapter 11 Administrative Claim (or any claim).**

## III. HOW TO FILE AND SERVE REQUESTS FOR PAYMENT

To file a Request for Payment, a party asserting a Chapter 11 Administrative Claim must follow the procedures set forth below:

a. Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Chapter 11 Administrative Claim Bar Date Order and the Chapter 11 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

[4] To the extent necessary, the Trustee will seek authority from the Bankruptcy Court to establish a chapter 7 administrative claim bar date at a later date.

b. Each Request for Payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

c. Each Request for Payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date. Additionally, each Request for Payment should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a Request for Payment.

d. Each Request for Payment must also be served upon, so as to be actually received by, undersigned counsel for the Trustee by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
Peter J. Keane, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801

RE: In re Bayou Steel BD Holdings, L.L.C., *et al.*, Case No. 19-12153 (KBO)
Request for Payment/Chapter 11 Administrative Claim

**If by Electronic Mail:**
bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com

## IV. EFFECT OF FAILURE TO FILE A TIMELY REQUEST FOR PAYMENT

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY POTENTIAL HOLDER OF A CHAPTER 11 ADMINISTRATIVE CLAIM AGAINST ANY OF THE DEBTORS' ESTATES WHO RECEIVES THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE (WHETHER SUCH NOTICE WAS ACTUALLY OR CONSTRUCTIVELY RECEIVED) AND IS REQUIRED, BUT FAILS, TO FILE A REQUEST FOR PAYMENT, AS APPLICABLE, IN ACCORDANCE WITH THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE ORDER AND THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE, (A) SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEIR ESTATES AND (B) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE ESTATES WITH RESPECT TO SUCH CHAPTER 11 ADMINISTRATIVE CLAIM.**

## V. NO REQUEST FOR SCHEDULING OF HEARING ON REQUESTS FOR PAYMENT

Notwithstanding section 503(b) of the Bankruptcy Code, any Requests for Payment be filed without a scheduled hearing date and response deadline or a request by the claimant for a scheduled hearing. To the extent a Chapter 11 Administrative Claim is disputed by the Trustee, and such dispute cannot be resolved consensually by the Trustee and the claimant, the Trustee will: (a) file an objection to the claimant's Request for Payment; (b) schedule a hearing on such objection and the affected Request for Payment; and (c) provide notice to the affected claimant of the Trustee's objection and scheduled hearing.

## VI. SOLE AND EXCLUSIVE METHOD

The procedures set forth in this Notice are the sole and exclusive method for the assertion of any Chapter 11 Administrative Claim that is required to be filed, and all claimants asserting a Chapter 11 Administrative Claim are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

## VII. RESERVATION OF RIGHTS

Nothing contained in this Notice or any actions taken by the Trustee pursuant to the relief granted in the Chapter 11 Administrative Claim Bar Date Order is intended or should be construed as: (a) an admission as to the validity, status, amount or priority of any particular claim asserted against one or more of the Debtors or their Estates; (b) a waiver of the Trustee's rights to dispute any particular claim on any grounds; (c) a promise or obligation to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; or (e) a waiver or limitation of the Trustee's rights under the Bankruptcy Code or any other applicable law.

Dated: July 28, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com

Counsel to George L. Miller, Chapter 7 Trustee