# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: Sept. 4, 2020 at 4:00 p.m. (ET)**<br>**Hearing Date: Oct. 7, 2020 at 10:00 a.m. (ET)** |

## MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, SEEKING THE ENTRY OF AN ORDER APPROVING AND AUTHORIZING A PROTOCOL TO COMPROMISE PREFERENCE CLAIMS

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), hereby submits this motion (the "Motion") seeking entry of an order approving a protocol to compromise preference claims, which protocol is summarized in **Exhibit A** attached hereto, as well as the Declaration of Bradford Sandler (the "Sandler Declaration") filed in support of the Motion. In further support of the Motion, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The Debtors' former location was: 138 Highway 3217, LaPlace, Louisiana 70068.

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

4. On October 1, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On February 25, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 496], and George L. Miller was appointed as the chapter 7 trustee [Docket No. 497].

## Relief Requested

6. By this Motion, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit B, pursuant to sections 363(b), 1103(c) and 1107 (a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a), approving and authorizing the proposed protocol for the Trustee to compromise or settle preference claims of the Debtors' estates without further court intervention, as well as claims that the transferees may possess against the estates. The Trustee has reviewed the hundreds of millions of dollars in transfers made by the Debtors within the ninety (90) days prior to the Petition Date and has preliminarily determined to pursue potential claims against approximately 100 of the Debtors' vendors that received, in the aggregate, approximately $25 million during

the preference period. This Motion seeks court approval of a streamlined procedure to formally resolve those claims and causes of action that are settled within the protocol's parameters.

7.  In sum, the Motion seeks authority to (i) unilaterally resolve De Minimis Claims (as that term is defined herein); (ii) resolve larger claims following notice and an opportunity to be heard thereon; and (iii) resolve claims <u>against</u> the Debtors' estates in conjunction with settling the preferential transfer claims. Approval of settlements under this rubric is premised upon acknowledged legal authorities.

8.  This Motion proposes a protocol to (i) settle preferential transfer claims and causes of action under 11 U.S.C §§ 547 and 550 and other applicable statutory and common law (hereinafter, the "<u>Preference Claims</u>"), under the following terms, as it relates to four (4) Tiers of Claims; and (ii) as a result of such compromises, resolve or compromise "Filed Claims"[2] and/or other claims or causes of actions <u>against</u> the Debtors' estates to the extent that the claims involve an offset or otherwise. (A summary of the proposed settlement protocol is attached hereto as <u>Exhibit A</u>.) The proposed guidelines for compromising the Preference Claims and Filed Claims, etc. are as follows:

   i.  The First Tier consists of *de minimis* Preference Claims (the "<u>De Minimis Claims</u>") in which the gross aggregate 90 day payment amount does not exceed $100,000. The Trustee may settle the De Minimis Claims without further Court approval or notice to any party.

   ii. The Second Tier consists of Preference Claims in which the gross aggregate 90 day payment amount is $100,000 or greater, but the "Disputed Amount"[3] but does not exceed $100,000. The Trustee may settle these Preference Claims without further Court approval or notice to any party as long as the amount recovered is 50% or more of the Disputed Amount.

---

[2] "Filed Claims" as that term is used herein, includes all proofs of claim timely filed against the Estates.
[3] The term "Disputed Amount" is defined as the dollar amount to be sought by the Trustee against a particular vendor after consideration of the potential section 547(c) defenses of ordinary course of business and subsequent new value.

  iii. The Third Tier consists of Preference Claims in which the Disputed Amount is (a) greater than $100,000, but does not exceed $250,000 and the amount to be recovered is 50% or more of the Disputed Amount.  The Trustee shall have the authority to compromise these Preference Claims after giving not less than ten (10) days written notice (via email, if available, or first class if no email is available) of the proposed compromise to the Rule 2002 service list and Special Notice parties attached hereto as <u>Exhibit C</u>.  If any party sends a written objection to counsel for the Trustee prior to the expiration of the ten (10) day notice period, then the Trustee may thereafter obtain authority to enter into the compromise at issue by Court order authorizing such compromise.  The Trustee seeks permission, when seeking Court approval for any proposed settlements, to file motions that concern multiple settlements.

  iv. The Fourth Tier consists of all other Preference Claims, as to which the Trustee will seek Court approval for compromise of any such claim, and is not, by this Motion, requesting any relief other than permission to include multiple proposed compromises in a single omnibus motion.

