**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |

**DECLARATION OF BRADFORD SANDLER IN SUPPORT OF MOTION SEEKING ENTRY OF AN ORDER APPROVING AND AUTHORIZING A PROTOCOL TO COMPROMISE PREFERENCE CLAIMS**

I, Bradford Sandler, do hereby declare as follows:

1. I am a partner in the law firm of Pachulski, Stang, Ziehl & Jones LLP, counsel to George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Cases"). I make this Declaration on facts within my personal knowledge (albeit my own or that gathered by professionals rendering services to me), or as a result of having reviewed the court file in these Cases. If called upon, I can and will competently testify to the facts stated herein.

2. I make this Declaration in support of the *Motion Seeking Entry of An Order Approving and Authorizing A Protocol To Compromise Preference Claims* (the "Motion"). Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3. The investigation and analysis, performed under my supervision, reflects that hundreds of millions of dollars were transferred by the Debtors to various parties within the ninety (90) days prior to the petition date. Based on the analysis of the transfers and potential

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The

1

2

defenses, the Trustee has preliminarily determined to further pursue potential claims against approximately 100 parties that received preferential transfers that aggregate approximately $25 million.

4. The Motion seeks court approval of a streamlined procedure to formally resolve those claims as follows: (i) unilaterally resolve De Minimis claims; (ii) resolve larger claims following notice and an opportunity to be heard thereon; and (iii) resolve claims <u>against</u> the Debtors in conjunction with settling the Preference Claims.

5. The burden on the Court and the expense borne by the estates to file individual motions to approve settlements for hundreds of claims actions would be substantial. It would also delay the progress of resolving the debts and obligations of the Estates. The procedure contemplated in the Motion is an efficient means of resolving these Preference Claims, while preserving notice and due process. Were the Trustee required to obtain approval of this Court to settle all of the Preference Claims, the estates would incur the costs associated with preparing, filing and serving separate motions for <u>each</u> proposed settlement, as well as incur the incumbent delay in obtaining such approval by required notice periods and available hearing schedules. Therefore, by the Motion, the Trustee desire to establish an omnibus procedure in these cases that will allow it to enter into settlements on a more cost-effective and expeditious basis, while preserving an oversight function for key parties in interest that will appropriately protect the asset value of the material Preference Claims held by the Debtors' estates.

---

Debtors' former location was: 138 Highway 3217, LaPlace, Louisiana 70068.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 21, 2020

*/s/ Bradford J. Sandler*
Bradford J. Sandler