# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br>(Jointly Administered)<br><br>**Obj. Deadline: Sept. 16, 2020 at 4:00 p.m. (ET)**<br>**Hearing Date: Oct. 7, 2020 at 10:00 a.m. (ET)** |

## CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTS FROM BLACK DIAMOND CAPITAL MANAGEMENT PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors"), hereby submits this motion (the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Rule 2004 Order") substantially in the form annexed hereto as **Exhibit 1**, authorizing the Trustee to issue subpoenas and obtain discovery from Black Diamond Capital Management ("Black Diamond"). In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Trustee seeks the entry of an order authorizing the Trustee to issue subpoenas pursuant to Bankruptcy Rules 2004 and 9016 to: (i) conduct depositions of Black Diamond's representative(s) concerning the "Subjects for Examination" set forth in the Trustee's

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The Debtors' former location was: 138 Highway 3217, LaPlace, Louisiana 70068.

Rule 2004 Letter (as defined herein); and (ii) seek production of documents and information in Black Diamond's possession, custody, or control concerning the Debtors, their business, or their transactions, as identified in the "Requests for Production" set forth in the Trustee's Rule 2004 Letter.

2. Black Diamond owned and controlled the Debtors, appointed all of the Debtors' directors (half of whom were employed by Black Diamond), managed the Debtors' relationship with their lenders, and was in constant communication with the Debtors' officers and other personnel. In addition, Black Diamond received a $30 million equity distribution from the Debtors in March 2017, and subsequently lent the Debtors $36.5 million pursuant to a subordinated term loan purportedly secured by liens on the Debtors' assets.

3. The requested discovery is necessary for the Trustee to investigate the events leading up to the Debtors' bankruptcy, the Debtors' pre-petition transactions and financial affairs, and the existence of potential causes of action held by the estates against Black Diamond or other third parties. Good cause exists to grant the Motion because, given Black Diamond's relationship with and control over the Debtors, Black Diamond possesses information which is critical to the Trustee's ability to fully carry out his duties to investigate the Debtors' affairs and administer the estates.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and

2

1409. The predicates for the relief requested herein are Section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2004, and Local Rule 2004-1.

## BACKGROUND

**A.   Case Background**

5. On October 1, 2019 (the "Petition Date"), the Debtors commenced these proceedings (the "Bankruptcy Cases") by each filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. On December 26, 2019, the Court entered an Order approving the sale of substantially all of the Debtors' assets to Liberty BSG Holdings Inc. pursuant to Section 363 of the Bankruptcy Code. *See* D.I. 371. The sale closed on January 31, 2020. *See* D.I. 447.

7. On February 25, 2020, the Court entered an Order converting the Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code. *See* D.I. 496.

8. George L. Miller is the duly-appointed Chapter 7 Trustee of the Debtors' estates.

**B.   Black Diamond's Relationship to the Debtors**

9. The Debtors' business consisted of recycling scrap to produce a variety of structural steel, merchant bar, and specialty products. The Debtors operated facilities in Louisiana and Tennessee, as well as distribution depots in Oklahoma, Illinois, and Pennsylvania.

10. In April 2016, Black Diamond acquired the Debtors' business from ArcelorMittal for $96 million (the "Acquisition"). The Acquisition was financed in part by Black Diamond's affiliate Black Diamond Commercial Finance, L.L.C. ("BDCF"), as well as through a revolving loan with Bank of America, N.A. and SunTrust Bank.

11. As a result of the Acquisition, Black Diamond owned 100% of Debtor Bayou Steel BD Holdings, L.L.C., which in turn owned 100% of Debtors BD Bayou Steel Investment, LLC and BD LaPlace, LLC.

12. The Debtors' Board of Directors had six members as of the Petition Date, all of whom had been named to the Board by Black Diamond. At least three of the Debtors' directors – James Hogarth, Sam Farahnak, and Phil Raygorodetsky – were also managing directors of Black Diamond.

13. In addition, the employment contract for Alton Davis, the Debtors' President and COO, was with Black Diamond (rather than any of the Debtor entities).

