# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No.  19-12153 (KBO)<br>(Jointly Administered)<br><br>Re: Docket No. \_\_\_ |

### ORDER AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTS FROM BLACK DIAMOND CAPITAL MANAGEMENT PURSUANT TO BANKRUPTCY RULE 2004

Upon consideration of the *Chapter 7 Trustee's Motion for an Order Authorizing Examination and Production of Documents from Black Diamond Capital Management Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1* (the "Motion")[2] filed by George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Trustee to issue subpoenas and obtain discovery from Black Diamond Capital Management ("Black Diamond"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).  The Debtors' former location was: 138 Highway 3217, LaPlace, Louisiana 70068.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

2

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Trustee is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents responsive to the Trustee's Requests for Production attached to the Motion.

3. The Trustee is authorized to compel the oral examination(s) of representative(s) of Black Diamond with knowledge of the Trustee's Subjects for Examination attached to the Motion.

4. Black Diamond shall make its respective representative(s) with knowledge of the Subjects for Examination attached to the Motion available for depositions by the Trustee's counsel on fifteen (15) days' notice to Black Diamond or its counsel.

5. Black Diamond is directed to produce all documents responsive to the Trustee's Requests for Production attached to the Motion and deliver such documents or other responses to the attention of Benjamin M. Mather, Esq. at Kaufman, Coren & Ress, P.C., Two Commerce

3

Square, 2001 Market Street, Suite 3900, Philadelphia, PA 19103 within ten (10) days after entry of this Order or at such other place and time as may be agreed upon by the parties.

6. To the extent certain of the documents sought by the Trustee may have already been produced by Black Diamond to the Official Committee of Unsecured Creditors prior to conversion of these bankruptcy cases to Chapter 7, the parties are instructed to meet and confer in good faith regarding the scope of any further production in response to the Trustee's Requests for Production.

7. The Trustee's rights are reserved to request additional discovery and/or examination in connection with this matter, including, without limitation, requests based on any information that may be revealed as a result of the examination authorized pursuant to this Order.

8. This Court retains jurisdiction to resolve any disputes arising under or related to this Order, including any discovery disputes that may arise between or among the parties, and to interpret, implement, and enforce the provisions of this Order.