**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, LLC, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>**Re: D.I. No. 594** |

**REQUEST OF SHARED MANAGEMENT RESOURCES, LTD. FOR ALLOWANCE OF ADMINISTRATIVE CLAIM TO THE EXTENT NECESSARY**

Shared Management Resources, Ltd. (the "Claimant"), creditor of Bayou Steel BD Holdings, LLC (together with its co-debtors, the "Debtors") hereby requests allowance of its administrative claim pursuant to 11 U.S.C. § 503(b) in the amount of $65,370 for restructuring advisory services, which became due between October 1, 2019 (the "Petition Date") and February 25, 2020, the date of conversion. In support of this request the Claimant respectfully states as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On October 30, 2019, the Debtors filed the *Motion of the Debtors to Retain Shared Management Resources, Ltd. and Designate Charles S. Deutchman as Chief Restructuring Officer*

*Pursuant to 11 U.S.C. §§ 105(a) and 363(b),* Nunc Pro Tunc *to October 19, 2019* [D.I. 150] (the "SMR Retention Application").

4. On December 2, 2019, the Court entered an order authorizing the Debtors to retain Shared Management Resources, Ltd. and designate Charles S. Deutchman as Chief Restructuring Officer *nunc pro tunc* to the Petition Date [D.I. 271] (the "SMR Retention Order").

5. In accordance with the SMR Retention Order, the Claimant submitted monthly staffing reports [D.I. 289, 395, 466, 467 & 529] (the "Monthly Staffing Reports").

6. No objections were filed in response to the Monthly Staffing Reports.

7. On February 25, 2020, the Debtors' chapter 11 cases were converted to cases under chapter 7 pursuant to section 1112(b) of the Bankruptcy Code.

8. The Claimant remains unpaid for a portion of the work performed for the Debtors while in chapter 11 in the amount of $65,370.

9. On July 27, 2020, the Court entered an *Order (I) Establishing the Deadline to File Requests for Payment of Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b), (II) Approving Form and Manner of Notice thereof and (III) Granting Related Relief* [D.I. 594] (the "Administrative Claim Bar Date Order").

10. By operation of the procedures set forth in the SMR Retention Application and the lack of objections to the Monthly Staffing Reports, the claim for payment is already an allowed administrative claim. As a result, the Claimant files this request out of an abundance of caution considering the deadline set by this Court.

11. Pursuant to the Administrative Claim Bar Date Order, the Claimant now submits this request for payment of the unpaid portion of fees and expenses incurred by the Claimant while the Debtors were in chapter 11.

## RELIEF REQUESTED

12. Section 503(b) of the Bankruptcy Code provides "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . (1) the actual and necessary costs and expenses of preserving the estate ." 11 U.S.C. § 503(b)(1)(A).

13. The Claimant satisfies the statutory requirement for allowance of a section 503(b)(1) claim in that the restructuring advisory services provided were to the Debtors after the Petition Date and represented the "actual and necessary costs of preserving the estate" within the meaning of 11 U.S.C. § 503(b)(1).

## RESERVATION OF RIGHTS

14. The Claimant reserves all rights, claims, counterclaims, defenses, offsets, or other remedies under the Bankruptcy Code or other applicable law, and reserves the right to amend, supplement or modify this request.

## NOTICE

15. Pursuant to the Administrative Claim Bar Date Order, notice of this request has been provided to counsel to the chapter 7 trustee. In light of the relief requested herein, the Claimant submits that no other or further notice is required.

16. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Claimant requests an order allowing its administrative claim pursuant to 11 U.S.C. § 503(b) in the amount of $65,370 and granting the Claimant such other relief as the Court deems just and proper.

Dated: September 10, 2020
Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Ronald S. Gellert*

Ronald S. Gellert (DE 4259)
Holly Megan Smith (DE 6497)
1201 N. Orange St., Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com
hmegansmith@gsbblaw.com

*Attorneys for Shared Management Resources, Ltd.*