**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, LLC, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>**Re: D.I. No. 594** |

**REQUEST OF ALTON DAVIS, KEVIN TORRES, AND KEVIN KIRKLAND FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**

Alton Davis, Kevin Torres, and Kevin Kirkland (the "Claimants"), each a creditor of Bayou Steel BD Holdings, LLC (together with its co-debtors, the "Debtors"), hereby request allowance of their administrative claims pursuant to 11 U.S.C. § 503(b) in the amount of $125,000, $62,500, and $30,000, respectively (the "KEIP Amounts"), for incentive payouts authorized for key employees, which became due January 31, 2020, the date certain assets were sold, thus triggering the remaining portion of the key employee incentive program. In support of this request the Claimants respectfully state as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On October 1, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On October 29, 2019, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing the Debtors to Implement the Key Employee Incentive Plan and Key Employee Retention Plan, and (II) Granting Related Relief* [D.I. 137] (the "KEIP Motion").

4. On November 15, 2019, the Court entered an order authorizing the Debtors to implement the relief requested in the KEIP Motion [D.I. 248] (the "KEIP Order").

5. Pursuant to the KEIP Order, the Claimants claims for the earned KEIP Amounts are to be classified as administrative claims.

6. On February 25, 2020, the Debtors' chapter 11 cases were converted to cases under chapter 7 pursuant to section 1112(b) of the Bankruptcy Code.

7. On July 27, 2020, the Court entered an *Order (I) Establishing the Deadline to File Requests for Payment of Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b), (II) Approving Form and Manner of Notice thereof and (III) Granting Related Relief* [D.I. 594] (the "Administrative Claim Bar Date Order").

8. The Claimants remains unpaid for the KEIP Amounts as set forth above.

9. Pursuant to the Administrative Claim Bar Date Order, the Claimants now submit this request for payment of KEIP Amounts.

**RELIEF REQUESTED**

10. Section 503(b) of the Bankruptcy Code provides "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . (1) the actual and necessary costs and expenses of preserving the estate ." 11 U.S.C. § 503(b)(1)(A).

11. The Claimants satisfy the statutory requirement for allowance of a section 503(b)(1) claim in that the Claimants provided key employee functions to the Debtors after the Petition Date

that represented the "actual and necessary costs of preserving the estate" within the meaning of 11 U.S.C. § 503(b)(1).

**RESERVATION OF RIGHTS**

12. The Claimants reserve all rights, claims, counterclaims, defenses, offsets, or other remedies under the Bankruptcy Code or other applicable law, and reserves the right to amend, supplement or modify this request.

**NOTICE**

13. Pursuant to the Administrative Claim Bar Date Order, notice of this request has been provided to counsel to the chapter 7 trustee. In light of the relief requested herein, the Claimants submit that no other or further notice is required.

14. No prior motion for the relief requested herein has been made to this or any other court.[1]

[1] The Claimants submitted proof of claim forms but did not submit any motion for the relief requested herein prior to the filing of this motion.

WHEREFORE, the Claimants request an order allowing their administrative claims pursuant to 11 U.S.C. § 503(b) for the KEIP Amounts and granting the Claimant such other relief as the Court deems just and proper.

Dated: September 10, 2020
Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Ronald S. Gellert*

Ronald S. Gellert (DE 4259)
Holly Megan Smith (DE 6497)
1201 N. Orange St., Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com
hmegansmith@gsbblaw.com

*Attorneys for Alton Davis, Kevin Torres, and Kevin Kirkland*