# **EXHIBIT 1 TO ORDER**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br>(Jointly Administered) |

**AGREED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER**

This Agreed Confidentiality Stipulation and Protective Order ("Protective Order") is entered into by George L. Miller, in his capacity as Chapter 7 Trustee (the "Trustee") for the jointly-administered bankruptcy estates of Bayou Steel BD Holdings, L.L.C., BD Bayou Steel Investment, LLC, and BD LaPlace, LLC (collectively the "Debtors") in the above-captioned proceeding (the "Bankruptcy") and Black Diamond Capital Management, L.L.C. ("Black Diamond") (together the "Parties") in relation to the Trustee's investigation of the Debtor's business and financial affairs.

**WHEREAS**, the Trustee is investigating certain aspects of the Debtors' business and financial affairs and seeks production of certain documents within Black Diamond's possession, custody or control (the "Black Diamond Documents") and to examine Black Diamond about acts, conduct, property of the Debtors, liabilities, and the financial condition of the Debtors, as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The Debtors' former location was: 138 Highway 3217, LaPlace, Louisiana 70068.

25996021.1
931493.1

well as other matters which may affect the administration of the Debtors' estates (the "Black Diamond Examination");

**WHEREAS**, on April 10, 2020 the Trustee, pursuant to Local Rule 2004-1 of The Local Rules for the United States Bankruptcy Court for the District of Delaware, attempted to contact Black Diamond in an effort to reach an agreement with respect to the date, time, place and scope of the production of Black Diamond Documents and the Black Diamond Examination;

**WHEREAS**, on September 9, 2020, the Trustee filed a Motion for an Order Authorizing Examination and Production of Documents from Black Diamond Capital Management Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1;

**WHEREAS**, on September 25, 2020, Black Diamond served the Trustee with Responses and Objections to the Trustee's Rule 2004 Document Requests and agreed, subject to objections set forth therein, to produce non-privileged documents responsive to the Trustee's Rule 2004 Document Requests;

**WHEREAS**, Black Diamond will be producing documents and/or information ("Discovery Material") that contain private, confidential, proprietary, financial, and/or commercially sensitive information as described below ("Confidential Information");

**WHEREAS**, Black Diamond is willing to produce or provide Confidential Information subject to the restrictions provided herein;

**WHEREAS**, the Parties seek to avoid the waiver of the attorney-client and/or work product protections pursuant to Federal Rule of Evidence 502(d); and

**WHEREAS**, the Parties have agreed to enter into this Confidentiality Stipulation and Protective Order governing the disclosure with respect to sharing documents and information.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, subject to the approval of the Court (the "Bankruptcy Court"), as follows:

1. As used in this Protective Order, Confidential Information refers to all documents and/or information provided or produced by any of the Parties or a third-party (a "Producing Party") during the course of the Trustee's investigation (whether pursuant to informal requests or in response to a document request, interrogatory, deposition, other discovery device or otherwise) that is designated as "Confidential." "Confidential" designations will subject the designated material or information to the provisions of this Protective Order and such Confidential Information will be protected, used and disposed of in accordance with the provisions of this Protective Order. Confidential Information shall be used solely for purposes of the Trustee's investigation and any litigation he may file thereafter related to or arising from The Bankruptcy. Confidential Information shall not be used or disclosed in any other proceeding outside of the Bankruptcy or for any other purpose, including, but not limited to, any business or commercial purpose.

2. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if the Producing Party in good faith believes that the Discovery Material contains private, confidential, proprietary, financial, or commercially sensitive information that requires the protections provided in this Protective Order (hereinafter, the "Confidential Discovery Material"). For purposes of this Protective Order, Discovery Material considered to be Confidential Discovery Material may include, if properly designated, all non-public materials containing or referring to Confidential Information, including, but not limited to: (i) financial or business plans or projections; (ii) proposed strategic transactions and other business combinations, negotiations, inquiries or agreements including,

but not limited to, joint ventures, mergers, purchases, buy-outs, consolidations, transfers of interests and partnerships; (iii) trade secrets and proprietary information; (iv) studies or analyses by internal or outside experts or consultants; (v) non-public financial or accounting results or data; (vi) business, management and marketing plans and strategies; (vii) acquisition offers and expressions of interest; and (viii) contracts or agreements with or among affiliates, partners or Parties.

