IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |

**Objection Deadline: December 1, 2020 at 4:00 p.m. (ET)**
**Hearing Date: December 8, 2020 at 10:00 a.m. (ET)**

**FIRST INTERIM ("NON-CONTINGENCY") APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM MARCH 2, 2020 THROUGH SEPTEMBER 30, 2020**

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective as of March 2, 2020 by order signed on or about March 24, 2020 |
| Period for which Compensation and Reimbursement is Sought: | March 2, 2020 through September 30, 2020[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $250,636.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   9,726.62 |

This is an:　　　monthly　　　x　interim　　　final application.

　　　　　The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,500.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 0.50 | $ 572.50 |
| Andrew W. Caine | Partner 1989; Member of CA Bar since 1983 | $1,095.00 | 12.80 | $ 14,016.00 |
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,050.00 | 25.20 | $ 26,460.00 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 19.90 | $ 20,397.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983; Member of CA Bar since 1990 | $1,025.00 | 7.70 | $ 7,892.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 2.70 | $ 2,565.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NJ and PA Bars since 2001; Member of DE Bar since 2010 | $ 825.00 | 33.80 | $ 27,885.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $ 750.00 | 158.10 | $118,575.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 0.90 | $ 562.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 45.00 | $ 19,125.00 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 2.00 | $ 790.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 350.00 | 5.20 | $ 1,820.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 0.60 | $ 210.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 350.00 | 20.60 | $ 7,210.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 3.50 | $ 1,225.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 350.00 | 3.80 | $ 1,330.00 |

**Grand Total:** $250,636.00  
**Total Hours:** 342.30  
**Blended Rate:** $732.21

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---:|---:|
| Asset Analysis/Recovery | 0.80 | $      795.00 |
| Asset Disposition | 11.40 | $   9,832.50 |
| Bankruptcy Litigation | 155.10 | $114,371.00 |
| Case Administration | 44.20 | $ 16,760.00 |
| Claims Admin/Objections | 32.30 | $ 23,737.50 |
| Compensation of Prof./Others | 14.10 | $ 10,895.00 |
| Employee Benefit/Pension | 32.80 | $ 30,545.00 |
| Executory Contracts | 0.30 | $      192.50 |
| Financial Filings | 1.60 | $   1,372.50 |
| Financing | 13.70 | $ 11,550.00 |
| Insurance Coverage | 10.80 | $ 10,982.50 |
| Meeting of Creditors | 11.00 | $   9,127.50 |
| Operations | 1.30 | $      990.00 |
| Retention of Professional | 4.20 | $   2,890.00 |
| Retention of Prof./Other | 4.80 | $   3,430.00 |
| Stay Litigation | 3.90 | $   3,165.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---:|
| Conference Call | CourtCall; AT&T Conference Call | $      32.01 |
| CourtLink | | $1,056.45 |
| Delivery/Courier Service | Advita | $1,525.28 |
| Express Mail | Federal Express | $    819.44 |
| Legal Research | Lexis/Nexis | $    155.34 |
| Court Research | Pacer | $      95.00 |
| Postage | US Mail | $2,507.60 |
| Reproduction Expense | | $3,109.70 |
| Reproduction/ Scan Copy | | $    425.80 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |

**Objection Deadline: December 1, 2020 at 4:00 p.m. (ET)**
**Hearing Date: December 8, 2020 at 10:00 a.m. (ET)**

**FIRST INTERIM ("NON-CONTINGENCY") APPLICATION**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**OF PACHULSKI STANG ZIEHL & JONES LLP, AS**
**COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR**
**THE PERIOD FROM MARCH 2, 2020 THROUGH SEPTEMBER 30, 2020**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Chapter 7 Trustee, hereby submits its First Interim ("Non-Contingency") Application for Compensation and for Reimbursement of Expenses for the Period from March 2, 2020 through September 30, 2020 (the "Application").

