# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: March 9, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: March 18, 2021 at 11:00 a.m. (ET)** |

**FIRST OMNIBUS MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105, 363(b), and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreements (the "Settlement Agreements") between: (a) the Trustee and ProTrade Steel Company, Ltd. ("ProTrade"); and (b) the Trustee and Roll Tooling Specialists, Inc. ("Roll Tooling"). A copy of the ProTrade Settlement Agreement is attached to the proposed form of order as Exhibit 1, and a copy of the Roll Tooling Settlement Agreement is attached to the proposed form of order as Exhibit 2. In support of this Motion, the Trustee respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule bases for the relief sought herein are sections 105(a), 363(b), and 554 of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

4. On October 1, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On February 25, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 496], and George L. Miller was appointed as the chapter 7 trustee [Docket No. 497].

## Summary of Settlement Agreements[2]

### A. ProTrade

      6.    As set forth in the ProTrade Settlement Agreement, the primary terms are as follows:

    a.    ProTrade shall pay to the Trustee the total sum of $475,000.00 on or before February 28, 2021 (the "Settlement Payment"). The Settlement Amount shall be wired in accordance with instructions to be provided by the Trustee.

    b.    Effective on the Settlement Effective Date, ProTrade waives any and all claims that it could have filed under section 502(h) arising out of the Settlement Payment (the "Waived Claim"). Any claims filed by ProTrade prior to making the Settlement Payment are not waived and remain subject to the claims allowance process in the cases.

    c.    Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

    d.    Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers and the Waived Claim.

### B. Roll Tooling

      7.    As set forth in the Roll Tooling Settlement Agreement, the primary terms are as follows:

    a.    Roll Tooling shall pay to the Trustee the total sum of $16,000 on or before March 15, 2021 (the "Settlement Payment"). The Settlement Amount shall be wired in accordance with instructions to be provided by the Trustee.

    b.    Effective on the Settlement Effective Date, Roll Tooling waives any and all claims that it could have file in the cases of the Debtors under Bankruptcy Code section 502(h) arising out of the Settlement Payment (the "Waived Claim").

---

[2] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreements, the actual terms of the Settlement Agreements shall control.

      c.      Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

      d.      Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers and the Waived Claim.

      e.      The Trustee agrees to surrender and abandon any interest of the estates in certain material/tooling, which was hauled and stored by Roll Tooling for the Debtors and on which Roll Tooling asserts possessory and artisan and molders Tennessee state law liens (the "Tooling Product"), further described below.

### Relief Requested

8.      By this Motion, the Trustee seeks entry of an order approving the Settlement Agreements, which, as stated above, are attached as Exhibit 1 and Exhibit 2 to the proposed form of order.

### Basis for Relief Requested

**A.      Approval Pursuant to Bankruptcy Rule 9019**

9.      Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

4

Fed. R. Bankr. P. 9019(a).

    10. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

    11. In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

    12. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health*

*Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

13. The Trustee believes the Settlement Agreements are fair and reasonable and is in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019. It is the product of good-faith discussions and arms' length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreements are in the best interests of the Debtors' estates.

14. First, the Settlement Agreements resolve potential costly litigation over recovery of the 90 Day Transfers. The Settlement Agreements are favorable because the estates receive: (a) as to the ProTrade Settlement Agreement $475,000.00 in cash (of the $751,972 Disputed Amount – a 63% recovery) and the benefit of the Waived Claims; and (b) as to the Roll Tooling Settlement Agreement $16,000 in cash (of the $24,768 Disputed Amount – a 65% recovery), and agreement to abandon the Tooling Product which the Trustee believes has little to no value to the estates. The settlements also avoid any collection difficulties or delays if the Trustee were to file a complaint and litigate the 90 Day Transfers against each of ProTrade and Roll Tooling, the outcome of which is uncertain and could be delayed by any appeal even assuming a favorable result to the Trustee. In addition, the Settlement Agreements are in the best

interests of the estates because the estates receive immediate cash and avoid administrative costs in pursuing litigation against ProTrade and Roll Tooling.

