## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 9, 2021 at 4:00 p.m. (ET)** |
| | **Hearing Date: March 18, 2021 at 11:00 a.m. (ET)** |

## SECOND OMNIBUS MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS (REGARDING ACCOUNTS RECEIVABLE CLAIMS)

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this second omnibus motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreements (the "Settlement Agreements"), each as between the Trustee and Metals USA, Inc. ("MUSA"), Sugar Steel Corporation ("SSC"), Northern Illinois Steel Supply ("NISS") and Infra-Metals, Co. ("Infra") respectively, (each of the foregoing parties are collectively referred to herein as the "A/R Defendants," and together with the Trustee, the "Parties"). Copies of the Settlement Agreements are attached to the proposed form of order as Exhibits 1 to 4. In support of this Motion, the Trustee respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The Debtors' former location was: 138 Highway 3217, LaPlace, Louisiana 70068.

## Jurisdiction

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference from the United States District Court*

*for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule

9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by

the Court in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

2.        Venue of this proceeding and this Motion is proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The statutory and rule bases for the relief sought herein are sections 105(a)

and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

4.        On October 1, 2019 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The cases are being

jointly administered pursuant to Bankruptcy Rule 1015(b).

5.        On February 25, 2020, the Court entered an order converting the chapter

11 cases to chapter 7 [Docket No. 496], and George L. Miller was appointed as the chapter 7

trustee [Docket No. 497].

## Summary of Settlement Agreements[2]

6.      As set forth in the attached Settlement Agreements, the primary terms of

each of the Settlement Agreements are as follows:

## A.      Metals USA, Inc. ("MUSA")

a.      MUSA shall pay to the Trustee the total sum of $816,000.00 (the "Settlement Payment") within five (5) business days of entry of the Proposed Order.  The Settlement Amount shall be wired in accordance with instructions to be provided by the Trustee.

b.      Effective on the Settlement Effective Date, MUSA waives any and all claims that it filed or could have filed in the cases of the Debtors, including but not limited to any filed proof of claim or scheduled claim (the "Waived Claims"), and after the Settlement Effective Date the Trustee may mark the Waived Claims as expunged or satisfied on the official claims register.

c.      Effective on the Settlement Effective Date, the parties will provide mutual general releases.

## B.      Sugar Steel Corporation ("SSC")

a.      SSC shall pay to the Trustee the total sum of $450,000.00 (the "Settlement Payment") within five (5) business days of entry of the Proposed Order.  The Settlement Amount shall be wired in accordance with instructions to be provided by the Trustee.

b.      Effective on the Settlement Effective Date, SSC waives any and all claims that it filed or could have filed in the cases of the Debtors, including but not limited to any filed proof of claim or scheduled claim (the "Waived Claims"), and after the Settlement Effective Date the Trustee may mark the Waived Claims as expunged or satisfied on the official claims register.

c.      Effective on the Settlement Effective Date, the parties will provide mutual general releases.

## C.      Northern Illinois Steel Supply ("NISS")

d.      NISS shall pay to the Trustee the total sum of $13,665.40 (the "Settlement Payment") within five (5) business days of entry of the

---

[2] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms of the Settlement Agreements, the actual terms of the Settlement Agreements shall control.

3

Proposed Order.  The Settlement Amount shall be wired in accordance with instructions to be provided by the Trustee.

e.    Effective on the Settlement Effective Date, NISS waives any and all claims that it filed or could have filed in the cases of the Debtors, including but not limited to any filed proof of claim or scheduled claim (the "<u>Waived Claims</u>"), and after the Settlement Effective Date the Trustee may mark the Waived Claims as expunged or satisfied on the official claims register.

f.    Effective on the Settlement Effective Date, the parties will provide mutual general releases.

**D.    <u>Infra-Metals Co. ("Infra")</u>**

g.    Infra shall pay to the Trustee the total sum of $215,000.00 (the "<u>Settlement Payment</u>") within five (5) business days of entry of the Proposed Order.  The Settlement Amount shall be wired in accordance with instructions to be provided by the Trustee.

h.    Effective on the Settlement Effective Date, Infra waives any and all claims that it filed or could have filed in the cases of the Debtors, including but not limited to any filed proof of claim or scheduled claim (the "<u>Waived Claims</u>"), and after the Settlement Effective Date the Trustee may mark the Waived Claims as expunged or satisfied on the official claims register.

i.    Effective on the Settlement Effective Date, the parties will provide mutual general releases.

## Relief Requested

7.    By this Motion, the Trustee seeks entry of an order approving the Settlement Agreements, which, as stated above, are attached as <u>Exhibits 1 to 4</u> to the proposed form of order.

## Basis for Relief Requested

8.    Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies

4

that, while not expressly authorized by the Code, effect the result the Code was designed to

obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.*

*v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the

procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court
> may approve a compromise or settlement.  Notice shall be given to
> creditors, the United States trustee, the debtor, and indenture
> trustees as provided in Rule 2002 and to any other entity as the
> court may direct.

Fed. R. Bankr. P. 9019(a).

9.      Settlements in bankruptcy are favored as a means of minimizing litigation,

expediting the administration of the bankruptcy estate, and providing for the efficient resolution

of bankruptcy cases*. Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the

court may approve a compromise or settlement.  In deciding whether to approve a settlement

pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair,

reasonable, and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.,* 222 B.R.

243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the

sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa.

1986).

10.      In making this determination, the United States Court of Appeals for the

Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the

probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of

the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d)

the paramount interest of the creditors.  *Martin*, 91 F.3d at 393.  Courts generally defer to a

5

trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

11. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

12. The Trustee believes the Settlement Agreements are fair and reasonable and is in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019. The Settlement Agreements are a product of good-faith discussions and arms' length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreements are in the best interests of the Debtors' estates.

13. First, the Settlement Agreements resolve potential costly litigation over recovery of the Outstanding Accounts Receivable for each of the A/R Defendants. After exchange of information, the Trustee negotiated settlement amounts for each A/R Defendant that

6

he believes is fair and represents a significant recovery under the circumstances.  The Settlement Agreement are favorable because the estates receive the benefit of the Waived Claims for each of the A/R Defendants and recovery percentages that are significant compared to the demanded turnover amounts—the Trustee receives: (a) $816,000 of the $967,060.40 asserted against MUSA; (b) $450,000.00 of the $558,066.19 asserted against SSC; (c) $13,665.40 of the $14,329.35 asserted against NISS; and (d) $215,000.00 of the $274,949.51 asserted against Infra. The settlements also avoid any collection difficulties or delays if the Trustee were to file complaints and litigate the Outstanding Accounts Receivable against each of the A/R Defendants, the outcome of which would be uncertain and could be delayed by any appeal even assuming favorable results to the Trustee.  In addition, the Settlement Agreements are in the best interests of the estates because the estates receive immediate cash and avoids administrative costs in pursuing litigation against A/R Defendants.

14.    Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate.  *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").  Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153

7

(Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

15.     Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required.  The Settlement Agreements provide for, among other terms, a resolution and waiver of potential claims by the Trustee against the A/R Defendants.  *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval).  For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

## Notice

16.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the A/R Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

8

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreements, enter the proposed order, and grant such other relief as is just and proper.

Dated: February 23, 2021              PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

Counsel to George L. Miller, Chapter 7 Trustee

DOCS_DE:230648.3 57095/001