**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 691** |

**ORDER GRANTING FIRST OMNIBUS MOTION OF GEORGE L. MILLER,
CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS**

Upon consideration of the *First Omnibus Motion of George L. Miller, Chapter 7 Trustee, to Approve Settlement Agreements* (the "Motion")[2] of George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to approve the settlement agreements (the "Settlement Agreements") between: (a) the Trustee and ProTrade Steel Company, Ltd. ("ProTrade"); and (b) the Trustee and Roll Tooling Specialists, Inc. ("Roll Tooling"); and a copy of the ProTrade Settlement Agreement is attached to this Order as Exhibit 1, and a copy of the Roll Tooling Settlement Agreement is attached to this Order as Exhibit 2; the Court having reviewed the Motion and the Settlement Agreements and having considered the record with respect to the Motion; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution**,** (b) this is a core proceeding pursuant

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

2

to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full

compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement

Agreements (i) are the product of good faith, arms' length negotiations among the Parties,

without collusion, (ii) are fair, reasonable, appropriate and in the best interests of the Debtors'

estates and (iii) represent a sound exercise of the Trustee's business judgment and (e) each of the

Parties to the Settlement Agreements provided sufficient consideration for the transactions

contemplated by the Settlement Agreements; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; IT IS

HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The terms of the Settlement Agreements attached hereto as Exhibit 1 and

Exhibit 2 are APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the

Bankruptcy Code and Bankruptcy Rule 9019.

3.      The Trustee's abandonment of the Tooling Product is APPROVED

pursuant to section 554 of the Bankruptcy Code.

4.      The requirements of Rule 6007(a) of the Federal Rules of Bankruptcy

Procedure that the Motion be served upon "all creditors" is hereby waived, and service upon the

parties described in the Motion is found to be sufficient for the purposes of the relief requested in

the Motion.

5.      The Parties are hereby authorized to take such additional actions or

execute such additional documents as are necessary or appropriate to implement the terms of the

Settlement Agreements.

2

6.    Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

7.    The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreements or this Order.

**Dated: March 12th, 2021**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**