**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*, | Adv. Proc. No. 21-50239 (KBO) |
| Plaintiff, | |
| vs. | |
| SERVICE STEEL WAREHOUSE CO., LP, | |
| Defendant. | |

**Objection Deadline: May 4, 2021 at 4:00 p.m. (ET)**
**Hearing Date: May 26, 2021 at 11:00 a.m. (ET)**

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO**
**APPROVE SETTLEMENT AGREEMENT WITH**
**SERVICE STEEL WAREHOUSE COMPANY, LP**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-

captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for

entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105 and

363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement

agreement (the "Settlement Agreement") between the Trustee and Service Steel Warehouse

Company, LP ("SSW," and together with the Trustee, the "Parties"). A copy of the Settlement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

Agreement is attached to the proposed form of order as <u>Exhibit 1</u>.  In support of this Motion, the Trustee respectfully states as follows:

<b><u>Jurisdiction</u></b>

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.   Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

<b><u>Background</u></b>

4.   On October 1, 2019 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.   On February 25, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 496], and George L. Miller was appointed as the chapter 7 trustee [Docket No. 497].

2

6.  On March 8, 2021, the Trustee filed the above-captioned adversary

proceeding against SSW (the "Adversary Proceeding").

## Summary of Settlement Agreement[2]

7.  As set forth in the attached Settlement Agreement, the primary terms of

the Settlement Agreement are as follows:

a.  Upon execution of the Settlement Agreement, SSW shall pay to the Trustee the total sum of $372,596.00 on or before April 20, 2021 (the "Settlement Payment").  The Settlement Payment shall be wired in accordance with instructions to be provided by the Trustee.  Alternatively, SSW may choose to pay the Settlement Payment by check.

b.  Within seven days of the Settlement Effective Date, the Trustee shall file a notice of dismissal of the Adversary Proceeding with prejudice.

c.  Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees in connection with the Unpaid Amount, including any preference claims.

d.  Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees.

## Relief Requested

8.  By this Motion, the Trustee seeks entry of an order approving the

Settlement Agreement, which, as stated above, is attached as Exhibit 1 to the proposed form of

order.

## Basis for Relief Requested

9.  Section 105(a) of the Bankruptcy Code provides in relevant part that

"[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to

---

[2] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

10.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases.  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

11.     In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d)

4

the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

12. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

13. The Trustee believes the Settlement Agreement is fair and reasonable and is in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019. It is the product of good-faith discussions and arms' length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreement is in the best interests of the Debtors' estates.

14. First, the Settlement Agreement resolves potential costly litigation in the Adversary Proceeding. The Settlement Agreement is favorable because the estates receive

5

$372,596 in cash.  The settlement also avoids any collection difficulties or delays if the Trustee were to litigate the Adversary Proceeding on the merits, the outcome of which is uncertain and could be delayed by any appeal even assuming a favorable result to the Trustee.  In addition, the Settlement Agreement is in the best interests of the estates because the estates receive immediate cash and avoids administrative costs in pursuing litigation against SSW.

15.    Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate.  *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").  Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

16.    Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required.  The Settlement Agreement provides for, among other terms, a resolution and waiver of potential claims by the Trustee against SSW.  *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval).  For all the reasons set forth above, the Trustee, in an exercise

6

of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

## Notice

17.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) SSW; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the proposed order, and grant such other relief as is just and proper.

Dated: April 20, 2021                        PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

Counsel to George L. Miller, Chapter 7 Trustee

DOCS_DE:233908.1 57095/001