# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD<br>HOLDINGS, LLC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 19-12153 (KBO)<br>(Jointly Administered)<br><br>**Ref. Docket No. 757** |
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>BAYOU STEEL BD HOLDINGS, LLC;<br>BD LAPLACE, LLC;<br>TRINITY INDUSTRIES LEASING<br>COMPANY,<br><br>Defendants. | Adv. Proc. No. 21-50072 (KBO)<br><br><br><br><br><br>**Ref. Adv. Docket No. 20** |

## ORDER AUTHORIZING AND APPROVING
## THE STIPULATION BY AND BETWEEN THE TRUSTEE,
## TRINITY INDUSTRIES LEASING COMPANY, AND BANK OF AMERICA, N.A.

This matter coming before the Court on the *Motion of George L. Miller, as Chapter 7 Trustee, for Entry of an Order Authorizing and Approving the Stipulation by and Among (i) the Chapter 7 Trustee, (ii) Trinity Industries Leasing Company, and (iii) Bank of America, N. A. Providing for (a) Withdrawal of Trinity's Administrative Claim and Related Motion With Prejudice and (b) Dismissal of Adversary Complaint With Prejudice* (the "Motion"),[2] filed by the

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bayou Steel BD Holdings, LLC (1984), BD Bayou Steel Investment, L.L.C. (1222), and BD LaPlace, LLC (5783). The corporate headquarters address for all of the Debtors is 138 Highway 3217, La Place, LA 70068.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given to them in the Motion or the Stipulation, as applicable.

Trustee, for entry of an order (this "Order") authorizing and approving the stipulation (the "Stipulation"), a copy of which is attached hereto as **Exhibit 1**, by and between the Trustee, Trinity, and Bank of America regarding the Trinity Claims and the Adversary Proceeding; all as further described in the Motion; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.), (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b), (iv) venue of the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at the hearing on the Motion, if any; and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. The Parties are authorized to enter into the Stipulation.

3. The Stipulation, attached hereto as **Exhibit 1**, is hereby approved.

4. Trinity's Administrative Claim and the Administrative Expense Motion are hereby withdrawn with prejudice.

5. Bank of America is hereby (i) authorized to retain the Bank of America Fee Amount from the L/C Cash Collateral for its fees and expenses; (ii) authorized to remit the Trustee Amount

to the Trustee within three (3) business days following the entry of this Order; and (iii) authorized to remit the Trinity Amount to Trinity within three (3) business days following the entry of this Order.

6. Within three (3) business days of the entry of this Order, Bank of America shall file a notice of dismissal with prejudice of the Adversary Complaint. Upon filing of the notice of dismissal, the Adversary Complaint shall be dismissed with prejudice, and the Clerk of the Court is authorized to close Adversary Proceeding No. 21-50072 (KBO).

7. Neither this Order nor the Stipulation shall affect the Trinity Unsecured Claim or the allowance thereof, and the Trustee's rights with respect to the Trinity Unsecured Claim, including the right to object to the allowance or the amount of such claim, are expressly reserved.

8. The terms and provisions of this Order and the Stipulation shall be binding on the Trustee, the Debtors' estates, Trinity, Bank of America, and their respective successors and assigns.

9. Notwithstanding anything to the contrary therein, the Stipulation being approved by this Order shall not affect, alter, modify, or release any claims that the Parties may otherwise have individually against each other that are wholly unrelated to the facts and allegations related to the Adversary Complaint or to third parties.

10. To the extent that the Motion, this Order or the Stipulation are inconsistent, the terms of the Stipulation shall control.

11. The Parties are hereby authorized to take any steps as may be reasonably required or necessary in order to implement the Stipulation and the terms contained therein.

12. Notwithstanding any applicability of Bankruptcy Rule 4001, 7062, or 9014 or any other applicable rule or statute, the terms and conditions of this Order and the Stipulation, including the Releases granted thereby, shall be effective immediately upon the entry of this Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order and the Stipulation.

**Dated: May 17th, 2021**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**