# Exhibit 1

**(Stipulation)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD<br>HOLDINGS, LLC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 19-12153 (KBO)<br>(Jointly Administered) |
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>BAYOU STEEL BD HOLDINGS, LLC;<br>BD LAPLACE, LLC;<br>TRINITY INDUSTRIES LEASING<br>COMPANY,<br><br>Defendants. | Adv. Proc. No. 21-50072 (KBO) |

**STIPULATION BY AND AMONG (I) THE CHAPTER 7 TRUSTEE,
(II) TRINITY INDUSTRIES LEASING COMPANY, AND (III) BANK OF
AMERICA, N.A. PROVIDING FOR (A) WITHDRAWAL OF TRINITY'S
ADMINISTRATIVE CLAIM AND RELATED MOTION WITH PREJUDICE AND
<u>(B) DISMISSAL OF ADVERSARY COMPLAINT WITH PREJUDICE</u>**

George L. Miller, in his capacity as the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Bayou Steel BD Holdings, LLC ("**Bayou Steel**") and BD LaPlace, LLC ("**BD LaPlace**"), each a debtor and debtor in possession in the above-captioned jointly administered Chapter 7 bankruptcy cases (the "**Cases**"), Bank of America, N.A. ("**Bank of America**"), and Trinity Industries Leasing Company ("**Trinity**" and, together with the Trustee

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bayou Steel BD Holdings, LLC (1984), BD Bayou Steel Investment, L.L.C. (1222), and BD LaPlace, LLC (5783). The corporate headquarters address for all of the Debtors is 138 Highway 3217, La Place, LA 70068.

and Bank of America, the "**Parties**" and each, a "**Party**"), by and through their respective undersigned counsel, hereby stipulate (the "**Stipulation**") and agree as follows:

**WHEREAS**, on or about April 4, 2016, BD LaPlace, as borrower, and Bayou Steel and BD Bayou Steel Investment, LLC (collectively with BD LaPlace and Bayou Steel, the "**Debtors**"), as guarantors, entered into that certain *Loan and Security Agreement* (as amended, supplemented, or otherwise modified from time to time, the "**Credit Agreement**") with Bank of America in its capacity as administrative agent, lender and letter of credit issuer;

**WHEREAS**, on or about August 22, 2016, Trinity and Bayou Steel entered into that certain *Railroad Car Lease Agreement* (the "**Master Lease**"), by and between Trinity, as lessor, and Bayou Steel, as lessee;

**WHEREAS**, Trinity and Bayou Steel subsequently executed at least four (4) separate Riders to the Master Lease: (i) "Rider 1" on August 22, 2016; (ii) "Rider 2" on April 13, 2008; (iii) Rider 3 on May 1, 2018; and (iv) Rider 4 on June 19, 2018 (collectively, the "**Riders**" and together with the Master Lease, the "**Trinity Leases**");

**WHEREAS**, on or about May 21, 2018, Bank of America issued *Letter of Credit # 68141241* (the "**L/C**"), with an original expiration date of May 21, 2019, in the amount of $250,000.00, for the benefit of Trinity and for the account of Bayou Steel;

**WHEREAS**, on October 1, 2019 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, on or about December 5, 2019, the Debtors filed a motion seeking authority to reject, *inter alia*, Rider 1 and Rider 4 (together, the "**Rejected Railcar Leases**"; *see* Docket No. 283);

**WHEREAS**, on or about December 26, 2019, the Court entered an order authorizing the sale of substantially all of the Debtors' assets (the "**Sale**"; *see* Docket No. 371);

**WHEREAS**, as of the Petition Date, Bank of America had issued letters of credit for the account of various Debtors under the Credit Agreement in the face amount of $2.67 million (collectively, the "**Letters of Credit**") and had made loans to BD LaPlace, as borrower;

**WHEREAS**, the Debtors utilized proceeds of the Sale to, among other things, pay off all obligations under the Credit Agreement except for the outstanding Letters of Credit (the "**Payoff**");

**WHEREAS**, Bank of America retained cash collateral to secure the obligations under the Letters of Credit (the "**L/C Cash Collateral**");

