# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et. al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT OF DEFENSE COSTS AND OTHER LOSSES UNDER DIRECTORS AND OFFICERS INSURANCE POLICY**

Upon the motion (the "<u>Motion</u>")[2] of Rob Archambault, Terrence Taft, and Robert Unfried (collectively, the "<u>Movants</u>") for entry of an order (a) confirming that the proceeds payable to Movants under the Policy are not property of the Debtors' estates subject to the automatic stay under 11 U.S.C. § 362(a); or (b) granting relief from or modifying the automatic stay under 11 U.S.C. § 362(d)(1), to the extent that it may be applicable, to allow Chubb to make payments or advancements of defense costs or other losses to Movants, consistent with the terms and conditions of the Policy; and it appearing that due and sufficient notice of the Motion has been given; and no other or further notice need be provided; and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that

1. The Motion is granted as set forth herein.

2. The automatic stay imposed under section 362(a) of the Bankruptcy Code does

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bayou Steel BD Holdings, L.L.C. (1984), BD Bayou Steel Investment, LLC (1222), and BD LaPlace, LLC (5783).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

15005068

not apply, or, to the extent it does apply, it is lifted and modified to allow Chubb to make payments or advancements in accordance with the terms and conditions of the Policy.

3. Any payment or advancement made by Chubb under the Policy shall not be considered property of the Debtors' estates.

4. The automatic stay imposed under section 362(a) of the Bankruptcy Code shall not subject Chubb to liability for advancing any payment in connection with past, present, and/or future defense costs and other losses incurred by any Movant with respect to the Trustee Lawsuit or any other action or Claim covered by the Policy, subject to Chubb's reservation of rights.

5. Nothing in this Order modifies the terms and conditions of the Policy, including, but not limited to, the payment of priority provisions. All parties shall reserve their rights under the Policy.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.