# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,<br><br>                      Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: June 28, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: August 11, 2022 at 9:30 a.m. (ET)** |

### MOTION OF SHARED MANAGEMENT RESOURCES, LTD. AND CHARLES S. DEUTCHMAN FOR AN ORDER GRANTING ALLOWANCE OF CHAPTER 7 ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(a), 503(b)(1)(A) AND 105(a)

Shared Management Resources, Ltd. and Charles S. Deutchman (together, "SMR"), by and through undersigned counsel, file this motion (the "Motion"), pursuant to sections 503(a), 503(b)(1)(A), and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, granting SMR an allowed chapter 7 administrative expense claim. In support of the Motion, SMR respectfully states as follows:

### JURISDICTION, VENUE & STATUTORY BASIS

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This Motion is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (B).[1]

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested in this Motion is sections 503(a), 503(b)(1)(A), and 105(a) of the Bankruptcy Code.

---

[1] Pursuant to Local Rule 9013-1(f), SMR hereby confirms its consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

4.On October 1, 2019 (the "Petition Date"), the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.On October 30, 2019, the Debtors filed the *Motion of the Debtors to Retain Shared Management Resources, Ltd. and Designate Charles S. Deutchman as Chief Restructuring Officer Pursuant to 11 U.S.C. §§ 105(a) and 363(b), Nunc Pro Tunc to October 19, 2019* [Docket No. 150].

6.On December 2, 2019, the Court entered an *Order Authorizing the Debtors to Retain Shared Management Resources, Ltd. and Designate Charles S. Deutchman as Chief Restructuring Officer Pursuant to 11 U.S.C. §§ 105(a) and 363(b), Nunc Pro Tunc to October 19, 2019* [Docket No. 150] (the "Retention Order"), authorizing the Debtors to retain SMR and designating Charles Deutchman as Chief Restructuring Officer, effective *nunc pro tunc* as of October 19, 2019, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code. SMR was not retained as a professional pursuant to section 327 of the Bankruptcy Code.

7.In accordance with the Retention Order, SMR filed Monthly Staffing Reports in the chapter 11 cases [Docket Nos. 289, 395, 466, 467 and 529].

8.During the chapter 11 proceedings, SMR served as plan administrator of the Debtors' pension and 401(k) plans.

9.On February 25, 2020, the Court entered an *Order Granting Motions of the Official Committee of Unsecured Creditors and Black Diamond Commercial Finance, L.L.C. Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [Docket No. 496], converting the Debtors' chapter 11 cases to cases under chapter 7 of the

Bankruptcy Code. That same day, George L. Miller (the "Chapter 7 Trustee") was appointed as Chapter 7 Trustee.

10. On September 10, 2020, SMR filed a *Request of Shared Management Resources, Ltd. for Allowance of Administrative Claim to the Extent Necessary* [Docket No. 645], seeking the allowance of a chapter 11 administrative expense claim in the amount of $65,370 for restructuring advisory services rendered to the Debtors during the chapter 11 proceedings.

11. Upon conversion of these cases to chapter 7, the Chapter 7 Trustee replaced SMR as the administrator over the Debtors' pension and 401(k) plans. *See* 11 U.S.C. § 704(a)(11) (stating that a chapter 7 trustee shall, "if, at the time of the commencement of the case, the debtor (or any entity designated by the debtor) served as the administrator (as defined in section 3 of the Employee Retirement Income Security Act of 1974) of an employee benefit plan, continue to perform the obligations required of the administrator).

12. Notwithstanding the Chapter 7 Trustee's statutory duty to serve as the plan administrator of the Debtors' pension and 401(k) plans, the Chapter 7 Trustee requested that SMR resume its role as plan administrator of the Debtors' pension and 401(k) plans and facilitate the transfer of the two pension plans to the Pension Benefit Guaranty Corporation ("PBGC") as well as the administrative winddown of the 401(k) plan.

13. Upon agreeing to take back the functions of plan administrator of the Debtors' pension and 401(k) plans, SMR commenced an approximate two-year project transferring the plans to the PBGC or winding them down, with the expectation that it would be compensated for its efforts. For SMR to have had any expectation other than to be paid by the Chapter 7 Trustee is totally unreasonable. The Chapter 7 Trustee led SMR to believe that it would be paid, instructing SMR in the first instance to "file a claim," for its fees with the Court. Then, after nearly a year of

work, the Chapter 7 Trustee attempted to shift the responsibility for payment to the PBGC, notwithstanding the PBGC's limitation on paying the fees of accountants and actuaries only, and not plan administrators.

14. At the Chapter 7 Trustee's request, on or about February 24, 2021, SMR submitted an invoice to the PBGC in connection with SMR's role as plan administrator during the post-termination period, effective December 31, 2019, through the preparation and filing with the Department of Labor of the Form 5500 for the respective plans. On October 28, 2021, the PBGC denied SMR's request for payment of its fees stating, in pertinent part,

> In accordance with ERISA, PBGC will pay only for reasonable expenses that were incurred in the administration of the Plan. With respect to expenses that were incurred after the date of Trusteeship, PBGC will pay only for reasonable expense incurred while winding up the affairs of the Plan. This includes expenses that are necessary to: administer the Plan during the transition to active trusteeship; safeguard the value of the Plan's assets; enforce agreements between the plan administrator and a third party; liquidate and close the Plan's trust account and transfer its assets to the PBGC; and submit Plan records and participant data to PBGC.
>
> PBGC will not pay for expenses that were incurred in connection with the performance of settlor functions. Expenses incurred in connection with the performance of settlor functions are not considered reasonable plan expenses as they are incurred for the benefit of the employer and involve services for which an employer could reasonably be expected to bear the cost in the normal course of its business or operations. Settlor functions are discretionary activities that relate to the establishment, design, and termination of plans and are generally not fiduciary activities subject to Title I of ERISA

