**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: Sept. 27, 2023, at 4:00 p.m. (ET)**<br>**Hearing Date: Oct. 4, 2023, at 3:00 p.m. (ET)** |

**EIGHTH MOTION OF CHAPTER 7 TRUSTEE, GEORGE L. MILLER,
FOR ORDER FURTHER EXTENDING THE PERIOD WITHIN
WHICH TRUSTEE MAY REMOVE ACTIONS PURSUANT TO
28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby moves this Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, further extending the period within which the Trustee may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by an additional 182 days from September 25, 2023 through and including March 25, 2024. In support of this Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2)(A), (M), and (O). The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

DOCS_DE:244789.1 57095/001

order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 ("Section 1452") and Rules 9027 and 9006 of the Bankruptcy Rules.

**General Background**

3. On October 1, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On February 25, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 496], and George L. Miller was appointed as the chapter 7 trustee [Docket No. 497].

5. On December 30, 2019, the Debtors filed a motion seeking to extend the deadline to remove actions [Docket No. 376]. On January 16, 2020, the Court granted the request and entered an order extended the deadline to remove actions through and including March 30, 2020 [Docket No. 410].

6. The Trustee has filed seven previous motions to extend the deadline to remove actions, each of which has been granted without prejudice to requests for further extensions. *See* Docket Nos. 551, 658, 737, 793, 833, 859, and 878.

7. The Trustee expects to continue to use the chapter 7 process to carry on the orderly liquidation of the Debtors' assets, the review and fixing of claims asserted against the Debtors, and distribution to creditors in accordance with the priorities of the Bankruptcy Code.

**Relief Requested**

8. By way of this Motion, the Trustee requests the entry of an order, pursuant to Rule 9006(b) of the Bankruptcy Rules, extending the time by which he may file notices of removal with respect to civil actions pending as of the Petition Date for one hundred eighty two (182) days, from the current September 25, 2023 deadline through, and including March 25, 2024 (the "Pre-Petition Removal Deadline").[2] Furthermore, the Trustee requests the entry of an order extending the time by which he may file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) March 25, 2024, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (*i.e.*, the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline").

9. The Trustee requests that the Pre-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(2)(A), (B), and (C) and that the Post-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(3) (collectively, the "Actions"). This Motion is without prejudice to the Trustee's right to seek further extensions of either or both of the Pre-Petition Removal Deadline and the Post-Petition Removal Deadline.

**Basis for Relief**

10. Section 1452 and Rule 9027 of the Bankruptcy Rules govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's

---

[2] Pursuant to Del. Bankr. LR 9006-2, the filing of this Motion prior to the current removal deadline shall serve to automatically extend the current removal deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2.

3

> police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).  Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

11.     Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(l).

12.     It is well-settled that the Court is authorized to enlarge the deadline to remove pending actions.  *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of

4

the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000); (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

13. The Trustee believes that it is prudent to seek an extension of the time period to file notices of removal in order to protect the Trustee's right to remove the Actions. Since the most recent extension order, the Trustee has focused his efforts upon, among other things, securing the assets of the estates, investigating litigation and other sources of recovery for the Debtors' estates, continuing to litigate accounts receivable and avoidance action claims of the estates and pursuing recoveries of such actions, and continuing to litigate the Trustee's complaint against Black Diamond Capital Management, L.L.C. and others in the adversary proceeding captioned *Miller v. Black Diamond Capital Management, L.L.C.*, et al., Adv. Pro. No. 21-51013 (KBO). This process is ongoing, and no fulsome review of the Actions has been attempted or completed at this time.

14. The extension of time for removing Actions sought in this Motion will afford the Trustee the opportunity necessary to make fully-informed decisions concerning removal of any Actions and will assure that the Trustee does not forfeit valuable rights under Section 1452. Further, the rights of the Debtors' adversaries will not be prejudiced by such an extension because

any party to an Action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

15. The Trustee submits that his request to extend the deadline for removing the Actions is reasonable and practical in light of the present posture of the chapter 7 cases. Accordingly, the Trustee respectfully submits that the relief sought is in the best interest of the Debtors and their estates and creditors.

16. Courts in this district have regularly granted similar relief in other chapter 7 and chapter 11 cases. *See, e.g.*, *In re Evergreen International Aviation, Inc.*, Case No. 13-13364 (MFW) (Bankr. D. Del. Sept. 15, 2022) (chapter 7) (granting eighteenth extension of approximately 180 days without prejudice to trustee's ability to seek additional extensions); *In re PES Administrative Services, LLC*, Case No. 19-11629 (LSS) (Bankr. D. Del. Aug. 19. 2022) (chapter 11) (granting further extension of approximately 90 days without prejudice to debtors' ability to seek additional extensions); *In re Heritage Home Group, LLC*, Case No. 18-11736 (BLS) (Bankr. D. Del. Nov. 14, 2019) (chapter 7) (granting second 181-day extension without prejudice to trustee's ability to seek additional extensions).  The 182-day extension requested herein is consistent with the extensions granted by courts in this district under similar circumstances. Accordingly, the Trustee's requested extension is reasonable.

**Notice**

17.     Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Prepetition Agent; (c) counsel to the Subordinated Term Loan Agent; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

18.     No previous request for the specific relief set forth herein has been made to this or any other Court except as described above in connection with the previous requests for extension to time to remove the Actions, which have been previously granted without prejudice to further requests.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) extending the period within which the Trustee may remove actions initiated prior to the Petition Date through and including March 25, 2024; (b) extending the period within which the Trustee may remove actions initiated after the Petition Date to the later of (i) March 25, 2024, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B); (c) granting such order without prejudice to the Trustee's right to seek further extensions of the applicable deadline; and (d) granting such other relief as the Court deems just and proper.

Dated:  September 14, 2023                                  PACHULSKI STANG ZIEHL & JONES LLP

 /s/ Peter J. Keane
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  bsandler@pszjlaw.com
             crobinson@pszjlaw.com
             pkeane@pszjlaw.com

*Counsel for George L. Miller, Chapter 7 Trustee*