**Basis for Relief**

A. **The Trustee Should be Permitted to Settle the Disputed Amounts Pursuant to an Omnibus Procedure.**

  9. Pursuant to Rule 9019(b) of the Bankruptcy Rules, this Court may authorize the Trustee to settle certain classes of controversies without requiring separate notice and hearing with respect to each separate controversy.  Given this authority, settlement procedures designed to streamline the court-approval process where many actions are anticipated, similar to those proposed above, have been approved in many cases.  *See, e.g.*, *In re Fresh & Easy, LLC*, Case No. 15-12220 (BLS) (Bankr. D. Del. Nov. 22, 2016); *In re Money Centers of America, Inc.*, Case No. 14-10603 (CSS) (Bankr. D. Del. Apr. 25, 2016); *In re NewPage Corporation*, Case No. 11-12804 (KG) (Bankr. D. Del. Sept. 20, 2013) (establishing procedures for the settlement of various adversary actions); *In re Nortel Networks Inc.*, Case No. 09-10138 (KG) (Bankr. D. Del. Apr. 9, 2009) (establishing procedures for the settlement of various judicial, administrative, arbitral or other actions); *In re Amp'd Mobile, Inc.*, Case No. 07-

10739 (BLS) (Bankr. D. Del. Feb. 14, 2008) (establishing procedures for the settlement of preferential transfer claims).

10. The rationale for approval of settlement procedures in these cases is the same as the rationale for their approval in the aforementioned chapter 11 cases: approval of the procedure outlined herein will allow for the expeditious liquidation of the valuable ligation assets of the Debtors' estates, is in the best interest of creditors and the estates, and will not prejudice the rights of any party in interest in these cases.

11. A settlement of claims and causes of action owned by a debtor constitutes a sale of property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *Id.* In addition, to obtain such approval, a debtor typically must file a motion and provide notice and a hearing of such motion as required by Bankruptcy Rule 9019.

12. Rule 9019 specifically authorizes the compromise of controversies within classes:

> <u>Authority to Compromise or Settle Controversies within Classes</u>.
> After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

Fed. R. Bankr. P. 9019(b). By way of example, one commentator observed that a "court may enter an order authorizing the trustee to settle any such matter without further hearing as long as the compromise amount is not less than a certain percentage of the recovery sought in the complaint." 10 Lawrence P. King, *Collier on Bankruptcy* ¶ 9019.03, at 9019-6 (15th ed. rev. 2000); *see also In re Check Reporting Services, Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992)

(order authorizing settlement of preference claims for not less than 25% of the demand without further notice or approval).

13. The burden on the Court and the expense borne by the estates to file individual motions to approve settlements for hundreds of claims actions would be substantial, to say the least. It would also delay the progress of resolving the debts and obligations of the Debtors' estates. The procedure contemplated herein provides disclosure to the interested parties, and is an efficient means of resolving these Preference Claims, while preserving notice and due process. Were the Trustee required to obtain approval of this Court to settle all of the over 100 Preference Claims, the bankruptcy estates would incur the costs associated with preparing, filing and serving separate motions for <u>each</u> proposed settlement, as well as incur the incumbent delay in obtaining such approval by required notice periods and available hearing schedules. Therefore, the Trustee desires to establish an omnibus procedure in these cases that will allow them to enter into settlements on a more cost-effective and expeditious basis, while preserving an oversight function for key parties in interest that will appropriately protect the asset value of the claims and causes of action.

14. In reviewing a motion for approval of a settlement, bankruptcy courts must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968); *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). This requires court consideration of the following criteria: "(1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393.  The approval of the settlement procedures proposed in this Motion, for pursuing and compromising preferential transfers short of trial, supports the application of these criteria.