14. Black Diamond played an active role in the Company's management and decision-making. Representatives of Black Diamond (including but not limited to the Board members identified above and Gregory Schunk, an Associate Director of Black Diamond) maintained frequent, regular contact with the Debtors' executives and other personnel regarding the Debtors' financial performance, liquidity, sales, operational issues, and other matters. Representatives of Black Diamond also maintained frequent, regular contact with Bank of America, N.A. regarding the Debtors' credit facility, financials, liquidity needs, and related matters. Black Diamond also routinely prepared projections, cash flow forecasts, and other financial models relating to the Debtors' business.

15. On March 16, 2017, the Debtors amended their credit facility to, among other things, permit a $30 million equity distribution to Black Diamond. The following day, the Debtors wired the $30 million to Black Diamond. The distribution was funded in large part by proceeds from the sale of BD Vinton LLC, one of the few profitable segments of the Debtors' business, which operated a mini-mill facility in Canutillo, Texas.

16.     In December 2017, the Debtors entered into a $15 million subordinated term loan with BDCF, which was secured by liens on the Debtors' assets and from which the Debtors drew in approximately $5 million increments.  The term loan was amended in January 2019 and again in May 2019 to increase amount available for borrowing.  As of the Petition Date, the Debtors had drawn $36.5 million on the term loan.

17.     Upon information and belief, the decision for the Debtors to file for Chapter 11 bankruptcy in October 2019 was made by Black Diamond.

18.     Prior to conversion of the Debtors' bankruptcy cases to Chapter 7, the Official Committee of Unsecured Creditors had been investigating the Debtors' pre-petition affairs.  In connection with that investigation, the Committee sought the production of documents from Black Diamond.  In response, Black Diamond did produce some responsive documents, consisting of certain transaction documents relating to the Acquisition, the Debtors' credit facility, and the term loan with BDCF, as well as certain emails between Black Diamond and the Debtors and between Black Diamond and the Debtors' lenders, dating from approximately June 2017 to November 2019.  However, the materials produced to the Committee do not appear to encompass all relevant documents the Trustee believes to be in Black Diamond's possession, such as, for example (without limitation), emails prior to June 2017 and internal Black Diamond emails.[2]

C.     **The Trustee's Rule 2004 Letter**

19.     On April 10, 2020, the Trustee's counsel sent a letter, via Federal Express, to Black Diamond's corporate headquarters, which (i) attached proposed Subjects for Examination and Requests for Production and (ii) asked Black Diamond to contact the Trustee's counsel by April

---

[2] These are representative examples of categories of documents which the Trustee has identified as not being included in Black Diamond's document production to the Committee.  The Trustee reserves all of his rights to seek relevant documents within Black Diamond's possession, custody, or control.

5

24, 2020 to reach an agreement regarding the examination and production of documents. *See* Letter from S. Coren to Black Diamond dated April 10, 2020, with enclosure, attached hereto as **Exhibit 2** (the "Rule 2004 Letter").

20. The Trustee's counsel did not receive a response to the Rule 2004 Letter.

21. On August 7, 2020 the Trustee's counsel sent an email to Black Diamond's Delaware counsel attaching and asking to discuss the Rule 2004 Letter. The same day, Black Diamond's Delaware counsel responded, "Happy to discuss, but probably more productive to speak with co-counsel in the matter – Dan McGuire at Winston & Strawn…."

22. Accordingly, the Trustee's counsel sent Mr. McGuire an email on August 7, 2020 which likewise attached and asked to discuss the Rule 2004 Letter. True and correct copies of the Trustee's counsel's emails with Black Diamond's counsel are attached hereto as **Exhibit 3**.

23. As of the date of this filing, the Trustee's counsel has not received a response from Mr. McGuire.

## RELIEF REQUESTED

24. The Trustee seeks discovery from Black Diamond for the purpose of investigating the events precipitating the Debtors' bankruptcy filings, the Debtors' transactions and financial condition prior to the Petition Date, and potential claims or causes of action the estates may have against Black Diamond, the Debtors' directors and officers, or other parties.

25. By this Motion, the Trustee seeks entry of an order (i) authorizing the issuance of a subpoena for testimony of a designated representative(s) of Black Diamond; and (ii) directing Black Diamond's production of documents responsive to the Requests for Production, as set forth in Exhibit B to the Rule 2004 Letter. The Trustee further requests that responses to the Document

Requests be delivered to the Trustee's counsel within ten (10) days after entry of an order granting this Motion.