       3.      The designation of material or information as Confidential Discovery Material will be made as follows:

       (a)      With respect to documents or other materials (apart from depositions or other pretrial testimony) by: (i) affixing the legend "Confidential" to each page of Discovery Material containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (e.g., CD-Rom, DVD, or USB drive).

       (b)      With respect to information set forth in responses to discovery requests, by affixing the legend "Confidential" immediately prior to the specific response or responses subject to such designation.

       (c)      With respect to testimony given during a deposition, by

       (1)      indicating on the record or in writing at the time the deposition is taken or prior to the preparation of the transcript, those portions of the deposition that contain Confidential Discovery Material and instructing the court reporter prior to the preparation of the transcript to indicate on the face page of the deposition that it contains Confidential Discovery Material; or

(2) notifying opposing counsel in writing within five business days after the Producing Party's receipt of the transcript of the deposition by page and line number of any portion of the transcript of the deposition that contains Confidential Discovery Material.

4. Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Protective Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any Party receiving Confidential Information that disclosed the Discovery Material before its designation as "Confidential" shall exercise its best efforts to ensure (i) the return or destruction of such Discovery Material; (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced; (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this

Protective Order; and (iv) that any such Discovery Material, and any information derived therefrom, is used solely by the persons described in paragraph 5 of this Protective Order.

5. A Party receiving Confidential Information (hereinafter, a "Receiving Party") will permit access to that Confidential Information only to persons specified in this Protective Order. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by a Receiving Party only to the following persons:

(a) Outside counsel or in-house counsel who represent any Party, as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to Confidential Discovery Material;

(b) Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

(c) Outside experts or consultants for the Receiving Party whose advice and consultation are being or will be used by the Receiving Party in relation to the Bankruptcy, including their clerical personnel; provided that counsel desiring to disclose Confidential Discovery Material to such experts or consultants and their clerical personnel shall first obtain a signed Agreement to Abide by the Protective Order in the form of **Exhibit A** attached hereto from each such expert or consultant and each of his/her personnel who would require access to Confidential Discovery Material, and counsel shall retain in his/her file an original or copy of each such signed Agreement to Abide by the Protective Order;

(d) The Bankruptcy Court and its authorized staff, including official and freelance court reporters and videotape operators hired by any Party, *provided*, *however*,

that Confidential Information filed with the Court must be filed under seal pursuant to Del. Bankr. L.R. 9018-1 and as provided in paragraph 8, *infra*;

(e) Any Party and any officers, directors, employees or members of any Party who are assisting the Party's attorneys with matters in the Bankruptcy;

(f) Any witness or deponent (and counsel of such witness or deponent), during the course of, or to the extent necessary for, preparation for deposition or testimony relating to pending matters in the Bankruptcy. Except when the Confidential Discovery Material is first exhibited at a deposition to such person (in which case counsel shall use its best efforts to obtain such person's oral assent to the terms of this Protective Order, followed by obtaining a signed Agreement to Abide by the Protective Order in the form of **Exhibit A** attached hereto as soon thereafter as practicable), counsel desiring to disclose Confidential Discovery Material to such persons shall first obtain a signed Agreement to Abide by the Protective Order in the form of **Exhibit A** attached hereto (counsel for the Receiving Party shall retain a copy of each executed Agreement to Abide by the Protective Order);

(g) Any other person upon agreement of the Parties, provided that such person shall first execute the Agreement to Abide by the Protective Order in the form of **Exhibit A** attached hereto; and

(h) Any other person, only upon order of the Bankruptcy Court.

6. The Parties shall use the Confidential Information only for the prosecution, defense or settlement of matters pending in the Bankruptcy. Confidential Information shall not be made public by any Party, shall be used only by persons permitted access to it under paragraph 5, and shall be disclosed only to persons specified in paragraph 5.

7. Nothing herein shall restrict the manner in which the Producing Party may use or disclose its own Confidential Information. However, if any Confidential Information becomes publicly available by the Producing Party, then such Confidential Information shall no longer be considered Confidential Information under this Protective Order.

8. The Bankruptcy Court's entry of an order approving this Protective Order shall constitute authority pursuant to Del. Bankr. L.R. 9018-1(d) and (e) for the Parties to file future documents under seal without the necessity of filing a separate motion. If Confidential Information is to be filed with the Bankruptcy Court, then it shall be filed in accordance with Del. Bankr. L.R. 9018-1(d) and CM/ECF procedures.