By this Application PSZ&J seeks an interim allowance of compensation in the amount of $250,636.00 and actual and necessary expenses in the amount of $9,726.62 for a total allowance of $260,362.62, and payment of the unpaid amount of such fees and expenses, for the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

period March 2, 2020 through September 30, 2020 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On October 1, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The cases were converted to Chapter 7 proceedings by order entered February 25, 2020. George L. Miller ("Chapter 7 Trustee") was appointed as the Chapter 7 Trustee in these cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The retention of PSZ&J, as counsel to the Chapter 7 Trustee, was approved effective as of March 2, 2020 by this Court's "Order Granting Application of George L. Miller, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee Effective as of March 2, 2020," signed on or about March 24, 2020 (the "Retention Order"). PSZ&J is to be compensated on an hourly basis, plus reimbursement of expenses. PSZ&J work relating to the prosecution and collection of chapter 5 causes of actions (the "Preference Work") is the subject of separate fee applications, and compensated on a 25% contingency fee basis, plus reimbursement of expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

4. All services for which PSZ&J requests compensation were performed for or on behalf of the Chapter 7 Trustee.

5. PSZ&J has received no payment and no promises for payment from any source other than the Chapter 7 Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

6. The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular billing code, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to

fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

7. A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on a daily basis.

8. PSZ&J charges $0.25 per page for out-going facsimile transmissions.  There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.  PSZ&J does not charge the Trustee for the receipt of faxes in these cases.

9. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

10. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

11. The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

12. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Chapter 7 Trustee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

13. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit

A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A. Asset Analysis and Recovery

14. This category relates to asset analysis and recovery issues. During the Interim Period, the Firm, among other things, reviewed and analyzed valuation reports, and reviewed and analyzed asset issues.

          Fees: $795.00;    Hours: 0.80

### B. Asset Disposition

15. This category relates to the sale or other disposition of assets. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed a 2019 valuation report regarding BD LaPlace; (2) attended to issues regarding a notice of change form; (3) reviewed and analyzed Komatsu collateral recovery issues; (4) reviewed and analyzed an Entergy motion; (5) performed work regarding a letter to the purchaser of the Debtors' business records; (6) reviewed and analyzed issues regarding a letter of credit and performed work regarding a resolution of a dispute relating to the letter of credit; and (7) corresponded and conferred regarding asset disposition issues.

          Fees: $9,832.50;    Hours: 11.40

### C. Bankruptcy Litigation

16. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things:

(1) performed work regarding a settlement agreement and motion to approve settlement in the Rack Builders matter; (2) performed work regarding an Omnibus settlement procedures motion; (3) performed work regarding a notice of appearance; (4) performed work regarding Agenda Notices and Hearing Binders; (5) attended to issues regarding the KCC termination order; (6) reviewed and analyzed WARN Act issues; (7) performed work regarding a stipulation to extend the response deadline in WARN Act matter; (8) prepared for and attended a hearing on March 11, 2020; (9) reviewed and analyzed hearing transcripts; (10) reviewed and analyzed removal issues; (11) performed work regarding a removal deadline extension motion; (12) reviewed and analyzed issues regarding Pacific Foundry; (13) attended to scheduling issues; (14) reviewed and analyzed accounts receivable issues, and performed work regarding complaints; (15) reviewed and analyzed the Debtors' opposition to a motion to transfer venue; (16) reviewed and analyzed informal production from the Debtors; (17) monitored critical date issues; (18) reviewed and analyzed a WARN Act complaint; (19) performed work regarding orders; (20) performed research; (21) performed work regarding negotiations relating to WARN Act issues; (22) performed work regarding a stipulated dismissal of Debtor defendants from WARN Act adversary proceeding; (23) reviewed and analyzed a Bankruptcy Rule 2004 document request relating to WARN Act matter; (24) performed work regarding a settlement agreement with North Second Street; (25) performed work regarding a settlement agreement with Metal Traders; (26) performed work regarding a confidentiality agreement; (27) performed work regarding a Bankruptcy Rule 2004 motion relating to Steel of America; (28) performed work regarding Bankruptcy Rule 9019 settlement motions relating to O'Brien Steel and North