        15.      Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

        16.      Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required. The Settlement Agreements provides for, among other terms, a resolution and waiver of potential claims by the Trustee against each of ProTrade and Roll Tooling. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval). For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

7

### B. Approval of Abandonment of Tooling Product Pursuant to Section 554

17. In addition, the Roll Tooling Settlement includes the Trustee's agreement to abandon the estates' interest in the Tooling Product, which the Trustee believe has little or no value for the estates. The Tooling Product consists of the following product current held by Roll Tooling:

*Bayou Steel, LA*
4) RD-227 (3", 4" Angle Drive Tops)
4) RD-217 (3", 4" Angle Drive Bottoms)
4) RD-240 (8" Channel Drive Tops)
4) RD-241 (8" Channel Drive Bottoms)
4) RD-215 (5", 6" Angle Idle Tops)
4) RD-214 (5", 6" Angle Idle Bottoms)

*Bayou Steel, TN*
8) 24" Blanks
4) #4 Bar Stand #16
2) #4 Bar Stand #13 Double
4) #5 Bar Stand #16
2) #6 Bar Stand #14
1) 1.00 x 1.00 Stand #13 Top
1) 1.00 x 1.00 Stand #13 Bottom
1) 1.00 x 1.00 Stand #14 Top Combo
1) 1.00 x 1.00 Stand #14 Bottom Combo
1) 1.00 x 1.00 Stand #14 Top LW
1) 1.00 x 1.00 Stand #14 Bottom LW
2) 1.00 x 1.00 Stand #15 Top
2) 1.00 x 1.00 Stand #15 Bottom
2) 1.25 x 1.25 Stand #12 Top
2) 1.25 x 1.25 Stand #12 Bottom
1) 1.25 x 1.25 Stand #13 Top Combo
1) 1.25 x 1.25 Stand #13 Bottom Combo
2) 1.25 x 1.25 Stand #15 Tops
2) 1.25 x 1.25 Stand #15 Bottoms
1) 1.50 x 1.50 Stand #12 Top
1) 1.50 x 1.50 Stand #12 Bottom
1) 2.00 x 2.00 Stand #13 Top
1) 2.00 x 2.00 Stand #13 Bottom
2) 2.00 x 2.00 Stand #14 Top
2) 2.00 x 2.00 Stand #14 Bottom
2) Large Entry Rollers **Blank** (#3,4,5).

18. Section 554 of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is

8

burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Moreover, the abandonment, destruction or other disposal of the Tooling Product is also governed by Bankruptcy Rule 6007, which reads, in pertinent part, as follows:

> **Notice of Proposed Abandonment or Disposition; Objections; Hearing.** Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to the other entities as the court may direct.

Fed.R. Bankr. P. 6007.

19. Courts have held that "[t]he trustee's power to abandon property is discretionary." *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citations omitted). A trustee may abandon estate assets that are of "inconsequential value and benefit to the estate" or that are "burdensome to the estate." *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985); *see In re Contract Research Solutions, Inc.*, 2013 Bankr. LEXIS 1784, at *11-12 (Bankr. D. Del. May 1, 2013) (granting request to abandon personal property at leased location that, according to the debtors, was of negligible commercial value, storing it created a burden on the estate, and abandonment would pose no threat to public safety and would not contravene any law or regulation). The decision to abandon must merely reflect "business judgment made in good faith" that rests on a reasonable basis. *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

20. "Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion." *Id.* "The party opposing the abandonment must show some likely benefit to the

9

estate, not mere speculation about possible scenarios in which there might be a benefit to the estate." *Id.* "The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority." *Id.*

21.     All of the conditions to abandonment are satisfied here.  The Trustee does not reasonably anticipate any prejudice to any party in interest if the Tooling Product is abandoned as part of settlement.  Roll Tooling asserts a warehouseman's lien on the Tooling Product and the Tooling Product has no value to the estates.  The Trustee has determined that abandoning the Roll Tooling makes the most economic sense and saves the estates from having to incur the unnecessary cost of litigating issues over possession or rights to the product or attempting to sell product that has little to no value.

22.     Among other things, Bankruptcy Rule 6007(a) requires that the Trustee serve a copy of this Motion, "[u]nless otherwise directed by the court" on "all creditors." Fed. R. Bank. Pro. 6007(a).  The Debtors' creditor matrix contains over 4,900 parties.  Accordingly, serving the Motion upon all such parties would be unnecessarily burdensome and costly.  The Trustee will serve a copy of this Motion and related documents on the parties in interest set forth below and, therefore, requests, to the extent required, a limited waiver of the service requirement set forth in Rule 6007.  The Trustee submits that the requested waiver is appropriate and will properly and timely effectuate notice to the real parties in interest.

## Notice

23.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) ProTrade; (c) Roll Tooling; (d) the Debtors' lenders; and (e) parties requesting

notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

        WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreements, enter the proposed order, and grant such other relief as is just and proper.

| | |
|---|---|
| Dated: February 23, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | P O Box 8705 |
| | Wilmington, DE  19899 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Facsimile:  (302) 652-4400 |
| | Email:    bsandler@pszjlaw.com |
| |         crobinson@pszjlaw.com |
| |         pkeane@pszjlaw.com |
| | |
| | Counsel to George L. Miller, Chapter 7 Trustee |

DOCS_DE:232750.2 57095/001