**WHEREAS**, on or about January 8, 2020, Bank of America informed Trinity in writing that it had elected not to extend the L/C for an additional one-year period and asserted that the L/C would expire on May 21, 2020;

**WHEREAS**, on or about January 29, 2020, Bank of America issued a payoff letter, pursuant to which, upon termination or expiration of the Letters of Credit and reimbursement of all drawings under the Letters of Credit, the remaining L/C Cash Collateral, after payment of all fees, must be returned to BD LaPlace, as borrower, or its successor as designated by the Court;

**WHEREAS**, on or about February 25, 2020, the Court entered (i) an order converting the Cases to cases under Chapter 7 of the Bankruptcy Code order (*see* Docket No. 496) and (ii) an order (the "**Rejection Order**"; *see* Docket No. 493) approving the rejection of the Rejected Railcar Leases;

**WHEREAS**, on or about February 25, 2020, the Office of the United States Trustee for the District of Delaware appointed George L. Miller as the Chapter 7 Trustee for the Debtors' estates (the "**Trustee**"; *see* Docket No. 497);

**WHEREAS**, on or about March 24, 2020, Trinity filed a proof of claim against Bayou Steel, docketed in the claims register as Claim No. 21, pursuant to which Trinity asserted a general unsecured claim in the amount of at least $3,791,915.30 (the "**Trinity Unsecured Claim**"; *see* Claim No. 21-3, as amended on or about September 17, 2020);

**WHEREAS**, on or about May 12, 2020, Trinity made a request to Bank of America to draw on the L/C;

**WHEREAS**, on or about May 14, 2020, Bank of America issued a discrepancy notice to Trinity based on Trinity's purported failure to comply with the terms of the L/C;

**WHEREAS**, on or about May 21, 2020, the L/C purportedly expired pursuant to its terms;

**WHEREAS**, on or about September 10, 2020, Trinity filed a *Motion for Payment of Administrative Expenses* [Docket No. 650] (the "**Administrative Expense Motion**"), whereby it sought payment of storage fees related to the railcars leased to Bayou Steel under the Trinity Leases in the amount of $192,620.00;

**WHEREAS**, on or about September 11, 2020, Trinity filed a proof of administrative claim, docketed in the claims register as Claim No. 111, in the amount of $192,620.00 (the "**Administrative Claim**" and together with the Trinity Unsecured Claim, the "**Trinity Claims**");

**WHEREAS**, on or about January 29, 2021, Bank of America filed the *Complaint for Interpleader* [Adv. Docket No. 1] (the "**Adversary Complaint**"), thereby commencing Adversary Proceeding No. 21-50072 (KBO) (the "**Adversary Proceeding**") against Trinity, Bayou Steel, and BD LaPlace, whereby Bank of America sought interpleader for the L/C Cash Collateral and

requested the Court's assistance in determining the rights of Trinity and the Trustee with respect to the L/C Cash Collateral;

**WHEREAS**, as of the date of the filing of the Adversary Complaint, Bank of America held $279,332.69 of L/C Cash Collateral that it received in connection with the Payoff, after consideration of its incurred fees; and

**WHEREAS**, in connection with the drafting and filing of its Adversary Complaint and thereafter, Bank of America incurred additional fees relating to the L/C; and

**WHEREAS**, the Trustee, Trinity, and Bank of America have engaged in good faith, arm's-length negotiations with respect to issues pertaining to the Trinity Claims and the L/C Cash Collateral, and have agreed to this Stipulation in order to resolve these issues.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties that:

1. This Stipulation shall not become effective unless and until the Court has entered an order approving this Stipulation (the "**Approval Order**").

2. With respect to the L/C Cash Collateral held by Bank of America, (i) Bank of America may retain from the L/C Cash Collateral amounts sufficient to pay its reasonable legal fees and expenses incurred in connection therewith; (ii) the Trustee shall receive $42,500, and (iii) Trinity shall receive all remaining amounts of L/C Cash Collateral.