15. When the PBGC denied SMR's request for payment of its fees, the Chapter 7 Trustee then complained about certain of SMR's time entries, claiming that he (the Chapter 7 Trustee) could have completed the respective tasks in less time. Then, to add salt to the wound, and try to diminish the efforts of SMR, the Chapter 7 Trustee stated in an email, "I presumed you understood the English language and would not have such difficulty reading. Since your costs are so high you [sic] overhead should bear the costs to file your fee application." Efforts to

4

resolve SMR's chapter 7 administrative expense claim proved unsuccessful, resulting in the instant filing. Attached hereto as **Exhibit B** is a sampling of emails evidencing instances in which the Chapter 7 Trustee or his agents either asked SMR to do work or they were fully aware of SMR's efforts and allowed them to continue. SMR provided services to the Chapter 7 Trustee, which the Chapter 7 Trustee requested and benefited from, with the expectation that SMR would be compensated. Just as the Chapter 7 Trustee's professionals have been compensated for services related to the Debtors' pension and 401(k) plans, so too should SMR.

## RELIEF REQUESTED

16. By this Motion, SMR seeks, pursuant to sections 503(a), 503(b)(1)(A), and 105(a) of the Bankruptcy Code, entry of the proposed order attached hereto as **Exhibit A**, granting SMR an allowed chapter 7 administrative expense claim in the amount of $33,016 for unpaid services rendered to the Chapter 7 Trustee during the administration of the chapter 7 cases, which tasks the Chapter 7 Trustee had a statutory duty to undertake himself.

## BASIS FOR RELIEF REQUESTED

17. Section 503 of the Bankruptcy Code provides that after notice and a hearing, there shall be allowed administrative expenses, including the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Envtl. Energy, Inc.* (*In re O'Brien Envtl. Energy, Inc.*), 181 F.3d 527, 533 (3d Cir. 1999); *Matter of H.L.S. Energy Co.*, 151 F.3d 434, 437 (5th Cir. 1998) ("The 'benefit' requirement has no independent basis in the Code, however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate"); *see also* 4 COLLIER ON BANKRUPTCY ¶ 503.06[1] (Richard Levin & Henry J. Sommer eds., 16th ed.). "To

be eligible for administrative expense priority, a post-petition transaction need not involve the exchange of money or formation of a contract. . . Indeed, a claimant's performance of a pre-petition contract, and a debtor's acceptance of that performance, can establish a post-petition transaction." *In re Goody's Family Clothing, Inc.*, 401 B.R. 656, 671 (D. Del. 2009) *aff'd sub nom.* 610 F.3d 812 (3d Cir. 2010). Thus, the term "benefit" "is not restricted to goods or services that lead to a direct economic enhancement of the estate" but can also cover less concrete benefits such the ability to continue to conduct business as usual. *See In re Texas Pellets, Inc.*, 2017 WL 6508974, at *2 (Bankr. E.D.Tex. Dec. 19, 2017) (citing *Matter of H.L.S. Energy*, 151 F.3d at 438); *see also Matter of TransAm. Natural Gas Corp.*, 978 F.2d 1409, 1420 (5th Cir. 1992) (allowing administrative expense claim where debtor received "other less readily calculable benefits, such as the ability to continue to conduct business as usual") (internal citation omitted).

18.     Determining whether a creditor has an administrative claim is a two-prong test. First, the claimant must show either that the debtor incurred the transaction on which the claim is based, or that the claimant furnished the consideration to the debtor. Second, it must show that the transaction resulted in a direct benefit to the estate. *In re Harnischfeger Indus., Inc.,* 293 B.R. 650, 659 (Bankr. D. Del. 2003); *see also In re O'Brien Envtl. Energy, Inc.,* 181 F.3d at 532-33.

19.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

20. As evidenced by the emails between SMR and the Chapter 7 Trustee attached hereto as **Exhibit B** and the invoices submitted by SMR to the Chapter 7 Trustee and attached hereto as **Exhibit C**, the Chapter 7 Trustee or his agents either asked SMR to perform certain services, or knew SMR was performing such services, allowed them to continue, and reaped the benefit of such services, all to SMR's detriment. The amounts due and owing to SMR are actual and necessary costs and expenses of administering the chapter 7 estates. Accordingly, SMR is entitled to the allowance of a chapter 7 administrative expense claim in the amount of $33,016 for its "actual" and "necessary" post-petition services rendered to the Chapter 7 Trustee and the Chapter 7 estates that he is administering.

## NOTICE

21. Notice of the Motion has been given to: (i) the Chapter 7 Trustee and his counsel; (ii) the U.S. Trustee; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002. SMR submits that, under the circumstances, no further notice is required.

## NO PRIOR REQUEST

22. No prior request for allowance of an administrative claim has been made by SMR.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Shared Management Resources, Ltd. and Charles S. Deutchman respectfully request that the Court enter an order substantially in the form annexed hereto as **Exhibit A**, (i) granting SMR an allowed chapter 7 administrative expense claim in the amount of $33,016, and (ii) granting such other and further relief as may be just and proper.

Dated: June 14, 2022
       Wilmington, Delaware

                                Respectfully submitted,

                                WHITEFORD TAYLOR & PRESTON, LLC

                                */s/ Stephen B. Gerald*
                                Stephen B. Gerald (Bar No. 5857)
                                600 North King Street, Suite 300
                                Wilmington, Delaware 19801-3700
                                Telephone:  (302) 357-3282
                                Facsimile:  (302) 357-3272
                                Email:  sgerald@wtplaw.com

                                *Attorneys for Shared Management Resources, Ltd.*
                                *and Charles S. Deutchman*