**B.     Resolution of Claims Against the Debtors in Conjunction with Settlement of Preference Claims is Appropriate.**

15.     Certain parties that received preferential transfers also hold various claims and causes of action against one or more of the Debtors' estates that have been or will be asserted through litigation, administrative action, or arbitration.  To minimize expenses and maximize value for creditors of the Debtors' estates, the Trustee seeks authority through the present Motion to resolve all claims or causes of action against the Debtors' estates in conjunction with Preference Claims by way of settlement without further order or approval of this Court, pursuant to section 363(b) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.  Resolution and approval of Preference Claims, to the extent possible, would seek to include resolution of any Filed Claims and/or other causes of action of vendors against the Debtors' estates including any that might be eligible for an offset.

16.     By way of example, in resolving a Preference Claim with a Disputed Amount of $150,000, the Trustee, under the rubric of the present Motion, could resolve the Preference Claim as a tier two (2) claim, without notice if the proposed settlement recovers at least 50% of the Disputed Amount.  Concurrently or thereafter, under the terms referenced below, the Trustee could negotiate the settlement of mutual debts against the Debtors' estates as part of a compromise or settlement of Filed Claims, causes of action and/or allegations that would include possible offsets of the compromise of the $150,000 Disputed Amount.

17. By resolving Filed Claims or other claims or causes of action against the Debtors' estates concurrently with the settling of Preference Claims, the Trustee can minimize the expense associated with litigating or resolving piecemeal matters with preferential transferees, and expedite the progress of resolving debts claimed against the Debtors' estates. The performance of offsets is also a valuable tool available to the Trustee in negotiating and seeking resolution of all claims. In no event would the resolution of Preference Claims and related claims involve an outlay of funds from the Debtors' estates to any settling party (a "Settling Party", collectively, "Settling Parties").

18. In sum, the following terms would be in effect for any of the proposed resolutions:

   i. In no event will an offset pursuant to this Motion provide for any monetary payment to be made by the Trustee from property of the Debtors' estates to or on behalf of the Settling Parties on account of any claims arising prior to the Petition Date; provided, however, that with respect to causes of action, the settlement may provide for offsets in favor of the Settling Parties of Preference Claims in a manner which assists the beneficial and economic resolution of claims against the Debtors' estates;

   ii. No offset by way of a settlement will be agreed to unless it is reasonable in the judgment of the Trustee upon consideration of (i) the probability of success if the claim is litigated or arbitrated, (ii) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim, (iii) other factors relevant to assessing the wisdom of the settlement, and (iv) the fairness of the settlement vis-à-vis the Debtors' estates and creditors;

   iii. No offset by way of settlement will be effective unless it is executed by a duly authorized person on behalf of the Trustee;

   iv. Subject to the protocol outlined above, the Trustee, in its discretion, may agree to settle or offset such claim or cause of action on any reasonable terms, and may enter into, execute and consummate a written agreement of settlement that will be binding on the Trustee and the Debtors' estates without prior notice or further action by this Court;

    v.    With respect to any settled amount due the Debtors' estates, the Trustee is authorized to offer and give in compromise, a limited release pursuant to which the Trustee will be prohibited from pursuing the Settling Party from any further action or claim related to the preferential transfer, as well as any claim or cause of action involved as an offset; and

    vi.    Any settlement that is not authorized pursuant to the foregoing procedure, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion by the Trustee served upon necessary parties in interest.

## Notice

19. Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; and (b) persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, based on the nature of the relief requested, no other or further notice need be given.

## No Prior Request

20. No prior motion for the specific relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) authorizing and approving an omnibus procedure for settling Preference Claims and (ii) authorizing the settlement or compromise of claims made against the Debtors' estates as an offset to settlement of preferential transfer claims, and (iii) granting the other and further relief as is just and appropriate.

| | |
|---|---|
| Dated: August 21, 2020 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | P O Box 8705 |
| | Wilmington, DE  19899 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Facsimile:   (302) 652-4400 |
| | Email:     bsandler@pszjlaw.com |
| |              crobinson@pszjlaw.com |
| |              pkeane@pszjlaw.com |
| | |
| | Counsel to George L. Miller, Chapter 7 Trustee |