## BASIS FOR RELIEF REQUESTED

26. Bankruptcy Rule 2004 provides that the Court may order the examination and the production of documentary evidence of "any entity" concerning matters relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate[.]"  FED. R. BANKR. P. 2004(a), (b); *see also* FED. R. BANKR. P. 2004(c) ("[A]ttendance of an entity for examination and for the production of documents . . . may be compelled as provided in [Bankruptcy] Rule 9016[.]").

27. "Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal citation and quotations omitted).

28. The scope of discovery permitted under Bankruptcy Rule 2004 is "unfettered and broad." *Id.* at 49-50 (further noting that a "Rule 2004 examination is commonly recognized as more in the nature of a fishing expedition") (internal citations and quotations omitted); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The scope of Rule 2004 examination is very broad, broader even than discovery under the Federal Rules of Civil Procedure.").

29. The broad access afforded by Rule 2004 unquestionably extends to parties such as Black Diamond, which, as set forth above: (i) held, directly or indirectly, all ownership interests in the Debtors; (ii) appointed all of the Debtors' directors (at least half of whom were employed by Black Diamond); (iii) played an active role in the Debtors' financial and strategic decisions (including making the decision to file for bankruptcy); (iv) received a $30 million equity

7

distribution from the Debtors in March 2017; and (v) through its affiliate BDCF, acted as a secured lender to the Debtors.  *See In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (potential examinees under Rule 2004 include any party that "possess[es] knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate").  Given its control over and transactions with the Debtors (which included orchestrating transactions that caused the Debtors' insolvency and benefitted Black Diamond at the Debtors' expense), Black Diamond is in possession of extensive information relating to the Debtors' financial affairs and pre-petition acts, conduct, and transactions, all of which bear on the Trustee's administration of the Debtors' bankruptcy estates (which includes the investigation and pursuit of potential causes of actions held by the estates).

30. As detailed in the Rule 2004 Letter, the Trustee seeks discovery from Black Diamond relating to, *inter alia*: the Acquisition; the Debtors' credit facility; the BDCF term loan; the Debtors' financial condition, liquidity, management, and other transactions; valuations and appraisals of the Debtors' business; and the Debtor's bankruptcy filings.  *See* Exhibit 2, Rule 2004 Letter (attaching Exhibit A setting forth "Subjects for Examination" and Exhibit B setting forth "Requests for Production").  This information relates to "acts, conduct, or property or to the liabilities and financial condition" of the Debtors and to "matter[s] which may affect the administration" of the Debtors' estates.  FED. R. BANKR. P. 2004(b); *see also In re DeWitt*, 608 B.R. 794, 800 (Bankr. W.D. Pa. 2019) (identification and evaluation of possible claims against the examinee is a legitimate use of a Rule 2004 examination and constitutes good cause for Court to grant such discovery) (*citing, inter alia*, *In re Gawker Media LLC*, 2017 WL 2804870, at *6 (Bankr. S.D.N.Y. June 28, 2017)).

8

31. Accordingly, the Trustee's pursuit of discovery from Black Diamond is both appropriate and necessary. The Motion should be granted.

## LOCAL RULE 2004-1 CERTIFICATION

32. The Trustee's undersigned counsel certified that it made reasonable attempts to confer with Black Diamond and its counsel, as required by Local Rule 2004-1 and as described more particularly above, but no agreement regarding the discovery sought herein was reached.

## NO PRIOR REQUEST

33. No prior request for the relief requested herein has been presented to this or any other court.

## NOTICE

34. Notice of this Motion has been provided to the following parties: (i) Black Diamond; (ii) the Office of the United States Trustee for the District of Delaware; and (iii) all parties that have timely requested notice in these cases. The Trustee submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank.]*

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that this Court enter an order authorizing the Trustee to examine and obtain documents from Black Diamond pursuant to Bankruptcy Rule 2004 and granting such other and further relief as is just and proper.

Dated: September 9, 2020                   PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P O Box 8705
Wilmington, DE 19899 (Courier 19801)
Tel: (302) 652-4100
Fax: (302) 652 -4400
E-mail: bsandler@pszjlaw.com
　　　　　crobinson@pszjlaw.com
　　　　　pkeane@pszjlaw.com

and

KAUFMAN, COREN & RESS, P.C.
Steven M. Coren
Benjamin M. Mather
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170
E-mail: scoren@kcr-law.com
　　　　　bmather@kcr-law.com

*Counsel for George L. Miller, Chapter 7 Trustee*