9. Confidential Information only may be used in any motion, response, objection or other pleading, at any hearing, and at depositions, and only may be offered in evidence at any motion, hearing, and at depositions, related to matters in the Bankruptcy and subject to this Protective Order and to any further Order regarding confidentiality as this Bankruptcy Court, or any other court of competent jurisdiction may enter, and may be used to prepare for and conduct discovery, to prepare for a hearing and to support or oppose any motion related to matters in the Bankruptcy, all subject to paragraph 5, but may not be used for any other purpose except as expressly provided herein or by further order of the Bankruptcy Court.

10. Prior to any trial in this matter, counsel for the Parties shall confer about a plan for use of Confidential Information at trial and shall submit to the Bankruptcy Court a joint plan, or alternative plans, for such use. The Bankruptcy Court shall determine the rules that shall govern the use of Confidential Information at trial.

11. Nothing in this Protective Order shall require disclosure of information that is protected from disclosure by the attorney-client privilege, work-product immunity, or any other legally cognizable privilege (collectively, "Privileged Information"). If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other applicable privilege in this case or in any other federal or state proceeding. For the avoidance of doubt, this Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d). If a Producing Party has inadvertently or mistakenly produced a document subject to a claim of immunity or privilege, upon request by the Producing Party within five (5) business days of actual notice of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within five (5) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel. Mere production of documents protected by the attorney client privilege or work product protection is insufficient to trigger the timing requirement for requesting destruction of such documents. In the event that the Producing Party requests destruction of such documents, the Receiving Party shall provide written certification of compliance within 30 days of such written request.

12. The Party returning material described in the preceding paragraph may then move the Court for an order compelling production of the material, but that motion shall not

assert as a ground for entering such an order the fact or circumstance of the inadvertent production. The parties intend for this agreement to avoid retrospective analysis of the reasonableness of the efforts taken to avoid the production of privileged or protected materials.

13. When a Party who receives documents which appear to be protected by the attorney-client privilege or work product protection becomes aware of such, the Party shall promptly notify the Producing Party of such inadvertent production and shall take reasonable steps to avoid further disclosure of such documents. A Party shall be entitled to rely on these non-waiver provisions regardless of when the inadvertent production is discovered and regardless of who discovers the inadvertent production.

14. This Protective Order shall not prevent any Party from applying to the Bankruptcy Court for relief therefrom, or from applying to the Bankruptcy Court for further or additional protective orders.

15. Nothing in this Protective Order shall prevent any Party from producing documents in his, her, or its possession to another person in response to a lawful subpoena, discovery request, or other compulsory process. However, written notice shall be given to the Producing Party at least ten (10) days before any such production is made. In no event shall production or other disclosure be made before such written notice is given. If the Producing Party timely seeks a protective order or moves to quash the subpoena or discovery request, the party to which the subpoena or other compulsory process was issued or served shall not, to the extent permitted by applicable law, produce the Confidential information called for prior to receiving a court order or the consent of the Producing Party.

16. If any Party to this Protective Order objects to the designation of any documents or information as "Confidential," then the Party shall first state the objection in

writing to the designating Party. The Parties agree to confer in good faith to attempt to resolve any dispute regarding any such designation. If the Parties are unable to resolve such dispute, the Receiving Party may seek appropriate relief from the Court; *provided*, *however*, that all documents and/or information to which an objection is made shall be treated as Confidential Information by the Parties until such objection is resolved. Each Party hereby agrees that it will not contest a Party's request for expedited consideration for such relief.

17. In the event that any Party appeals from any decision of the trial court relating to matters in the Bankruptcy, the Parties hereto agree to file a joint application to the appropriate appellate court, within ten (10) business days of the filing of the notice of appeal, to maintain under seal the documents filed with the trial court that contain or disclose Confidential Information. The provisions of this paragraph may be waived only with the written consent of the Producing Party.

18. Except as otherwise provided in this Protective Order, in the event that any Confidential Information is used in any court proceeding relating to matters in the Bankruptcy, that Confidential Information shall not lose its status as Confidential Information through such use.

19. This Protective Order shall survive the termination of the Bankruptcy, whether by order, final judgment, settlement or otherwise, and shall continue in full force and effect.