Second Street; (29) reviewed and analyzed settlement information regarding Klein Steel; (30) reviewed and analyzed settlement issues regarding the Triad matter; (31) reviewed and analyzed confidentiality issues regarding WARN Act related discovery; (32) performed work regarding a settlement agreement with Klein Steel; (33) performed work regarding a settlement agreement and Bankruptcy Rule 9019 motion in the Metal Traders matter; (34) reviewed and analyzed the Steel of America objection to Bankruptcy Rule 2004 motion; (35) performed work regarding a Bankruptcy Rule 2004 motion regarding Travelers; (36) reviewed and analyzed settlement issues regarding Infra; (37) performed work regarding a notice of withdrawal of Bankruptcy Rule 2004 motion relating to Steel of America; (38) reviewed and analyzed issues regarding the SPS matter; (39) performed work regarding a Bankruptcy Rule 2004 motion relating to Black Diamond Capital; (40) performed work regarding settlement issues in the Metals USA matter; (41) performed work relating to settlement agreements and Bankruptcy Rule 9019 motions regarding MUSA, Sugar Steel, Northern Illinois, Infra, and Louisiana Scrap Metal; (42) performed work regarding a Second removal period extension motion; (43) reviewed and analyzed recoupment issues; and (44) conferred and corresponded regarding bankruptcy litigation matters.

        Fees: $114,371.00;    Hours: 155.10

    **D.**    **Case Administration**

        17.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (1) prepared and distributed a daily memo narrative; (2) reviewed correspondence and pleadings and forwarded them to the

appropriate parties; (3) maintained a memorandum of critical dates; and (4) maintained document control.

                Fees: $16,760.00;    Hours: 44.20

### E. Claims Administration and Objections

18. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed the Pacific Foundry administrative claim motion; (2) reviewed and analyzed the Signal claim; (3) performed research; (4) attended to bar date notice issues; (5) reviewed and analyzed the Entergy administrative claim motion and claim; (6) performed work regarding a claim settlement agreement with O'Brien Steel; (7) reviewed and analyzed administrative claim bar date issues; (8) performed work regarding an administrative claim bar date motion; (9) reviewed and analyzed documents regarding the Entergy claim; (10) performed work regarding orders; (11) performed work regarding a motion to set Chapter 11 administrative bar date; (12) reviewed and analyzed a claims register; (13) performed work regarding the Trinity matter; (14) performed work regarding a stipulation to permit late claim filing for Transworks; (15) reviewed and analyzed the Pozzuto and JLE motions; (16) reviewed and analyzed Ameri100 claim issues; (17) reviewed and analyzed the Rexel administrative expense request; (18) responded to creditor inquiries; (19) reviewed and analyzed the Lhoist, Oracle, Davis and Candelwood motions; (20) maintained an administrative claim tracking chart; and (21) corresponded and conferred regarding claim issues.

                Fees: $23,737.50;    Hours: 32.30

### F.     Compensation of Professionals--Others

19.     This category relates to work regarding the compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding fee applications of chapter 11 professionals, and reviewed and analyzed fee applications; (2) performed work regarding a fee hearing binder; (3) performed work regarding an Omnibus fee order; (4) reviewed and analyzed issues regarding the Benesch proposed conflict waiver; and (5) corresponded and conferred regarding compensation issues.

Fees:  $10,895.00;     Hours:  14.10

### G.     Employee Benefits and Pensions

20.     This category relates to issues regarding employee benefits and pension plans, and other employee issues.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed pension plan valuation issues; (2) reviewed and analyzed pension plan documents; (3) reviewed and analyzed PBGC issues; (4) reviewed and analyzed sale documents regarding pension liability issues; (5) reviewed and analyzed issues regarding the PBGC termination of pension plans and regarding PBGC claims; (6) performed work regarding a stipulation with PBGC relating to the filing of consolidated claims, and reviewed and analyzed bar date issues; (7) reviewed and analyzed 401(k) plan issues and distribution of funds issues; (8) reviewed and analyzed audit issues; (9) performed work regarding an order approving PBGC stipulation; (10) reviewed and analyzed escheatment issues; and (11) corresponded and conferred regarding employee issues.

Fees:  $30,545.00;     Hours:  32.80

### H. Executory Contracts

21. This category relates to issues regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things, reviewed and analyzed lease extension deadline issues and a Second Omnibus rejection motion.

Fees: $192.50;    Hours: 0.30

### I. Financial Filings

22. This category relates to issues regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed the Debtors' final report and account; (2) reviewed and analyzed Schedules and Statements; (3) reviewed and analyzed issues regarding United States Trustee fees; and (4) reviewed and analyzed issues regarding K-1 filings.