3. Within three (3) business days following the Court's entry of the Approval Order, Bank of America shall (i) file an a notice of dismissal with prejudice with the Court dismissing the Adversary Complaint with prejudice; (ii) provide to each of the Trustee and Trinity an accounting of all amounts of L/C Cash Collateral it intends to retain for payment of its reasonable fees and expenses related to the Adversary Proceeding or the L/C, as provided under the Credit Agreement;

and (iii) remit, by wire transfer of immediately available funds, (x) $42,500 to the Trustee (the "**Trustee Amount**") from the L/C Cash Collateral and (y) to Trinity all remaining amounts of the L/C Cash Collateral after deducting the payment amounts for Bank of America's reasonable legal fees and expenses incurred in connection therewith and the Trustee Amount.  Trinity and the Trustee shall provide Bank of America with their respective wire transfer instructions in writing as soon as practicable following execution of this Stipulation.  In the event that Trinity or the Trustee fail to timely provide Bank of America with their respective wire transfer instructions, Bank of America will not be responsible for and Trinity and the Trustee agree to hold Bank of America harmless for any delay in payment resulting therefrom.

4. Upon entry of the Approval Order, each of the Administrative Expense Motion and the Administrative Claim shall be deemed withdrawn with prejudice.

5. Neither the entry of the Approval Order nor this Stipulation shall affect the Trinity Unsecured Claim or the allowance thereof, and the Trustee's rights with respect to the Trinity Unsecured Claim, including the right to object to the allowance and amount of such claim, are expressly reserved.

6. Other than as provided in the Approval Order, this Stipulation, and any actions taken pursuant to such relief, nothing in the Approval Order or this Stipulation shall be deemed: (a) an admission, waiver, or finding in any dispute between the Parties, including, without limitation, any dispute as to the validity of any claim against the Debtors; (b) a waiver of the right of the Debtors or the Trustee to dispute any action or claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation; or (e) a waiver of any and all rights, claims and defenses of the Debtors, the Trustee or any of the other Parties under the Bankruptcy Code or any other

applicable law, at equity, or otherwise, including, without limitation, any and all rights, claims and defenses with respect to the termination, setoff, netting, or application of amounts.

7. Subject to and conditioned upon (i) timely receipt of the L/C Cash Collateral by each of the Trustee and Trinity pursuant to paragraph 3 hereto and (ii) entry of the Approval Order by the Court, and with the express exception of any claims regarding the rights and obligations set forth in this Stipulation, each Party, on behalf of themselves and on behalf of its respective divisions, parents, subsidiaries, affiliates, officers, directors, members, partners, shareholders, employees, heirs, assigns, trustees, beneficiaries, successors, agents, attorneys and representatives does hereby irrevocably and fully release, remise and forever discharge the other Parties (except as otherwise expressly provided in this Stipulation) (the "**Releases**") of and from any and all losses, demands, causes of action, damages and claims, whether in law, statute or in equity, whether previously asserted or otherwise, and whether known or unknown, present or contingent, fixed or unliquidated, which the Parties may now or hereafter have, own or claim to have against each other Party by reason of any act, conduct, fact or circumstance occurring prior and through execution of this Stipulation relating to, in connection with or arising under or out of any and all claims and defenses that were or could have been asserted in the Cases or the Adversary Proceeding, and any and all claims related to the Credit Agreement, the L/C, the L/C Cash Collateral, the Trinity Leases, and all other documents related to the foregoing or to any transactions thereunder (hereinafter, the claims released in this sentence shall be referred to as the "**Released Claims**"). The Parties agree that this Stipulation may be treated as a complete defense to any action or proceeding that may be brought, instituted or taken by any Party or Parties on the Released Claims and shall forever be a complete bar to the commencement or prosecution of any action or proceeding by any Party or Parties against any other Party or Parties hereto for any damages, costs or attorneys' fees arising

from or connected with the Released Claims. The Parties represent and warrant to each other Party that they have not assigned or otherwise transferred any of the Released Claims to any individual, firm, corporation, or other legal entity. Each Party hereby absolutely, unconditionally and irrevocably covenants and agrees with and in favor of each other Party hereto that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any other Party or Parties on the basis of any Released Claim released, remised and discharged by any Party pursuant to this Stipulation. If any Party violates the foregoing covenant, each such Party, for itself and its successors and assigns, and its present and former members, managers, shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents, legal representatives and other representatives, agrees to pay, in addition to such other damages as any other Party or Parties may sustain as a result of such violation, all attorneys' fees and costs incurred by any other Party or Parties as a result of such violation.