20. After final disposition of the Bankruptcy and other proceedings arising out of the Bankruptcy that may be initiated by the Trustee, counsel for the Receiving Party may retain archival copies of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, one copy or

sample of the Confidential Information produced by opposing counsel, and any summaries, notes, abstracts or compilations of Confidential Information, solely for reference in the event of a dispute over the use or dissemination of information. Such material shall continue to be treated as Confidential Information under this Protective Order. After final disposition of the Bankruptcy and any other proceeding arising out of the Bankruptcy that may be initiated by the Trustee, counsel for the Receiving Party shall promptly (1) return all additional Confidential Information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Receiving Party to counsel for the Producing Party who has provided such Confidential Information in discovery, or (2) certify destruction thereof to such counsel. As to Confidential Information reflected in computer databases or backup tapes, the Receiving Party shall promptly delete all such Confidential Information or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the Confidential Information. Counsel for the Receiving Party shall inform any other person identified in paragraph 5 who received Confidential Information from the Receiving Party of its obligation to return any Confidential Information as provided for herein or certify destruction thereof to counsel for the Producing Party.

21. This Protective Order shall not affect the merits of any motion, objection, pleading or request for discovery, including the merits of any request for discovery (or opposition thereto) under Del. Bankr. L.R. 7026. No Party's entry into this Protective Order shall waive or in any way prejudice that Party's right to contest discovery that is served on that Party, or shall be deemed in any way as consent to any request for discovery. The Parties'

rights to propound, object to, or otherwise contest a request for discovery are unaffected by this Protective Order and are hereby reserved.

      22.    No modification of this Protective Order shall be binding or enforceable unless in writing and signed by the Parties.

      23.    This Protective Order may be executed in one or more counterparts, including by .pdf and email transmission, each of which will be deemed an original, but all of which together constitute one and the same instrument.

*[Signature page follows]*

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | FOX ROTHSCHILD LLP |
| */s/ Colin R. Robinson* | */s/ Seth A, Niederman* |
| Bradford J. Sandler (DE Bar No. 4142) | Seth A. Niederman  (No. 4588) |
| Colin R. Robinson (DE Bar No. 5524) | 919 N. Market St., Suite 300 |
| Peter J. Keane (DE Bar No. 5503) | Wilmington, Delaware 19899-2323 |
| 919 North Market Street, 17th Floor | (302) 654-7444 |
| P O Box 8705 | |
| Wilmington, DE 19899 (Courier 19801) | -and- |
| Telephone: 302-652-4100 | |
| Facsimile: 302-652-4400 | ZAIGER LLC |
| E-mail: bsandler@pszjlaw.com | |
| crobinson@pszjlaw.com | By: */s/ Jeffrey H. Zaiger* |
| pkeane@pszjlaw.com | Jeffery H. Zaiger |
| | Judd Lindenfeld |
| -and- | 432 Park Avenue, Suite 19A |
| | New York, New York 10022 |
| KAUFMAN, COREN & RESS, P.C. | Tel: (917) 572-7701 |
| | jzaiger@zaigerllc.com |
| */s/ Steven M. Coren* | |
| Steven M. Coren, Esquire | *Counsel for Black Diamond Capital Management, L.L.C.* |
| Benjamin M. Mather, Esquire | |
| Two Commerce Square, Suite 3900 | |
| 2001 Market Street | |
| Philadelphia, PA 19103 | |
| (215) 735-8700 | |

*Counsel for George L. Miller, Chapter 7 Trustee*

Date: October 28, 2020

## **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*, [2]<br><br>　　　　　　Debtors. | Chapter 7<br><br>Case No.  19-12153 (KBO)<br>(Jointly Administered) |

**AGREEMENT TO ABIDE BY AGREED
<u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>**

I have read the Agreed Confidentiality Stipulation and Protective Order (the "<u>Protective Order</u>") applicable to the above-captioned proceeding.  I understand the Protective Order's terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for purposes of the Protective Order's enforcement. I understand, in particular, that any Confidential Information, and any copies, excerpts or summaries thereof and materials containing Confidential Information derived therefrom, as well as any knowledge or information derived from any of these items, may be used only for purposes of the Bankruptcy Cases and may not be used for any other purpose, including, without limitation, any business or commercial purpose.

I further understand that failure to abide fully by the terms of the Protective Order may result in legal action against me, such as for contempt of court and liability for monetary damages.

---

[2]　　The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The Debtors' former location was: 138 Highway 3217, LaPlace, Louisiana 70068.

25996021.1

Dated: _____    Agreed: _____