Fees: $1,372.50;    Hours: 1.60

### J. Financing

23. This category relates to issues regarding financing and use of cash collateral. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed surcharge issues; (2) performed research; (3) reviewed and analyzed documents, including sale documents and a surcharge motion; and (4) corresponded and conferred regarding financing issues.

Fees: $11,550.00;    Hours: 13.70

### K. Insurance Coverage

24. This category relates to insurance coverage, and other insurance issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed insurance

policies; (2) reviewed and analyzed a Directors and Officers policy and claims issues; (3) reviewed and analyzed WARN Act issues; (4) performed work regarding a claim notice letter; and (5) corresponded and conferred regarding insurance issues.

      Fees: $10,982.50;  Hours: 10.80

### L.    Meeting of Creditors

25.   This category relates to meeting of creditors issues. During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding a Section 341 meeting of creditors, and prepared for and attended a Section 341 meeting of creditors on March 31, 2020.

      Fees: $9,127.50;  Hours: 11.00

### M.    Operations

26.   This category relates to operations issues. During the Interim Period, the Firm, among other things, performed work regarding utility and deposit issues.

      Fees: $990.00;  Hours: 1.30

### N.    Retention of Professionals

27.   This category relates to issues regarding retention of the Firm. During the Interim Period, the Firm, among other things, performed work regarding its retention application and order, and reviewed potential conflicts issues.

      Fees: $2,890.00;  Hours: 4.20

### O. Retention of Professionals--Others

28. This category relates to issues regarding retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding the MCT and KCR retention matters.

Fees: $3,430.00;    Hours: 4.80

### P. Stay Litigation

29. This category relates to the automatic stay and relief from stay motions. During the Interim Period, the Firm, among other things, performed work regarding the Darby relief from stay motion.

Fees: $3,165.00;    Hours: 3.90

### Valuation of Services

30. Attorneys and paraprofessionals of PSZ&J expended a total 342.30 hours in connection with their representation of the Chapter 7 Trustee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert B. Orgel | Partner 1986; Member of CA Bar since 1981 | $1,145.00 | 0.50 | $ 572.50 |
| Andrew W. Caine | Partner 1989; Member of CA Bar since 1983 | $1,095.00 | 12.80 | $ 14,016.00 |
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,050.00 | 25.20 | $ 26,460.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 19.90 | $ 20,397.50 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983; Member of CA Bar since 1990 | $1,025.00 | 7.70 | $ 7,892.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 2.70 | $ 2,565.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NJ and PA Bars since 2001; Member of DE Bar since 2010 | $ 825.00 | 33.80 | $ 27,885.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $ 750.00 | 158.10 | $118,575.00 |
| Steven W. Golden | Associate 2016; Member of NY and MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 0.90 | $ 562.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 45.00 | $ 19,125.00 |
| Mike A. Matteo | Paralegal 2001 | $ 395.00 | 2.00 | $ 790.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 350.00 | 5.20 | $ 1,820.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 0.60 | $ 210.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 350.00 | 20.60 | $ 7,210.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 3.50 | $ 1,225.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 350.00 | 3.80 | $ 1,330.00 |

**Grand Total:** $250,636.00
**Total Hours:** 342.30
**Blended Rate:** $732.21

31. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Chapter 7 Trustee during the Interim Period is $250,636.00.

32. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that, for the period March 2, 2020 through September 30, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $250,636.00 and actual and necessary expenses in the amount of $9,726.62 for a total allowance of $260,362.62; that payment of such allowed amounts be authorized on an interim basis; and for such other and further relief as this Court may deem just and proper.

Dated:  November 17, 2020            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:   bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*

## DECLARATION

STATE OF DELAWARE      :
                       :
COUNTY OF NEW CASTLE   :

      Bradford J. Sandler, after being duly sworn according to law, deposes and says:

    a)    I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

    b)    I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel for the Chapter 7 Trustee.  Capitalized terms used in this Declaration have the same meanings ascribed in the First Interim ("Non-Contingency") Application for Compensation and for Reimbursement of Expenses for the Period from March 2, 2020 through September 30, 2020 (the "Application").

    c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, and submit that the Application substantially complies with such rule.

                                                             */s/ Bradford J. Sandler*
                                                               Bradford J. Sandler