8. Notwithstanding any other provisions of this Stipulation or the Approval Order, nothing herein shall release, waive, discharge or otherwise impair any Party's (i) right to enforce its claims or rights hereunder or (ii) duty to perform its obligations hereunder.

9. The terms and provisions of the Stipulation shall be binding on the Trustee, the Debtors' estates, Trinity, Bank of America, and their respective successors and assigns.

10. This Stipulation constitutes the entire agreement by and between the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, both written and oral, between the Parties and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

11. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment, or

vacation, in whole or in part, shall be subject to the Court's approval.

12. This Stipulation shall be construed and interpreted in accordance with the internal laws of the State of Delaware, without regard to the choice of law principles of the State of Delaware. The Parties acknowledge that this Stipulation has not been drafted by any one Party or that Party's attorney. The Parties further represent that this Stipulation represents the collaborative drafting efforts of all Parties through their respective attorneys. Accordingly, no Party will be entitled to have any language contained in this Stipulation construed against another.

13. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

14. This Stipulation may be executed in any number of counterparts, each of which when so executed shall be deemed an original, but all of which together shall be deemed to constitute the same document. A signed copy of this Stipulation delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Stipulation. The Parties hereby consent to the execution of this Stipulation by portable document format (pdf) or "electronic signature," as that term is used in either the Uniform Electronic Transactions Act, the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7006(5), or any similar law.

15. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

16. The Bankruptcy Court shall have sole and exclusive jurisdiction over the enforcement of the terms of this Stipulation, as well as with respect to all matters arising from or related to the implementation or interpretation of this Stipulation, and the Parties hereby consent

to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware.

[*Signature Page Follows*]

STIPULATED and AGREED TO this 16 th day of April 2021.

| | |
|---|---|
| **TRINITY INDUSTRIES LEASING COMPANY**<br><br>By: /s/ Jason D. Angelo<br>    Jason D. Angelo (No. 6009)<br>    REED SMITH LLP<br>    1201 North Market Street, Suite 1500<br>    Wilmington, Delaware 19801<br>    Telephone: (302) 778-7500<br>    Facsimile: (302) 778-7575<br>    E-mail: jangelo@reedsmith.com<br><br>*Counsel to Trinity Industries Leasing Company* | **GEORGE L. MILLER, SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF BAYOU STEEL BD HOLDINGS, LLC AND BD LAPLACE, LLC**<br><br>By: /s/ George L. Miller<br>    George L. Miller |

**BANK OF AMERICA, N.A.**

By: _____
    Mark D. Collins (No. 2981)
    Robert Charles Maddox (No. 5356)
    David T. Queroli (No. 6318)
    RICHARDS, LAYTON & FINGER, P.A.
    920 North King Street
    Wilmington, Delaware 19801
    Telephone: (302) 651-7700
    Facsimile: (302) 651-7701
    E-mail: collins@rlf.com
             maddox@rlf.com
             queroli@rlf.com

*Attorneys for Bank of America, N.A.*

**STIPULATED and AGREED TO** this 16th day of April 2021.

**TRINITY INDUSTRIES LEASING COMPANY**

By: _____
Jason D. Angelo (No. 6009)
REED SMITH LLP
1201 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: jangelo@reedsmith.com

*Counsel to Trinity Industries Leasing Company*

**BANK OF AMERICA, N.A.**

By: /s/ C. Maddox
Mark D. Collins (No. 2981)
Robert Charles Maddox (No. 5356)
David T. Queroli (No. 6318)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
E-mail: collins@rlf.com
maddox@rlf.com
queroli@rlf.com

*Attorneys for Bank of America, N.A.*

**GEORGE L. MILLER,
AS CHAPTER 7 TRUSTEE**

By: _____
Bradford J. Sandler (No. 4142)
Colin R. Robinson (No. 5524)
Peter J. Keane (No. 5503)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: pkeane@pszjlaw.com
crobinson@pszjlaw.com
bsandler@psjzlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Estates of Bayou Steel BD Holdings, LLC and BD LaPlace, LLC*